**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHERVON (HK) LIMITED,<br>CHERVON NORTH AMERICA INC., | )<br>)<br>) | |
| *Plaintiffs*, | )<br>) | Civil Action No.: |
| v. | )<br>) | Jury Trial Demanded |
| ONE WORLD TECHNOLOGIES, INC.,<br>TECHTRONIC INDUSTRIES CO.<br>LTD., | )<br>)<br>)<br>) | |
| *Defendants*. | )<br>) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Chervon (HK) Limited and Chervon North America Inc. (collectively "Plaintiffs" or "Chervon"), by their undersigned counsel, and for their Complaint against Defendants One World Technologies, Inc. and Techtronic Industries Co. Ltd. (collectively, "Defendants") hereby allege as follows:

## SUMMARY OF NATURE OF ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Plaintiffs assert infringement of six patents relating to lawn mower technology embodied by their EGO brand of lawn mowers, including but not limited to the EGO Power+ Mower Model No. LM2100SP.

## PARTIES

2.      Plaintiff Chervon (HK) Limited ("Chervon HK") is a Hong Kong company having a place of business at Room 803B, 8/F Allied Kajima Building, 138 Gloucester Road, Wan Chai, Hong Kong.

3.      Plaintiff Chervon North America Inc. ("Chervon NA") is a corporation organized under the laws of the State of Delaware with its principal place of business at 1203 East Warrenville Road, Naperville, Illinois 60563.

4.      On information and belief, Defendant One World Technologies, Inc. ("One World") is a corporation organized under the laws of the State of Delaware with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina 29625.

5.      On information and belief, Defendant Techtronic Industries Co. Ltd. ("TTI") is a Hong Kong corporation with its principal place of business located at 24/F CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong.

6.      Defendants make, sell, offer for sale in the United States, and/or import into the United States, lawn mowers under the brand name Ryobi.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendants because Defendants engage in business within this District, Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 in this District, and Defendants have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are shipped into, sold, and/or used in this District.  These acts have caused injury to Plaintiffs within this District and continue to cause injury to Plaintiffs within this District. Defendants derive substantial revenue from the sale of infringing products distributed within this District.  Defendants expect or should reasonably expect their actions to have consequences within this District and Defendants derive substantial revenue from interstate commerce.

9.      As to One World, venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, One World resides in this district through its incorporation in this District and has committed acts of infringement in this District.

10.     As to TTI, venue is proper in this district under 28 U.S.C. § 1391 because TTI is a foreign corporation and thus may be sued in any judicial district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,060,463

11.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

12.     Plaintiff Chervon HK is the owner of all rights and interests in U.S. Patent No. 9,060,463, entitled "Lawnmower with Operation Protection and Safety Switch Mechanism Thereof" ("the '463 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on June 23, 2015.  A true and correct copy of the '463 patent is attached as **Exhibit A** and made a part hereof.

13.     Plaintiff Chervon NA is an exclusive licensee of the '463 patent with a right to enforce the patent.

14.     The '463 patent lists Toshinari Yamaoka, Fangjie Nie, Haishen Xu, and Xiandian Shao as inventors.

15.     Plaintiffs have complied with the statutory marking requirements of 35 U.S.C. § 287 and have marked their commercial embodiments of the '463 patent since 2016.

16.     Defendants have at no time been licensed under the '463 patent.

17.     Defendants have infringed and continue to infringe one or more claims of the '463 patent, literally and/or under the doctrine of equivalents, by their manufacture, use, sale, importation, and/or offer for sale of certain lawn mowers that embody one or more claims of the

'463 patent, including but not limited to the following lawn mower products:  RY40108; RY40109; RY40LM03; RY40LM10-Y.

      18.     By way of example, Claim 1 of the '463 patent recites as follows:

A slide-triggered safety switch mechanism, comprising:
> an inner pipe and a pipe sleeve capable of movement relative to each other wherein the inner pipe is equipped with a safety shift structure; and
> a safety switch assembly mounted inside the pipe sleeve wherein the safety switch assembly comprises a safety switch and a trigger assembly configured to trigger the safety switch when the safety shift structure of the inner pipe is moved relative to the pipe sleeve from a safety location and to reset the safety switch when the safety shift structure returns to the safety location.

      19.     Defendants' RY40108; RY40109; RY40LM03; and RY40LM10-Y lawn mower products include each and every limitation of one or more claims of the '463 patent, including at least Claim 1.

