

Benjamin Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

August 6, 2021

**VIA CM-ECF**

The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Chervon (HK) Limited v. One World Technologies, Inc.*, No. 19-cv-1293

Dear Magistrate Judge Fallon:

      One World committed discovery misconduct when it failed to conduct an email search in good faith and when it withheld and misrepresented critical facts to both to the Court and Chervon regarding its email search.  When Chervon served its first requests for email in April 2020, One World produced just 13 emails.  One World repeatedly represented to the Court and Chervon that its email production was complete.  Then, more than a year after Chervon first served its email requests, One World located and produced more than 60,000 pages of responsive emails by running email search strings that were *narrower* than the search strings originally proposed by Chervon.  Chervon repeatedly requested that One World provide an explanation for this discrepancy.  One World provided only incomplete, vague, and misleading explanations.  Only after the Court ordered One World to explain what happened did the full scope of One World's misconduct become clear: ***One World withheld tens-of-thousands of pages of responsive emails under the guise of (untrue) file inaccessibility and corruptness that One World chose not to remedy for nearly a year until after the Court ordered One World to revisit its email search.***  To remedy One World's misconduct, Chervon respectfully moves the Court for an Order pursuant to FED. R. CIV. P. 37, 28 U.S.C. § 1927, and/or its inherent power to sanction for One World to pay Chervon's reasonable attorneys' fees and costs incurred to obtain a robust email production from One World[1] and to coordinate in good faith with Chervon (as set forth in the attached proposed order) to resolve the deficiencies in One World's email production.

      The Court is already familiar with the facts surrounding (a) Chervon's original email requests and One World's paltry production; (b) One World's insistence to the Court and Chervon that its 13 email production was comprehensive; (c) One World's belated identification of more than 60,000 pages of responsive emails; and (d) One World's refusal to engage in meaningful dialogue with Chervon regarding an explanation over its email searches.  (*See* D.I. 207, Chervon 05/24/21 Letter Brief to Court.)  Chervon does not repeat those facts here and instead incorporates D.I. 207 by reference.

---

[1] Chervon will file a detailed motion seeking its fees and costs.

Greenberg Traurig, LLP ■ Attorneys at Law ■ WWW.GTLAW.COM
The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 ■ Tel: 302.661.7000 ■ Fax 302.661.7360

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞

August 6, 2021
Page 2

A.  **The Court Orders One World To Explain Itself.**

At the May 27, 2021, oral argument over One World's email search protocol and production, One World argued that it had done nothing wrong and had provided ample explanation for the concerns raised by Chervon. (Ex. 1, Transcript of 05/27/21 Hr. at 15:24-16:1 ("We provided the explanation that Chervon has requested."), 16:11-18 ("I take their allegations very seriously and I wanted to make sure that I had not, in fact, misrepresented anything to the Court or to counsel.  When I went back, I did not see a single misrepresentation that … requires a mea culpa or some sort of correction of the record."), 20:22-21:3 (same).)  Following oral argument, the Court ordered One World to provide "a declaration addressing the factually detailed basis for the large disparity between the e-mail production, the explanation for the delay in recognizing a deficiency in the first e-mail production, a factually detailed description of the 'technical limitation in its prior search, which it rectified by using a more robust search tool' and the detailed facts underlying the process it implemented to modify the terms to provide meaningful hits."  (*Id*. at 34:18-35:4.)

