# EXHIBIT C

## Larson, Erin

| | |
|---|---|
| **From:** | levinsteinm@gtlaw.com |
| **Sent:** | Wednesday, January 27, 2021 1:18 PM |
| **To:** | Biggs, Brian; Lewis, Damon; lukasj@gtlaw.com; sandc@gtlaw.com; gilfordb@gtlaw.com; schladweilerb@gtlaw.com |
| **Cc:** | dlachervon-oneworld@dlapiper.com |
| **Subject:** | RE: Chervon v. One World - 1.13.2021 Meet and Confer |

**[EXTERNAL]**

Dear Brian,

We've had a chance to consider your privilege log and email discovery positions:

**Privilege Log**: With respect to your privilege log proposal, we generally agree other than the exchange date. Can we agree to exchange logs on Monday, February 15?

**Email Discovery**: We agree that it makes sense for Defendants to (1) provide an identification of the relevant custodians; (2) re-run the search terms while considering appropriate modifications (the modifications intended to ensure or confirm the search terms are returning meaningful hits); and (3) provide hit counts for those custodians and the terms (with modifications). Chervon will agree to provide the same information. Following the exchange of custodians, search terms, and hit counts, the parties should then meet and confer to discuss the results of the hit counts and next steps. To be clear, Chervon is not agreeing that following this proposal will necessarily resolve the dispute over email searching, production, or identification in response to Chervon ROGs. Chervon reserves the right to seek additional information from Defendants about its email search protocol (through counsel, 30(b)(6) deposition, etc.) and/or seek additional relief from the Court as needed. Similarly, agreeing to exchange custodians, search terms, and hit counts for email searches does not address the issues that Chervon has raised with respect to Defendants' non-email ESI searching and production, i.e., the "nine bullets." Are Defendants willing to provide an explanation of their non-email ESI search methodologies in accordance with our email below?

Please let us know your thoughts.

Best,

Matt

**Matthew J. Levinstein**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1039
levinsteinm@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

**GT GreenbergTraurig**

Albany. Amsterdam. Atlanta. Austin. Boston. Berlin*. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Las Vegas. London*. Los Angeles. Mexico City*. Miami. Milan*. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Sacramento. Salt Lake City. San Francisco. Seoul*. Shanghai. Silicon Valley. Tallahassee. Tampa. Tel Aviv*. Tokyo*. Warsaw*. Washington, D.C. West Palm Beach. Westchester County.

*Berlin: Greenberg Traurig's Berlin Office is operated by Greenberg Traurig Germany, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP.; London: Operates as a separate UK registered legal entity; Mexico City: Operates as Greenberg Traurig, S.C.; Milan: Greenberg Traurig's Milan office is operated by Greenberg Traurig Santa Maria, an affiliate of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Seoul: Operated by Greenberg Traurig LLP Foreign Legal Consultant Office; Tel Aviv: A branch of Greenberg Traurig, P.A., Florida, USA; Tokyo: Greenberg Traurig's Tokyo Office is operated by GT Tokyo Horitsu Jimusho and Greenberg Traurig Gaikokuhojimubengoshi Jimusho, affiliates of Greenberg Traurig, P.A. and Greenberg Traurig, LLP; Warsaw: Operates as Greenberg Traurig Grzesiak SP.K.

**From:** Biggs, Brian <brian.biggs@dlapiper.com>
**Sent:** Tuesday, January 19, 2021 3:32 PM
**To:** Levinstein, Matthew J. (Shld-Chi-IP-Tech) <levinsteinm@gtlaw.com>; Lewis, Damon <damon.lewis@dlapiper.com>; Lukas Jr., James J. (Shld-Chi-IP-Tech) <lukasj@gtlaw.com>; Sand, Callie (Assoc-CHI-IP-Tech) <sandc@gtlaw.com>; Gilford, Benjamin P. (Assoc-Chi-IP-Tech) <gilfordb@gtlaw.com>; Schladweiler, Benjamin (Shld-DEL-IP-Tech) <schladweilerb@gtlaw.com>
**Cc:** dlachervon-oneworld@dlapiper.com
**Subject:** RE: Chervon v. One World - 1.13.2021 Meet and Confer

Matt,

Thank you for your email.  We write below to follow up on a few of the outstanding issues.

