# EXHIBIT E



**DLA Piper LLP (US)**
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
www.dlapiper.com

Brian A. Biggs
brian.biggs@us.dlapiper.com
T   302.468.5661

August 7, 2021
*Via E-Mail*

James Lukas
Greenberg Traurig, LLC
77 W. Wacker Dr., Suite 3100
Chicago, IL 60601

Re:   Chervon (HK) Ltd. v. One World Technologies, Inc., No. 19-cv-1293 (D. Del.)

Dear James:

We have reviewed Chervon's email production served on July 30, 2021. Of the 700 documents produced, **457 documents** hit on the terms that the Court ordered Chervon to produce by June 30. With families, **635 documents** of the 700 documents Chervon produced were ordered by the Court to have been produced by June 30, 2021. Thus, despite its repeated assurances to the contrary, **Chervon withheld 635 documents for 30 days after the Court-ordered production deadline**, with no explanation for Chervon's violation of the Court's order.

Specifically, in its responsive discovery dispute letter (D.I. 211) and at the hearing, Chervon offered a compromise to produce the documents that hit (1) the "broad, reasonable, and completely disjunctive search string (including Chinese terms where applicable)" that it identified on pages 1-2 of D.I. 211 and (2) the following three searches for which it provided hit counts on June 4, 2021. At the hearing, among other relief, the Court ordered production of the documents that hit those terms by no later than June 30, 2021. *See* May 28 Oral Order ("With respect to One World's motion to compel the production of non-privileged emails, Chervon is ordered to provide hit counts by June 4, 2021, with a further production to be made on or before June 7, 2021 and a deadline for completion of production of June 30, 2021."). Based on Chervon's briefing, those terms were:

- intellectual property OR IP OR lawsuit OR One World OR sue OR 176 OR 420 OR 463 OR 588 OR 686 OR 772 OR 805 OR 806 OR CLM58V* OR CLM-58V* OR Echo OR Hart OR Homelite OR infring* OR OWT OR patent* OR RY401* OR RY40LM* OR Ryobi OR Techtronic OR TTI
- ("home depot" or depot or lowes or lowe's or lowes') and (*mower*) and (cordless or battery)
- (*mower* or mowing or 割草机 or 草机 or 割草 or 剪草机 or 剪草) and (safe* or 安全 or switch or 开关 or telescop* or 伸缩式 or 望远镜 or rotat* or 转动 or 旋转 or 轮换)

WEST\295708505.1



James Lukas
August 7, 2021
Page Two

- ("prior art" or wolf or outils or gardena) and (patent or 专利 or "utility model" or 实用新型) and (*mower* or mowing or 割草机 or 草机 or 割草 or 剪草机 or 剪草 or 2768300 or "2 768 300")

We note that Chervon has never identified what "Chinese terms where applicable" were added to the "broad, reasonable, and completely disjunctive search string" (bullet #1 above).

When we received Chervon's belated July 30 production, we ran the search terms above across that production, which returned the following results:

| **STR - CHERVON_053** | **Documents Containing Term** |
|---|---|
| (*mower* or mowing or 割草机 or 草机 or 割草 or 剪草机 or 剪草) and (safe* or 安全 or switch or 开关 or telescop* or 伸缩式 or 望远镜 or rotat* or 转动 or 旋转 or 轮换) | 426 |
| ("home depot" or depot or lowes or lowe's or lowes') and (*mower*) and (cordless or battery) | 107 |
| intellectual property OR IP OR lawsuit OR One World OR sue OR 176 OR 420 OR 463 OR 588 OR 686 OR 772 OR 805 OR 806 OR CLM58V* OR CLM-58V* OR Echo OR Hart OR Homelite OR infring* OR OWT OR patent* OR RY401* OR RY40LM* OR Ryobi OR Techtronic OR TTI. | 106 |

After deduplicating these hits, we determined that **457 emails and attachments** hit on these terms, and with families the number of emails and attachments increases to **635 documents**. Thus, Chervon produced **635 documents** one full month after the Court-ordered deadline to produce by June 30 for reasons that remain unexplained by Chervon. We can only conclude that Chervon's violation of the Court's order is willful, given our repeated requests for Chervon to confirm that it had fully complied with the Court's May 28 Order. In fact, each of the statements below now appears to have been false when made, and is certainly false now that we have Chervon's July 30 production:

- July 1, 2021: During the meet and confer, Chervon represented that it produced all non-privileged hits (with families) for (1) the "broad, reasonable, and completely disjunctive search string (including Chinese terms where applicable)" that it identified on pages 1-2



James Lukas
August 7, 2021
Page Three

- of D.I. 211 and (2) the three searches for which it provided hit counts on June 4, 2021.  That was and is not true.
- July 8, 2021:  In your email, you represented: "Chervon's substantial email production is responsive to Defendants' January 27, 2021 Email Production Requests and the disjunctive Chervon Search along with the three search strings Chervon agreed to provide hit counts for on June 4, 2021 (for the respective custodians identified for any search string and subject to Chervon's privilege, responsiveness, and deduplication review)."  That statement also was and is not true.
- July 13, 2021:  In your email, you represented: "Chervon's substantial email production complies with the Court's Order and is responsive to Defendants' January 27, 2021 Email Production Requests and the disjunctive Chervon Search along with the three search strings Chervon agreed to provide hit counts for on June 4, 2021 (for the respective custodians identified for any search string and subject to a privilege, responsiveness, and deduplication review)."  Again, we now know this statement is not true given the contents of Chervon's July 30 production.

Not only did Chervon violate the Court's May 28 Order by failing to produce these **635** documents by June 30, Chervon also failed to comply with the May 28 Order for the reasons outlined in my July 2 email, including by producing its documents on July 1 rather than June 30, and failing to produce documents on the Ego-related search terms.

Chervon's July 30 production only confirms the concerns we raised in my July 14 email that Chervon has been, and remains in, violation of the May 28 Order.  And Chervon's effort to obfuscate its violations only furthers the prejudice to One World, as we have (1) been forced to expend significant time and effort in investigating, corresponding, and meeting and conferring with Chervon about its violations; and (2) lost significant time in reviewing and translating Chervon's belated production.  Indeed, more than 500 documents in Chervon's belated July 30 production are Chinese-language, which will require translation into English.

We look forward to Chervon explaining how its July 30 production is not a violation of the May 28 Order and how Chervon's repeated statements to One World's counsel were not misleading.  Absent an adequate explanation, we intend to seek the appropriate relief for Chervon's willful disregard of the Court's May 28 Order.

WEST\295708505.1



James Lukas
August 7, 2021
Page Four

Best regards,

*/s/ Brian A. Biggs*

Brian A. Biggs (DE Bar No. 5591)

WEST\295708505.1