# EXHIBIT F



James J. Lukas, Jr.
Tel 312.456.1038
Fax 312.456.0388
lukasj@gtlaw.com

December 18, 2020

**VIA E-MAIL**

| | |
|---|---|
| Sean C. Cunningham, Esq. | Denise S. Kraft, Esq. |
| Erin P. Gibson, Esq. | Brian A. Biggs, Esq. |
| David R. Knudson, Esq. | Erin E. Larson, Esq. |
| DLA Piper LLP (US) | DLA Piper LLP (US) |
| 401 B Street, Suite 1700 | 1201 North Market Street, Suite 2100 |
| San Diego, CA 92101-4297 | Wilmington, DE 19801-1147 |
| sean.cunningham@dlapiper.com | denise.kraft@dlapiper.com |
| erin.gibson@dlapiper.com | brian.biggs@dlapiper.com |
| david.knudson@dlapiper.com | erin.larson@dlapiper.com |

Damon M. Lewis, Esq.
DLA Piper LLP (US)
500 Eighth Street NW
Washington, DC 20004
damon.lewis@dlapiper.com

    Re:    *Chervon (HK) Limited et al. v. One World Technologies, Inc. et al.*, Case No. 19-cv-1293 (D. Del.)

Dear Counsel:

This letter addresses outstanding discovery issues regarding One World Technologies, Inc.'s and Techtronic Industries Co. Ltd.'s, and Homelite Consumer Products, Inc.'s (collectively, "Defendants'") responses to Chervon (HK) Limited's and Chervon North America, Inc.'s (collectively, "Chervon's") Eighth Set of Interrogatories (Nos. 20-22), which were served by Defendants on December 14, 2020.

As detailed below, Defendants' responses to Chervon's Interrogatory Nos. 20-22 are insufficient and fall short of Defendants' responsibilities under Fed. R. Civ. P. 33. Accordingly, please promptly provide us with supplemental responses to these interrogatories, and a time during which you are available to meet and confer.

    I.    <u>Chervon's Interrogatory No. 20.</u>

To the extent One World contends that there are any differences between the Crossbar Accused Products, between the Levered Accused Products, or between the HART Accused Products that are relevant to determining infringement or

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∗
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS
* OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
∼ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k
∗ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
** STRATEGIC ALLIANCE

Defendants' Counsel of Record
December 18, 2020
Page 2

———————————

**noninfringement of the Asserted Claims, identify each such difference and state in detail why One World contends the difference is relevant.**

Defendants refused to provide a response to this Interrogatory and stated that they were willing to "meet and confer over the relevance of this Interrogatory." Please provide us with your availability for a meet and confer during the weeks of *December 21, 2020 or December 28, 2020.*

## II.     Chervon's Interrogatory No. 21.

**For each of Chervon's EGO lawn mower products, identify the date on which One World first became aware of the product, the circumstances of how One World became aware of the product, the individual(s) who first became aware of the product, and any subsequent action or analysis considered, requested, or taken by One World relating to the product.**

This Interrogatory seeks discovery regarding nonprivileged matters that are highly relevant to Chervon's infringement, willfulness, and damages claims and Defendants' defenses. Defendants provided a partial initial response to Chervon's Interrogatory No. 21 on December 14, 2020, but have not supplemented or amended their response and, to date, Chervon has not received a sufficient response.

For example, Defendants repeatedly assert that "One World does not know what individual first became aware of the product or the circumstances of how One World became aware of the product." Nevertheless, Defendants identify *three* "competitive landscape reports" (TTI1293_00003691, TTI1293_00003689, and TTI1293_00002119) that identify several Chervon EGO lawn mower products. To the extent Defendants maintain that they made a sufficient, reasonable, and good faith effort to obtain the requested information and can identify only "competitive landscape reports," Defendants must, at a minimum: (1) provide Chervon with the names of the person(s) who created these "competitive landscape reports"; (2) explain the circumstances of how Defendants gather the information to be included in these "competitive landscape" reports, including identifying meetings, dates, and individuals responsible for gathering and reporting competitive intelligence; and (3) describe how Defendants use or implement these "competitive landscape reports" with respect to Defendants' own products.