      20.     By way of example, Defendants' RY40108 and RY40109 lawn mowers meet each and every limitation of Claim 1 of the '463 patent as shown below:



| | |
|---|---|
| A slide-triggered safety switch mechanism, comprising: | Fig. 1a and Fig. 1b show a slide-triggered safety switch mechanism. |
| an inner pipe and a pipe sleeve capable of movement relative to each other wherein the inner pipe is equipped with a safety shift structure; and | Fig. 1a and Fig. 1b show an inner pipe 3 and a pipe sleeve 2 capable of movement relative to each other, and the inner pipe 3 is equiped with a safety shift structure 4. |
| a safety switch assembly mounted inside the pipe sleeve wherein the safety switch assembly comprises a safety switch and a trigger assembly configured to trigger the safety switch when the safety shift structure of the inner pipe is moved relative to the pipe sleeve from a safety location and | Fig. 1a and Fig. 1b show a safety switch 6 and a trigger assembly 5 mounted inside the pipe sleeve 2, and the trigger assembly 5 is configured to trigger the safety switch 6 when the safety structure 4 of the inner pipe 3 is moved relative to the pipe sleeve 2 from a safety location. |
| to reset the safety switch when the safety shift structure returns to the safety location. | Fig. 1a and Fig. 1b show a trigger assembly 5 configured to reset the safety switch 6 when the safety shift structure 4 returns to the safety location (the position shown in Fig. 1a). |

21.     Defendants' infringement of the '463 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.  Since 2016 when Plaintiffs began marking their commercial embodiments and/or at least as of the date of this Complaint, Defendants have had knowledge of the '463 patent.   Defendants have infringed and continue to infringe the '463 patent despite a high likelihood that their actions constituted infringement.

22.     Plaintiffs have been injured and damaged by Defendants' infringement of the '463 patent.  Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,596,806

23.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

24.     Plaintiff Chervon HK is the owner of all rights and interests in U.S. Patent No. 9,596,806, entitled "Control System for Controlling the Operation of a Gardening Tool" ("the '806 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on March 21, 2017.  A true and correct copy of the '806 patent is attached as **Exhibit B** and made a part hereof.

25.     Plaintiff Chervon NA is an exclusive licensee of the '806 patent with a right to enforce the patent.

26.     The '806 patent lists Toshinari Yamaoka, Fangjie Nie, and Haishen Xu as inventors.

27.     Plaintiffs have complied with the statutory marking requirements of 35 U.S.C. § 287 and have marked their commercial embodiments of the '806 patent since 2017.

28.     Defendants have at no time been licensed under the '806 patent.

29.     Defendants have infringed and continue to infringe one or more claims of the '806 patent, literally and/or under the doctrine of equivalents, by their manufacture, use, sale, importation, and/or offer for sale of certain lawn mowers that embody one or more claims of the '806 patent, including but not limited to the following lawn mower products:  RY40108 and RY40109.

30.     By way of example, Claim 1 of the '806 patent recites as follows:

A gardening tool, comprising:
    a main body at least having a functional accessory and a motor for driving the functional accessory;
    a handle rotatably connected to the main body and at least having one operation assembly for being operated by a user to control the motor when the handle is located in a predetermined position; and
    a control system for preventing the motor from being controlled by the operation assembly and halting the motor when the handle is located out of the predetermined position, the control system comprising:
        a first control device configured to be controlled by the operation assembly, and

- 7 -

a second control device disposed at a position proximate to a shaft of the handle and configured to be controlled according to the rotating position of the handle wherein when the handle rotates to the designated position relative to the main body, the second control device unlocks the first control device so that the first control device allows starting of the motor, and when the handle rotates to a position other than the designated position relative to the main body, the second control device locks the first control device so that the first control device is not allowed to start the motor, and

wherein the second control device comprises at least one of a switch connected to the power supply circuit or a signal source device for sending a control signal to the power supply circuit.

31.   Defendants' RY40108 and RY40109 lawn mower products include each and every limitation of one or more claims of the '806 patent, including at least Claim 1.