B.  **One World's Explanation Confirms That It Engaged In Discovery Misconduct.**

One World served its Court-ordered explanation via a declaration signed by its counsel, Sean Cunningham, on June 4, 2021.  (D.I. 218 ("Cunningham Decl.").)  Mr. Cunningham's declaration explained that "Defendants employ an internal team of professionals who are trained on eDiscovery procedures." (Cunningham Decl., ¶ 2.)  Mr. Cunningham confirmed that in ***June 2020***, One World's counsel "discovered that [certain email] files were corrupted and could not be opened" and that "Defendants' internal search reports indicated that the mailboxes contained mostly unindexed data, leaving the majority of their contents inaccessible and unsearchable."  (*Id.* ¶ 7.)  One World's counsel also learned in June 2020 that "Defendants' internal team concluded that the unindexed portions of the mailboxes were corrupted and no longer accessible."  (*Id.*)  ***One World hid this information from the Court and Chervon (despite numerous requests) until it served the Cunningham Declaration nearly a year after learning about the purportedly inaccessible and corrupt email files***. (*See, e.g.,* D.I. 160 at 3; 207-1, at Ex. C at 62:7-13, 65:25-66:8, Ex. D., Ex. G, Ex. H.)  Counsel for One World never attempted to run the searches themselves back in June 2020, waiting until early 2021 to try that obvious solution, (*see* Cunningham Decl., ¶¶ 11, 12), and until June 2021 to tell the Court and Chervon about it.

C.  **One World's Email Production Remains Deficient.**

Chervon has reviewed One World's email production and it is missing documents.  For example, it is missing critical correspondence between One World and The Home Depot, the exclusive retailer of the accused products.  What One World knew and shared with The Home Depot (and when) about the accused products, the commercial embodiments of the patents-in-suit, and the patents-in-suit themselves is relevant to infringement and willfulness.  Did One World conceal the patents-in-suit from The Home Depot?  To what extent?  Did One World or The Home Depot seek to copy patented features into the accused mowers?  These questions, among others, require the production and review of emails sent between One

August 6, 2021
Page 3

World and The Home Depot.

*Argument*

One World's failure to conduct an email search in good faith and withholding of critical facts relating to the search from the Court and Chervon is sanctionable. *See* Fed. R. Civ. P. 37 (c)(1), (b)(2); 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (inherent authority to sanction).[2] One World misrepresented to the Court (and Chervon) that it had conducted a robust search for responsive emails. One World also withheld factual, non-privileged information related to purported email file corruption and inaccessibility for nearly a year, while simultaneously representing to the Court and Chervon that its email search was robust and complete. Rather than investigate the cause of the alleged file corruption and inaccessibility in June 2020, One World simply accepted the implausible conclusion that the vast majority of its responsive emails could not be recovered and produced. And when Chervon continued to press for—and received—additional emails, One World hid the truth by giving misleading explanations regarding how its narrower searches yielded more results than Chervon's broader searches. (D.I. 207 at Ex. G, 03/11/21 Lewis Email to Levinstein.)

The upshot is that One World knew that it had thousands of responsive emails in its possession in June 2020, but hid them from Chervon and the Court. As counsel for One World admits, One World has sophisticated e-discovery capabilities, and yet no one could figure out for many months how to properly collect and produce stored email files? (Cunningham Decl., ¶ 2; Ex. 1, Transcript of 05/27/21 Hr. at 18:12-15.) Counsel for One World chose to rely on One World's representations without any independent investigation in June 2020. That is unreasonable behavior from counsel.[3] It took a Court Order for counsel to take their discovery obligations seriously to collect and produce responsive emails.

One World's failure to conduct an email search in good faith and its withholding of critical facts pertaining to the search from the Court and Chervon is not substantially