**Joint Status Report**.  In advance of the filing of tomorrow's joint status report, below is a summary of open action items on our end related to certain interrogatories and RFPs:

- Interrogatory No. 2: We are supplementing to provide date of awareness and non-privileged information regarding the circumstances.
- Interrogatory No. 4: We are supplementing to provide information regarding a design change in 2017.
- RFP 154: We are reviewing additional documents to see if they were provided by Home Depot and relate to EGO products.
- RFP 160: We are reviewing additional documents to see if they include any additional Roadshows and product development meetings.
- RFP 161: We are reviewing PDR trackers and will produce documents related to the Accused Products.
- RFPs 164-167, 169: We have produced the documents that we have identified to date as responsive to these RFPs and that are non-privileged.  We have identified additional documents that may or may not be responsive to these requests, and we are reviewing those and will produce any responsive, non-privileged documents.  Once we have completed that production, we will supplement our responses to the requests for production to confirm that production is complete.

We look forward to seeing Chervon's proposed draft joint status report.

**Email Discovery**.  Thank you for providing Chervon's position regarding email discovery.  For the reasons stated in our prior letter, we disagree, but it seems like the parties are in agreement that we should attempt to resolve this dispute through compromise.  To that end, fusing the parties' proposals together, we propose the following: One World will (1) provide an identification of the relevant custodians; (2) re-run the search terms while considering appropriate modifications (the modifications intended to ensure or confirm the search terms are returning meaningful hits); and (3) provide hit counts for those custodians and the terms (with modifications).

If Chervon agrees with this proposal, please confirm that Chervon will provide the same for its email production.  On the last meet and confer, Chervon could not explain whether it was conducting a manual review of the email files or using search terms.  Please confirm what method Chervon is using, which email custodians it is searching, and which search terms (if any) it is using to identify relevant emails.  One World will be serving its email requests in the near term to assist Chervon in this effort.

Once we are agreed on the approach, we can discuss the appropriate timing for an exchange of hit counts.

**Privilege Log**.  As discussed on the last meet and confer, we write with a proposal for the timing and substance of privilege log exchanges.  Please let us know if the terms below are agreeable.

2

- The parties will exchange initial privilege logs on February 5 and will supplement their respective logs within two weeks of withholding documents in the future.
- The parties will log any document that has been withheld or redacted on the basis of attorney-client privilege, work product protection, or any other applicable privilege.
- The parties will not log communications with litigation counsel related to the litigation after the filing of the complaint, but they will log communications with litigation counsel prior to the filing of the complaint.
- The parties will include at least the following information (to the extent applicable):
    - Log No.
    - Date
    - From /Author
    - To / Recipient
    - CC / BCC
    - Custodian
    - Subject Line / Title of Document
    - Attorney involved
    - Privilege Narrative
    - Privilege Type (AC / WP / other)
    - Bates Number (for any document that has been redacted)

We are happy to discuss should have any questions.

Best regards
Brian

## Brian Biggs
Associate

T  +1 302 468 5661
F  +1 302 778 7813
M +1 302 388 6903
brian.biggs@us.dlapiper.com

**DLA Piper LLP (US)**
dlapiper.com



---

**From:** levinsteinm@gtlaw.com <levinsteinm@gtlaw.com>
**Sent:** Friday, January 15, 2021 11:56 AM
**To:** Lewis, Damon <damon.lewis@us.dlapiper.com>; lukasj@gtlaw.com; sandc@gtlaw.com; gilfordb@gtlaw.com; schladweilerb@gtlaw.com
**Cc:** dlachervon-oneworld@dlapiper.com
**Subject:** RE: Chervon v. One World - 1.13.2021 Meet and Confer

**[EXTERNAL]**

Dear Counsel,

Thanks for your email. While Defendants have fairly characterized much of our discussion, you misstate or omit several aspects.