Additionally, Defendants identified only a discrete number of Chervon's EGO lawn mower products and failed to identify dates, circumstances, and individuals relating to when and how Defendants became aware of certain other of the Chervon EGO lawn mower products identified in Chervon's responses to Defendants' Interrogatory No. 2, including LM2130SP, LM2130, LM2100SP, LM2100, LM2142SP, LM2020SP, LM2000-S, LM2000, LM2002, LM2002-P, LM2006, LM2020, LM2022SP, LM2135SP, and LM2133.

Defendants' Counsel of Record
December 18, 2020
Page 3

Accordingly, please immediately supplement Defendants' response to Interrogatory No. 21 with the requested information. Otherwise, please provide us with your availability for a meet and confer during the weeks of *December 21, 2020 or December 28, 2020.*

### III.     Chervon's Interrogatory No. 22.

**Identify each verbal or written communication and/or meeting One World has had with any person or entity, including but not limited to internal communications and meetings, as well as communications and meetings with The Home Depot or Wal-Mart, relating to any Chervon EGO lawn mower product and/or any of the Patents-in-Suit, and for each such communication or meeting list the date of the communication or meeting, the persons involved, and the documents generated or discussed.**

Defendants provided a partial initial response to Chervon's Interrogatory No. 22 on December 14, 2020, but have not supplemented or amended their response and, to date, Chervon has not received a sufficient response. Defendants' response to Interrogatory No. 22 is deficient because Defendants have relied on Rule 33(d), but have failed to identify responsive documents with particularity or otherwise fully answer these interrogatories.

For example, Defendants identified only *four* documents pursuant to Rule 33(d) that purportedly provide the information requested by this Interrogatory; however, its response remains incomplete. Two of the documents, TTI1293_00006011 and TTI1293_00006015, are emails from Home Depot to numerous companies, including Defendants, regarding a trade show event attended by those companies. These communications do not appear to discuss, reference, or mention Chervon's EGO lawn mower products or the Patents-in-Suit and thus are not fully responsive to this Interrogatory. Further, a third document identified by Defendants (TTI1293_00006000) is an internal email regarding a meeting discussing ongoing AC/DC projects. Again, neither the email nor its attachments appear to relate to Chervon's EGO lawn mower products or the Patents-in-Suit. If Defendants' identification of this email is intended to suggest that Defendants discussed Chervon's EGO lawn mower products and/or the Patents-in-Suit during this internal meeting (or other internal meetings), then please supplement your response with the details of the meeting relevant to Chervon and the documents generated or discussed. In any event, this communication does not fully answer this Interrogatory.

Additionally, as detailed in previous correspondence, Chervon remains skeptical that Defendants' document production is complete based on Defendants' production in this Litigation and Defendants' filings and statements in other publicly available litigations (*see, e.g., One World Techs., Inc. v. Harbor Freight Tools USA, Inc*., Civil Action No. 8:20-cv-02004-TMC (D.S.C.) ("South Carolina Litigation")[1]. Therefore, Chervon expects Defendants

---

[1] As you are aware, Defendants' counsel in this Litigation, DLA Piper, LLP, also represents Defendant One World Technologies, Inc. in the South Carolina Litigation.

Defendants' Counsel of Record
December 18, 2020
Page 4

to supplement this Interrogatory as they produce documents with responsive information and documents.

Finally, Defendants objected that "this request is inconsistent with the parties' March 26, 2020 agreement concerning the discovery of electronic documents." Again, Defendants' objection is confusing and irrelevant.[2] Please confirm that Defendants are not withholding, or will not withhold, non-privileged information regarding communications or meetings responsive to this Interrogatory on this basis and please provide us with your availability for a meet and confer during the weeks of *December 21, 2020 or December 28, 2020.*

                 Very truly yours,

                 James J. Lukas, Jr.

---

[2] As noted in previous communications, any agreement related to only emails does not relieve Defendants of their responsibility to identify relevant communications and/or meetings and provide dates, person(s), and materials exchanged or discussed. Moreover, Chervon has already sought Court intervention regarding Defendants' insufficient production in response to Chervon's "Email Production Requests." (*See* Dkt. No. 112 at 2.)