32.   By way of example, Defendants' RY40108 and RY40109 lawn mowers meet each and every limitation of Claim 1 of the '806 patent as shown below:

## RY40108 and RY40109 – '806 Patent, Claim 1



| A gardening tool, comprising: | Fig. 1a shows a gardening tool: |
|---|---|
| a main body at least having a functional accessory and a motor for driving the functional accessory; | The gardening tool has a main body at least having a mowing blade and a motor for driving the mowing blade. |
| a handle rotatably connected to the main body and at least having one operation assembly for being operated by a user to control the motor when the handle is located in a predetermined position; | Fig. 1a and Fig. 2a show the gardening tool has a handle 1 rotatably connected to the main body and has one operation assembly 2 for being operated by a user to control the motor when a handle is located in a safety position (the position shown in Fig. 1a and Fig. 1b). |
| and a control system for preventing the motor from being controlled by the operation assembly and halting the motor when the handle is located out of the predetermined position, | Fig. 1a shows the gardening tool has a control system for preventing the motor from being controlled by the operation assembly 2 and halting the motor when the handle is located out of the safety position. |
| the control system comprising: | The gardening tool inherently has a control system |
| a first control device configured to be controlled by the operation assembly, | The control system inherently has a first control device configured to be controlled by the operation assembly 2. |
| and a second control device disposed at a position proximate to a shaft of the handle and configured to be controlled according to the rotating position of the handle, | Fig. 2b shows the control system has a safety switch 3 (a second control device) disposed at a position proximate to a shaft 5 of the handle and configured to be controlled according to the rotating position of the handle 1. |
| wherein when the handle rotates to the designated position relative to the main body, the second control device unlocks the first control device so that the first control device allows starting of the motor, | Fig. 3a shows when the handle 1 rotates to the safety position relative to the main body and the safety switch 3 is pressed by an end portion of the handle 1, the second control device unlocks the first control device so that the first control device allows starting of the motor. |
| and when the handle rotates to the designated position relative to the main body, the second control device unlocks the first control device so that the first control device is not allowed to start the motor, | When the handle 1 rotates to a position (the position shown in Fig. 2a and Fig. 2b) other than the safety position relative to the main body, the safety switch 3 is not pressed or contacted by the end portion of the handle 1 so that the second control device locks the first control device (meaning the first control device is not allowed to start the motor). |

| | |
|---|---|
| and wherein the second control device comprises at least one of a switch connected to the power supply circuit or a signal source device for sending a control signal to the power supply circuit. | Fig. 2b shows the safety switch 3 is a signal source device for sending a control signal to the power supply circuit. |

33.    Defendants' infringement of the '806 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.  Since 2017 when Plaintiffs began marking their commercial embodiments and/or at least as of the date of this Complaint, Defendants have had knowledge of the '463 patent.   Defendants have infringed and continue to infringe the '463 patent despite a high likelihood that their actions constituted infringement.

34.    Plaintiffs have been injured and damaged by Defendants' infringement of the '806 patent.  Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,826,686

35.    Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

36.    Plaintiff Chervon HK is the owner of all rights and interests in U.S. Patent No. 9,826,686, entitled "Gardening Tool" ("the '686 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on November 28, 2017.  A true and correct copy of the '806 patent is attached as **Exhibit C** and made a part hereof.

37.    Plaintiff Chervon NA is an exclusive licensee of the '686 patent with a right to enforce the patent.

38.     The '686 patent lists Toshinari Yamaoka, Fangjie Nie, and Haishen Xu as inventors.

39.     Plaintiffs have complied with the statutory marking requirements of 35 U.S.C. § 287 and have marked their commercial embodiments of the '686 patent since 2018.

40.     Defendants have at no time been licensed under the '686 patent.

41.     Defendants have infringed and continue to infringe one or more claims of the '686 patent, literally and/or under the doctrine of equivalents, by their manufacture, use, sale, importation, and/or offer for sale of certain lawn mowers that embody one or more claims of the '686 patent, including but not limited to the following lawn mower products:  RY40108 and RY40109.

42.     By way of example, Claim 1 of the '686 patent recites as follows:

A gardening tool, comprising:
> a main body having at least a functional accessory and a motor for driving the functional accessory;
> a handle, rotatably connected to the main body, having at least one operation assembly for being operated by a user to control the motor when the handle is in a secure position;
> a locking mechanism for locking the rotating position of the handle;
> a locking member configured to engage with the locking mechanism and providing at least a locking structure to cause the locking mechanism to keep the handle at an accommodating position relative to the main body when the gardening tool is not being used; and
> a control system capable of preventing the motor from being controlled by the operation assembly and halting the motor when the handle is out of the secure position, the control system comprising:
>> a first control device configured to be controlled by the operation assembly; and
>> a second control device configured to be controlled according to the rotating position of the handle wherein, when the handle rotates to a designated position relative to the main body, the second control device unlocks the first control device so that the first control device allows starting of the motor, and, when the handle rotates to the accommodating position relative to the main body, the second control device locks the first device so that the first control device is not allowed to start the motor; and
>> wherein the second control device comprises at least one of a switch connected to the power supply circuit and a signal source device for sending a control signal to control the motor.