---

[2] *See, e.g., Ha v. Baumgart Café of Livingston*, Civil Action No. 15-5530 (ES) (MAH), 2018 U.S. Dist. LEXIS 70781, at *12-17 (D.N.J. Apr. 26, 2018); *Montana v. County of Cape May Bd. of Freeholders,* Civil No. 09-755 (NLH/JS), 2013 U.S. Dist. LEXIS 189464, at *27-35 (D.N.J. Sept. 20, 2013) (sanctioning defendant for belatedly producing emails); *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1350-51 (N.D. Ga. 2012) (awarding sanctions for: (1) failing to oversee defendant's team tasked with uploading hard drives to the litigation team's review platform resulting in the collection of hard drives that remained unsearched for two years; (2) failing to discover back-up tapes with discoverable information; (3) repeatedly misrepresenting that "it had produced everything;" and (4) failing to promptly correct misrepresentations).
[3] *See Younes v. 7-Eleven, Inc.*, Case No. 13-3500 (RMB/JS), 2015 U.S. Dist. LEXIS 166306, at **40 (D.N.J. Dec. 11, 2015) (explaining that "[l]awyers should not act like 'potted plants' and accept implausible representations from clients that no responsive documents or discovery exits," and sanctioning counsel for its failure to conduct a reasonable ESI investigation into the subject matter of the lawsuit that "consumed enormous [defendant] time and money and generated substantial reports and emails.")

August 6, 2021
Page 4

justified.[4]  There is no substantial justification for One World and its counsel not to have fully investigated the alleged email file corruption and inaccessibility back in June 2020.  There is no substantial justification for withholding facts relating to their search for a year. Nothing that One World has said in any brief, oral argument, or declaration satisfactorily explains its failure to share this critical information with the Court and Chervon as it simultaneously represented to both that its email search was robust and its production complete.

One World's failure to search for emails in good faith and its withholding of critical facts pertaining to the search from the Court and Chervon has prejudiced Chervon.  "The Court does not subscribe to the view that as long as the requesting party eventually gets the discovery requested, the conduct of the producing party which precedes it is irrelevant." (Ex. 1, Transcript of 05/27/21 Hr. at 33:21-34:1.)  Numerous courts agree.[5]  Chervon spent a year chasing down these emails from One World.  The parties engaged in countless letter writing campaigns, meet and confers, and significant motion practice before this Court.  All of these efforts cost Chervon time and money, and the Court should award Chervon its reasonable fees and costs associated with its efforts to obtain a fulsome email production from One World.  Had Chervon received these 60,000+ pages of emails earlier, Chervon would have recognized the significant deficiency related to One World's production of email correspondence with its exclusive retailer for the accused products, The Home Depot.  Chervon therefore requests that the Court order One World to locate and produce relevant correspondence between One World and The Home Depot pertaining to the patents-in-suit, accused products, and/or the commercial embodiments of the patent-in-suit, which relate to infringement and willfulness.[6,7]

---

[4] *See, e.g., Montana,* 2013 U.S. Dist. LEXIS 189464, at *29-34; *In re Delta,* 846 F. Supp. 2d at, 1350-51 (finding that the lack of "oversight is a huge hole in [defendant's] electronic discovery process, and [defendant] has not adequately explained why it did not ensure [years earlier] that every collected hard drive was actually processed and searched.")

[5] *See Adams v. Trust. of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 873-74 (3d Cir. 1994) ("Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.") (internal cites and quotes omitted); *see also Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 694 (3d Cir. 1988); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *In re Delta,* 846 F. Supp. 2d at 1350.

[6] *See In re Delta,* 846 F. Supp. at 1347-48 (granting request to reopen discovery); *compare* **Ex. 2**, 06/04/21 Letter from Lewis to Lukas (containing One World's court-ordered service of hit counts pertaining to Chervon's original email search strings and showing a hit count of 125,654 emails (208,966 with families) for Chervon's search string relating to The Home Depot (among other search terms)) *with* D.I. 207-1 at Ex. F (containing One World's hit counts for its narrower, modified searches, and showing a hit count of 313 for One World's search string relating to The Home Depot (among other search terms)).).

[7] Indeed, discovery is closed, and Chervon is prejudiced because One World's emails may lead to additional discovery that Chervon is unable to serve.  Chervon reserves the right to seek leave to serve discovery as needed based on One World's discovery misconduct.

August 6, 2021
Page 5

                                                Sincerely,

                                                */s/ Benjamin J. Schladweiler*

                                                Benjamin J. Schladweiler (#4601)