3

First, when Defendants say, "Chervon refused to provide a narrowed set of six or fewer disputes at this time," Defendants fail to state that the Court did not order Chervon to unilaterally reduce the number of disputed issues to six, but rather asked the parties to work together to reduce the number of issues in dispute ("`I would like the parties to meet and confer to narrow that and to narrow that to half`"), a point we explicitly raised during our meet and confer. Defendants' attempt to cast the burden to narrow the disputes before the Court as Chervon's alone is ridiculous and not in good faith.

Second, we look forward to receiving an update from Defendants regarding the items noted in your email below by 1pm ET on January 19. Based on our discussion, we would expect to receive Defendants' update by then as the parties must submit a joint status report to the Court on January 20th, and Defendants have requested that Chervon provide a draft joint status report on or by January 19. Please confirm that Defendants can provide an update by then, including the supplementations noted in your email below and an answer explaining whether, to what extent, and when Defendants will supplement relating to the bullet points in your email for which you needed to discuss with your client.

Third, as to Defendants' request for an identification of which ROGs and RFPs implicate the Accused ECHO mower, at the very least Defendants should interpret any ROG or RFP that includes the term "Accused Product" and any references to mowers generally or the ECHO mower specifically as referring to and including the Accused ECHO mower.

Fourth, Defendants have misstated Chervon's view of email production in this case. Chervon does not believe "that the Email Agreement does not place any limit on discovery." Chervon believes that the email agreement placed appropriate limitations on the scope of separately-propounded email requests to separately-identified custodians that the parties were permitted to serve. Chervon also believes, however, that the named parties have an obligation to search for emails and any other electronic communications that are responsive to RFPs, a point made clear in each set of RFPs served by Chervon ("These terms are to be interpreted broadly to include documents stored in *any* medium and specifically includes electronically stored information ('ESI') such as e-mail and documents maintained in electronic form on One World's websites, servers, and stand alone computers and hard drives.") the Default Standard ("If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party."), and the Email Agreement ("**Both sides** shall cooperate to identify the proper custodians and search terms"). Chervon has disclosed its position on email searching to Defendants on multiple occasions including during the meet and confer and during the discovery teleconference:

> `What we envisioned that [i.e., the email agreement] to be was a separate way to propound email requests to avoid the situation where someone says I want 50 custodians to be searched for 10,000 terms, you know, just the word "circle," things like that, but we certainly did not intend to that to limit the scope of what would otherwise presumably be included in a reasonable search for documents in response to document production requests.`

The parties need look no further than the Court's comments during the recent discovery teleconference for support for Chervon's belief that Defendants email (and non-email) searching was insufficient: "`there are certain bullet points here that do cause the Court to question just what the scope of the search was, how thorough it was, if there was some reliance upon an agreement for the email protocol and number of custodians that made the search narrower than it perhaps should have been.`") The parties interpreted the email agreement differently, including its impact on the default ESI order and the parties' burdens to search for emails in this case. That is unfortunate; but it is not useful to argue over which sides' interpretation of the email agreement is more "correct," which Defendants appear to be especially interested in doing.

Chervon remains committed to working through the parties' dispute over emails and ESI. In response to Defendants' proposal, Chervon will not agree that adding a sixth custodian resolves the dispute because Defendants' custodial key-word searching has not yielded meaningful results to date. Are Defendants willing to provide hit counts for each

custodian identified in Defendants' supplemental initial disclosures for each of the search terms provided in Chervon's first and second sets of email requests?  To the extent Defendants have in mind alternative search terms that they believe will yield more robust results, please provide hit counts on those too.  Chervon will also take Defendants up on their offer to "provide more information" about their  searching.  Please provide a detailed explanation of Defendants' email (and non-email ESI) search protocol, including but not limited to (i) the servers, computers, folders, databases, and files searched; (ii) the persons who were asked to locate responsive documents; and  (iii) the search terms used, if any, to locate electronically stored documents and information, and the servers, computers, folders, databases, and files in which Defendants ran those terms.  This information, along with the hit counts, may suggest a path forward towards understanding why Defendants have not produced more than a couple of internal emails or emails with third-parties (including THD) that are relevant to this case after conducting what Defendants contend to be not only a reasonable, but "comprehensive," search.  This information may also lead the parties to a resolution regarding non-email discovery responsive to the "nine bullets" at issue.  Following Chervon's review of whatever Defendants provide, Chervon will consider its options, including the need to pursue a 30(b)(6) deposition to better understand Defendants' email and ESI retention, storage, search, collection, etc.