43. Defendants' RY40108 and RY40109 lawn mower products include each and every limitation of one or more claims of the '686 patent, including at least Claim 1.

44. By way of example, Defendants' RY40108 and RY40109 lawn mowers meet each and every limitation of Claim 1 of the '686 patent as shown below:



| RY40108 and RY40109 – '686 Patent, Claim 1 |
|---|

| A gardening tool, comprising: | Fig. 1a shows a gardening tool: |
|---|---|
| a main body at least having a functional accessory and a motor for driving the functional accessory; | The gardening tool has a main body at least having a functional accessory (the mowing blade) and a motor for driving the mowing blade. |
| a handle, rotatably connected to the main body, having at least one operation assembly for being operated by a user to control the motor when the handle is in a secure position; | Fig. 1a and Fig. 2a show the gardening tool has a handle 1 rotatably connected to the main body and has one operation assembly 2 for being operated by a user to control the motor when a handle is located in a safety position (the position shown in Fig. 1a and Fig. 1b). |
| a locking mechanism for locking the rotating position of the handle; | Fig. 2a shows a locking mechanism 4 for locking the rotating position of the handle. |
| a locking member configured to engage with the locking mechanism and providing at least a locking structure to cause the locking mechanism to keep the handle at an accommodating position relative to the main body when the gardening tool is not being used; and | Fig. 2a shows a locking member configured to engage with the locking mechanism 4 and providing at least a locking structure to cause the locking mechanism to keep the handle at an accommodating position relative to the main body when the gardening tool is not being used. |
| a control system capable of preventing the motor from being controlled by the operation assembly and halting the motor when the handle is out of the secure position, | Fig. 1a shows the gardening tool has a control system for preventing the motor from being controlled by the operation assembly 2 and halting the motor when the handle is located out of the safety position. |
| the control system comprising: | The gardening tool inherently has a control system. |
| a first control device configured to be controlled by the operation assembly and | The control system inherently has a first control device configured to be controlled according to the rotating position of the handle 1. |
| a second control device configured to be controlled according to the rotating position of the handle, | Fig. 2b shows the control system has a safety switch 3 (a second control device) to be controlled according to the rotating position of the handle 1. |
| wherein, when the handle rotates to a designated position relative to the main body, the second control device unlocks the first control device so that the first control device allows starting of the motor, and, | Fig. 3a shows when the handle 1 rotates to the safety position relative to the main body and the safety switch 3 is pressed by an end portion of the handle 1, the second control device unlocks the first control device so that the first control device allows starting of the motor. |

| | |
|---|---|
| when the handle rotates to the accommodating position relative to the main body, the second control device locks the first device so that the first control device is not allowed to start the motor; and | Fig. 3b shows when the handle rotates to a position (the position also shown in Fig. 2a and Fig. 2b) other than the safety position relative to the main body, the safety switch 3 is not pressed or contacted by the end portion of the handle 1 so that the second control device locks the first control device (meaning the first control device is not allowed to start the motor). |
| wherein the second control device comprises at least one of a switch connected to the power supply circuit and a signal source device for sending a control signal to control the motor. | Fig. 2b shows the safety switch 3 is a signal source device for sending a control signal to the power supply circuit. |

45.     Defendants' infringement of the '686 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285. Since 2018 when Plaintiffs began marking their commercial embodiments and/or at least as of the date of this Complaint, Defendants have had knowledge of the '686 patent.   Defendants have infringed and continue to infringe the '686 patent despite a high likelihood that their actions constituted infringement.

46.     Plaintiffs have been injured and damaged by Defendants' infringement of the '686 patent.  Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

### COUNT IV
### INFRINGEMENT OF U.S. PATENT NO. 9,986,686

47.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

48.     Plaintiff Chervon HK is the owner of all rights and interests in U.S. Patent No. 9,986,686, entitled "Gardening Tool" ("the '6686 patent"), which was duly and lawfully issued by

the United States Patent and Trademark Office on June 5, 2018.  A true and correct copy of the
'6686 patent is attached as **Exhibit D** and made a part hereof.