We also look forward to receiving Defendants' privilege log proposal to facilitate the exchange of privilege logs that may shed some additional light on why Defendants' production relating to the "nine bullets" is deficient from Chervon's perspective.

Best,

Matt

**Matthew J. Levinstein**
Shareholder

Greenberg Traurig, LLP
77 West Wacker Drive | Suite 3100 | Chicago, IL 60601
T +1 312.456.1039
levinsteinm@gtlaw.com    |   www.gtlaw.com   |   View GT Biography



---

**From:** Lewis, Damon <damon.lewis@dlapiper.com>
**Sent:** Thursday, January 14, 2021 6:06 PM
**To:** Levinstein, Matthew J. (Shld-Chi-IP-Tech) <levinsteinm@gtlaw.com>; Lukas Jr., James J. (Shld-Chi-IP-Tech) <lukasj@gtlaw.com>; Sand, Callie (Assoc-CHI-IP-Tech) <sandc@gtlaw.com>; Gilford, Benjamin P. (Assoc-Chi-IP-Tech) <gilfordb@gtlaw.com>; Schladweiler, Benjamin (Shld-DEL-IP-Tech) <schladweilerb@gtlaw.com>
**Cc:** dlachervon-oneworld@dlapiper.com
**Subject:** Chervon v. One World - 1.13.2021 Meet and Confer

**\*EXTERNAL TO GT\***

Counsel,

Here is the summary of the parties' January 13, 2021 meet and confer.

One World noted its intention to supplement interrogatories by early next week.

5

**DI 126**
- Chervon is dropping first bullet regarding 10 custodians and default standard
- Chervon is going forward with the Hart requests
- One World is supplementing Interrogatory 4, so Chervon agreed to put on the back burner and see if the supplementation resolves the dispute
- Chervon is dropping the dispute with respect to Interrogatory No. 9
- One World agreed to take RFPs regarding docs provided by Home Depot (154, 160-161, 164-167, and 169) back to the client, and Chervon will determine what steps to take after One World's response
- One World offered to supplement or confirm that we have nothing further to produce regarding RFP 168 – "presentations or studies relating to consumer preferences concerning lawnmower features or characteristics" Chervon is not sure whether this resolves the dispute.
- One World agreed to supplement its response to RFP 163 stating that we produced everything. Chervon is not sure whether this resolves the dispute.
- One World agreed to supplement its response to RFP 153 stating that we produced everything. Chervon does not think this will satisfy the dispute.  Chervon will keep this one on the list.

**DI 147**
- Accused ECHO lawnmower supplementation of Interrogatories – we agreed to supplement by 1/28
- One World is supplementing its response to Interrogatory 2
- One World is supplementing with respect to RFPs implicating Echo, for which Chervon will supply a list of implicated RFPs.  This dispute may be resolved
- One World is discussing with the client documents underlying its adverts to the extent such documents reference Chervon or Chervon's EGO products, and will circle back

Chervon refused to provide a narrowed set of six or fewer disputes at this time, and will present the excess in the January 20 status update.  One World asked that they send the draft status report by the 19th (the day before).

**Email Issue**

Chervon believes that the Email Agreement does not place any limit on discovery, and that there is an obligation to find responsive documents wherever they are without regard to the Email Agreement.  Chervon is going to get back to us with (1) their view and supporting law of the effect of the email agreement; and (2) their response to our proposal to add another custodian.  One World informed Chervon that we don't think a 30b6 on this issue will be useful, and offered to provide more information if they want to direct their questions to us.

**Privilege Log**

One World is going to send a proposal to opposing counsel on the parameters for a privilege log by early next week.


Thanks,

**Damon Lewis**
Of Counsel

**T** +1 202.799.4573
**F** +1 202.799.5362
**M** +1 202.674.1765
**E** damon.lewis@dlapiper.com

DLA PIPER

DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
United States
www.dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.