49.     Plaintiff Chervon NA is an exclusive licensee of the '6686 patent with a right to
enforce the patent.

50.     The '6686 patent lists Toshinari Yamaoka, Fangjie Nie, and Haishen Xu as
inventors.

51.     Defendants had knowledge of the '6686 patent at least as of the date of filing of
this Complaint.

52.     Defendants have at no time been licensed under the '6686 patent.

53.     Defendants have infringed and continue to infringe one or more claims of the '6686
patent, literally and/or under the doctrine of equivalents, by their manufacture, use, sale,
importation, and/or offer for sale of certain lawn mowers that embody one or more claims of the
'6686 patent, including but not limited to the following lawn mower products:  RY40108 and
RY40109.

54.     By way of example, Claim 1 of the '6686 patent recites as follows:

A gardening tool, comprising:
    a main body having at least a functional accessory and a motor for driving the functional
    accessory;
    a handle, rotatably connected to the main body, having at least one operation assembly for
    being operated by a user to control the motor when the handle is in a secure position
    wherein the operation assembly is capable of sliding relative to the main body; and
    a control system for sending a control signal to prevent the motor from being controlled by
    the operation assembly and halting the motor when the handle is out of the secure position,
    the control system comprising:
        a first control device configured to be controlled by the operation assembly;
        a second control device configured to be controlled according to the rotating
        position of the handle wherein, when the handle rotates to a designated rotating
        position relative to the main body, the second control device unlocks the first
        control device so that the first control device allows starting of the motor, and, when
        the handle rotates to a position other than the designated rotating position relative

to the main body, the second control device locks the first device so that the first control device is not allowed to start the motor; and

a third control device configured to be controlled according to the sliding position of the operation assembly relative to the main body wherein, when the operation assembly slides to a designated sliding position, the third control device unlocks the first control device so that the first control device allows starting of the motor, and, when the operation assembly slides to a position other than the designated sliding position relative to the main body, the third control device locks the first device so that the first control device is not allowed to start the motor.

55.    Defendants' RY40108 and RY40109 lawn mower products include each and every limitation of one or more claims of the '6686 patent, including at least Claim 1.

56.    By way of example, Defendants' RY40108 and RY40109 lawn mowers meet each and every limitation of Claim 1 of the '6686 patent, as shown below:



| A gardening tool, comprising: | Fig. 1a shows a gardening tool. |
|---|---|
| a main body having at least a functional accessory and a motor for driving the functional accessory; | Fig. 1a shows the gardening tool has a main body at least having a functional accessory and a motor for driving the functional accessory. |
| a handle, rotatably connected to the main body, having at least one operation assembly for being operated by a user to control the motor when the handle is in a secure position wherein the operation assembly is capable of sliding relative to the main body; and | Fig. 1a and Fig. 2a show the gardening tool has a handle 1 rotatably connected to the main body and has one operation assembly 2 for being operated by a user to control the motor when a handle 1 is located in a secure position (the position shown in Fig. 1a and Fig. 1b), wherein the operation assembly 2 is capable of sliding relative to the main body. |
| a control system for sending a control signal to prevent the motor from being controlled by the operation assembly and halting the motor when the handle is out of the secure position, | Fig. 1a shows the gardening tool has a control system for sending a control signal to prevent the motor from being controlled by the operation assembly 2 and halting the motor when the handle 1 is located out of the secure position. |
| the control system comprising: a first control device configured to be controlled by the operation assembly; | The control system inherently has a first control device configured to be controlled by the operation assembly 2. |
| a second control device configured to be controlled according to the rotating position of the handle wherein, | Fig. 2b shows the control system has a safety switch 3 (a second control device) to be controlled according to rotating position of the handle 1. |
| when the handle rotates to a designated rotating position relative to the main body, the second control device unlocks the first control device so that the first control device allows starting of the motor, and, | Fig. 3a shows when the handle 1 rotates to the safety position relative to the main body and the safety switch 3 is pressed by an end portion of the handle 1, the second control device unlocks the first control device so that the first control device allows starting of the motor. |
| when the handle rotates to a position other than the designated rotating position relative to the main body, the second control device locks the first device so that the first control device is not allowed to start the motor; and | When the handle 1 rotates to a position (the position shown in Fig. 2a and Fig. 2b) other than the safety position relative to the main body, the safety switch 3 is not pressed or contacted by the end portion of the handle 1 so that the second control device locks the first control device (meaning the first control device is not allowed to start the motor). |

| | |
|---|---|
| a third control device configured to be controlled according to the sliding position of the operation assembly relative to the main body wherein, | Fig. 3b shows a third control device configured to be controlled according to the sliding position of the operation assembly 2 relative to the main body. |
| when the operation assembly slides to a designated sliding position, the third control device unlocks the first control device so that the first control device allows starting of the motor, and | When the operation assembly 2 slides to a designated sliding position, the third control device unlocks the first control device so that the first control device allows starting of the motor. |
| when the operation assembly slides to a position other than the designated sliding position relative to the main body, the third control device locks the first device so that the first control device is not allowed to start the motor. | When the operation assembly 2 slides to a position other than the designated sliding position relative to the main body, the third control device locks the first device so that the first control device is not allowed to start the motor. |

57.     Defendants' infringement of the '6686 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.  At least as of the date of this Complaint, Defendants have infringed and continue to infringe the '6686 patent despite a high likelihood that their actions constituted infringement.

58.     Plaintiffs have been injured and damaged by Defendants' infringement of the '6686 patent.  Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 10,070,588

59.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

60.     Plaintiff Chervon HK is the owner of all rights and interests in U.S. Patent No. 10,070,588, entitled "Gardening Tool" ("the '588 patent"), which was duly and lawfully issued by

the United States Patent and Trademark Office on September 11, 2018.  A true and correct copy
of the '588 patent is attached as **Exhibit E** and made a part hereof.

61.     Plaintiff Chervon NA is an exclusive licensee of the '588 patent with a right to
enforce the patent.

62.     The '588 patent lists Toshinari Yamaoka, Fangjie Nie, and Haishen Xu as
inventors.

63.     Defendants had knowledge of the '588 patent at least as of the date of filing of this
Complaint.

64.     Defendants have at no time been licensed under the '588 patent.

65.     Defendants have infringed and continue to infringe one or more claims of the '588
patent, literally and/or under the doctrine of equivalents, by their manufacture, use, sale,
importation, and/or offer for sale of certain lawn mowers that embody one or more claims of the
'588 patent, including but not limited to the following lawn mower products:  RY40108; RY40109;
RY40LM10-Y; and RY40LM03.

66.     By way of example, Claim 1 of the '588 patent recites as follows:

A mower, comprising:
      a main body including a motor for driving a mowing blade to rotate;
      an operation assembly for being operated by a user to activate the motor;
      a handle rotatably connected to the main body and including a plurality of telescopic
      members slidably connected to each other; and
      a control device for sending a control signal to cause the motor to be activated by the
      operation assembly when one of the plurality of telescopic members is caused to be moved
      to a predetermined position relative to another one of the plurality of telescopic members
      or to prevent the motor from being activate by the operation assembly when the one of the
      plurality of telescopic members is caused to be moved away from the predetermined
      position relative to the another one of the plurality of telescopic members.

67.     Defendants' RY40108; RY40109; RY40LM10-Y; and RY40LM03 lawn mower products include each and every limitation of one or more claims of the '588 patent, including at least Claim 1.

68.     By way of example, Defendants' RY40108 and RY40109 lawn mowers meet each and every limitation of Claim 1 of the '588 patent as shown below:



## RY40108 and RY40109 – '588 Patent, Claim 1

level-1 handle 1

operation assembly 2（connected to first control device）

Fig.1b

Fig.2a

Fig.2b

safety switch (connected to second control device) in a first state

rotate to the main body

safety switch3 (connected to second control device) in a second state

locking mechanism 4

shaft 5 of the handle

main body 7

Fig.1a

first control device

second control device

safety switch

locking mechanism

Fig.3a

first control device

control device

outer pipe

Inner pipe

opening

switch

outer pipe

Inner pipe

Fig.3b

| A mower, comprising: | Fig. 1a shows a mower. |
|---|---|
| a main body including a motor for driving a mowing blade to rotate; | Fig. 1a shows the mower has a main body including a motor for driving a mowing blade to rotate. |
| an operation assembly for being operated by a user to activate the motor; | Fig. 1a shows the mower has an operation assembly 2 for being operated by a user to control the motor. |
| a handle rotatably connected to the main body and including a plurality of telescopic members slidably connected to each other; and | Fig. 1a and Fig. 2a show the mower has a handle 1 rotatably connected to the main body and includes an outer pipe and an inner pipe slidably connected to each other. |
| a control device for sending a control signal to cause the motor to be activated by the operation assembly when one of the plurality of telescopic members is caused to be moved to a predetermined position relative to another one of the plurality of telescopic members or | Fig. 3b shows the mower has a control device (including a switch positioned between the outer pipe and the inner pipe) for sending a control signal to cause the motor to be activated by the operation assembly 2 when the outer pipe is caused to be moved to a predetermined position (safety position) relative to the inner pipe. |
| to prevent the motor from being activate by the operation assembly when the one of the plurality of telescopic members is caused to be moved away from the predetermined position relative to the another one of the plurality of telescopic members. | Fig. 3b shows the switch is capable of preventing the motor from being controlled by the operation assembly 2 and when the outer pipe is caused to be moved away from the predetermined position (safety position) relative to the inner pipe. |

69.     Defendants' infringement of the '588 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.  At least as of the date of this Complaint, Defendants have infringed and continue to infringe the '588 patent despite a high likelihood that their actions constituted infringement.

70.     Plaintiffs have been injured and damaged by Defendants' infringement of the '588 patent.  Defendants' infringement has caused, and will continue to cause, irreparable harm to

Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 9,648,805

71.     Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

72.     Plaintiff Chervon HK is the owner of all rights and interests in U.S. Patent No. 9,648,805, entitled "Locking Device, Telescopic Rob and Mower Comprising the Locking Device" ("the '805 patent"), which was duly and lawfully issued by the United States Patent and Trademark Office on May 16, 2017.  A true and correct copy of the '805 patent is attached as **Exhibit F** and made a part hereof.

73.     Plaintiff Chervon NA is an exclusive licensee of the '805 patent with a right to enforce the patent.

74.     The '805 patent lists Fangjie Nie and Qian Liu as inventors.

75.     Defendants had knowledge of the '805 patent at least as of the date of filing of this Complaint.

76.     Defendants have at no time been licensed under the '805 patent.

77.     Defendants have infringed and continue to infringe one or more claims of the '805 patent, literally and/or under the doctrine of equivalents, by their manufacture, use, sale, importation, and/or offer for sale of certain lawn mowers that embody one or more claims of the '805 patent, including but not limited to the following lawn mower products:  RY40108 and RY40109.

78.     By way of example, Claim 1 of the '805 patent recites as follows:

1. A mower, comprising:
    a main body;
    four wheels supporting the main body; and
    a handle connected to the main body, the handle comprising a telescopic rod, wherein the telescopic rod comprises:
        an inner tube;
        an outer tube; and
        a locking device, wherein the inner tube is slidably connected to the outer tube, the locking device locking the relative position between the inner tube and the outer tube, wherein the locking device comprises:
            a pivoting shaft;
            an operating lever;
            a base; and
            a repulsion generating member,
            the base being sleeved on the outer tube and the pivoting shaft being arranged on the base, a first end of the operating lever being provided with a locking member for rotating around the pivoting shaft relative to the base, the repulsion generating member being arranged between the base and the operating lever and generating a repulsion force for application to the operating lever during the movement of the operating lever from the releasing position to the locking position, wherein the inner tube has a first through hole and the outer tube has a cooperating second through hole, the operating lever further comprises a locking reinforcement member for engagement with the first through hole and the second through hole simultaneously when the first through hole and the second through hole are aligned and the locking member is moved towards the locking position, and
            wherein a second end of the operating lever opposite to the first end of the locking member is provided with a friction portion, and when the operating lever is rotated to the locking position the friction portion is frictionally engaged with the outer wall of the base.

79.     Defendants' RY40108 and RY40109 lawn mower products include each and every limitation of one or more claims of the '805 patent, including at least Claim 1.

80.     By way of example, Defendants' RY40108 and RY40109 lawn mowers meet each and every limitation of Claim 1 of the '805 patent as shown below:

## RY40108 and RY40109 – '805 Patent, Claim 1



| | |
|---|---|
| 1. A mower, comprising | Fig. 1a shows a mower. |
| a main body; | Fig. 1a shows the mower has a main body. |
| four wheels supporting the main body; | Fig. 1a shows the mower has four wheels supporting the main body. |
| and a handle connected to the main body, | The mower has a handle 1 connected to the main body. |
| the handle comprising a telescopic rod, wherein the telescopic rod comprises: an inner tube; an outer tube; | The handle 1 comprises a telescoping rod with an inner tube and an outer tube. |
| and a locking device, wherein the inner tube is slidably connected to the outer tube, the locking device locking the relative position between the inner tube and the outer tube, | Fig. 1a shows the mower includes a locking device 2 and the inner tube is slidably connected to the outer tube, the locking device 2 locking the relative position between the inner tube and the outer tube. |
| wherein the locking device comprises: a pivoting shaft; | Fig. 1c shows the locking device 2 includes a pivoting shaft 3. |
| an operating lever; | Fig. 1c shows the locking device 2 includes an operating lever 4. |
| a base; | Fig. 1b shows the locking device 2 includes a base 5. |
| and a repulsion generating member, | Fig. 1c shows the locking device 2 includes a repulsion generating member 6 located proximate to the pivoting shaft 3 and biasing the operating lever 4 towards an unlocked position. |
| the base being sleeved on the outer tube and the pivoting shaft being arranged on the base, a first end of the operating lever being provided with a locking member for rotating around the pivoting shaft relative to the base, the repulsion generating member being arranged between the base and the operating lever and generating a repulsion force for application to the operating lever during the movement of the operating lever from the releasing position to the locking position, | The base 5 is sleeved on the outer tube of the handle 1 and the pivoting shaft 3 is arranged on the base 5.  A first end of the operating lever 4 is provided with a locking member 7 that rotates around the pivoting shaft 3 relative to the base 5.  The repulsion generating member 6 is arranged between the base 5 and the operating lever 4 and generates a repulsion force for application to the operating lever 4 during movement of the operating lever 4 from the releasing position (Fig. 1c) to the locking position (Fig. 1d). |

| | |
|---|---|
| wherein the inner tube has a first through hole and the outer tube has a cooperating second through hole, the operating lever further comprises a locking reinforcement member for engagement with the first through hole and the second through hole simultaneously when the first through hole and the second through hole are aligned and the locking member is moved towards the locking position, and | The inner tube of the handle 1 has a first through hole 8 and the outer tube of the handle 1 has a cooperating second through hole 8.  The operating lever 4 comprises a locking reinforcement member 9 for engagement with the first and second through holes 8 simultaneously when the through holes 8 are aligned and the locking member 7 is moved towards the locking position. |
| wherein a second end of the operating lever opposite to the first end of the locking member is provided with a friction portion, and when the operating lever is rotated to the locking position the friction portion is frictionally engaged with the outer wall of the base. | The second end of the operating lever 4 is provided with a friction portion 10 and when the operating lever 4 is rotated to the locking position (Fig. 1d) the friction portion 10 is frictionally engaged with the outer wall of the base 5. |

81.     Defendants' infringement of the '805 patent is willful and deliberate, and entitles Plaintiffs to increased damages pursuant to 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.  At least as of the date of this Complaint, Defendants have infringed and continue to infringe the '805 patent despite a high likelihood that their actions constituted infringement.

82.     Plaintiffs have been injured and damaged by Defendants' infringement of the '805 patent.  Defendants' infringement has caused, and will continue to cause, irreparable harm to Plaintiffs, for which Plaintiffs have no adequate remedies at law, unless and until enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for entry of a judgment in their favor and against Defendants as follows:

A.     Finding that Defendants have infringed one or more claims of the '463 patent, '806 patent, '686 patent, '6686 patent, '588 patent, and '805 patent and that such infringement has been willful;

B.     Preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendants from further infringement of the '463 patent, '806 patent, '686 patent, '6686 patent, '588 patent, and '805 patent under 35 U.S.C. § 283;

C.     Awarding Plaintiffs damages adequate to compensate Plaintiffs for Defendants' infringement of the '463 patent, '806 patent, '686 patent, '6686 patent, '588 patent, and '805 patent along with pre- and post-judgment interest, and trebling such damages under 35 U.S.C. § 284;

D.     Finding that this case is an exceptional case under 35 U.S.C. § 285, and awarding Plaintiffs their attorneys' fees, costs, and expenses incurred in this action;

E.     Awarding Plaintiffs their actual and compensatory damages; and

F.     Awarding to Plaintiffs such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable by jury.

GREENBERG TRAURIG, LLP

OF COUNSEL:                          /s/ Benjamin J. Schladweiler
                                     Benjamin J. Schladweiler (#4601)
Michael A. Nicodema                  Greenberg Traurig, LLP
Greenberg Traurig, LLP               The Nemours Building
500 Campus Drive Ste. 400            1007 North Orange Street, Suite 1200
Florham Park, NJ 07932               Wilmington, DE 19801
T-973.360.7900/F-973.301.8410        T-302.661.7352

James J. Lukas, Jr.
Matthew S. Levinstein                *Attorneys for Plaintiffs*
Callie J. Sand
Benjamin P. Gilford
Greenberg Traurig, LLP
77 West Wacker Drive, Ste. 3100
Chicago, IL 60601
T-312.456.8400/F-312.456.8435


Dated: July 11, 2019