# EXHIBIT H

## Page 1

```
IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF DELAWARE


CHERVON (HK) LIMITED,  )
et al.,                )
                       )
       Plaintiffs,     )  C.A. No. 19-1293 LPS
                       )
v.                     )
                       )
ONE WORLD TECHNOLOGIES,)
INC., et al.,          )
                       )
       Defendants.     )


              Thursday, May 27, 2021
              2:00 p.m.


              844 King Street
              Wilmington, Delaware


BEFORE:  THE HONORABLE SHERRY R. FALLON
         United States District Court Judge


APPEARANCES:

         GREENBERG TRAURIG
         BY:  BENJAMIN J. SCHLADWEILER, ESQ.
         BY:  MATTHEW S. LEVINSTEIN, ESQ.
         BY:  JAMES J. LUKAS, ESQ.

                      Counsel for the Plaintiff
```

Hawkins Reporting Service
855 Arthursville Road  Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

## Page 2

APPEARANCES CONTINUED:

DLA PIPER LLP
BY: BRIAN A. BIGGS, ESQ.
BY: DAMON M. LEWIS, ESQ.
BY: SEAN C. CUNNINGHAM, ESQ.

Counsel for the Defendant

Hawkins Reporting Service
855 Arthursville Road  Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

## Page 3

1  THE COURT: Good afternoon. This
2  is Magistrate Judge Sherry Fallon joining the
3  discovery dispute teleconference this afternoon
4  in Chervon, Ltd., et al., versus One World
5  Technologies, et al. Let me first make a record
6  who is appearing on the call. I believe we have
7  Ms. Stacy Ingram, our court stenographer, is
8  that correct.
9  COURT REPORTER: Yes, Your Honor.
10  I'm here.
11  THE COURT: All right. Very good.
12  And also my law clerk Ms. Polito has joined.
13  Let's start with appearances of counsel now,
14  starting with counsel for the plaintiffs,
15  Delaware counsel.
16  MR. SCHLADWEILER: Good afternoon,
17  Your Honor. This is Ben Schladweiler from
18  Greenberg Traurig on behalf of plaintiff
19  Chervon. I'm joined with today by James Lukas
20  and Matthew Levinstein, both from our Chicago
21  office.
22  THE COURT: All right. Thank you,
23  everyone. And the same on the defense side.
24  MR. BIGGS: Good afternoon, Your

Hawkins Reporting Service
855 Arthursville Road  Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

## Page 4

1  Honor. This is Brian Biggs from DLA Piper on
2  behalf of defendants. With me on the line are
3  my colleagues, Sean Cunningham and Damon Lewis,
4  also of DLA Piper.
5  THE COURT: Good afternoon. All
6  right. There's a number of issues that we need
7  to address this afternoon. Hopefully the
8  parties will let me know if any have since been
9  resolved, and if not, we'll address them all.
10  I'd like to begin with document
11  item number 207, which is the moving submission
12  from Chervon relating to the alleged discovery
13  misconduct arising from the e-mail production
14  made by defendants One World.
15  MR. LEVINSTEIN: Yes, Your Honor.
16  This is Matthew Levinstein for Chervon. I'll be
17  presenting argument on this. May I begin?
18  THE COURT: Please begin.
19  MR. LEVINSTEIN: Thank you, Your
20  Honor. So the relief that Chervon is requesting
21  here is pretty simple and straightforward. And
22  I know Your Honor is familiar with the briefs,
23  so I will do my best to get through this quickly
24  because I know we have a lot of issues to get

Hawkins Reporting Service
855 Arthursville Road  Hartly, Delaware  19953
(302) 658-6697  FAX (302) 658-8418

33

rectified by using, in conjunction with outside counsel, an e-discovery specialist, a more robust search tool. One World also represents that it modified the search terms to provide, quote unquote, meaningful hits.

Chervon's motion to compel seeks an explanation from One World accounting for the vast discrepancy in the e-mail production and leave to move for sanctions for the alleged lack of compliance with One World's discovery obligations under rule 37. The discovery rules and the case authorities interpreting them leave no dispute that a party has a duty to fully cooperate with its discovery obligations for purposes of rule 37A(4), an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond. And I'll refer also to a case citation, Eon Corp, IP Holdings versus Flow TV and Tulip Computers International versus Dell.

The Court does not subscribe to the view that as long as the requesting party eventually gets the discovery requested, the conduct of the producing party which precedes it
34

is irrelevant. Here, the Court finds a sufficient gap in the magnitude between the initial and subsequent production of e-mails to reasonably call into question whether One World is in compliance with its obligation under rule 37. The Court requires an explanation of this disparity to determine whether it is the result of harmless inadvertence or lack of a good faith search.

Therefore, the Court grants in part Chervon's motion to compel as follows. On or before June 4, One World shall provide to Chervon hit counts on Chervon's original e-mail search strings as listed in its form of proposed order at DI 207-2 at paragraph 2. That's the order attached to Chervon's moving submission. On or before June 4, One World shall provide to Chervon a declaration addressing the factually detailed basis for the large disparity between the e-mail production, the explanation for the delay in recognizing a deficiency in the first e-mail production, a factually detailed description of the, quote, technical limitation in its prior search, which it rectified by using

35

a more robust search tool, end quote, and the detailed facts underlying the process it implemented to modify the terms to provide meaningful hits.

While this order does not compel disclosure of privileged information, the Court expects that One World will not unreasonably assert claims of privilege to frustrate or obstruct the purpose of the declaration.

Then on or before June 11, should a reasonable basis exist, Chervon has leave to move for sanctions under rule 37 in accordance with the Court's discovery dispute procedures for requesting a hearing date via a joint motion and subject to the page limitations for letter briefing which govern discovery disputes. And I fully expect that prior to doing that and moving ahead with a sanctions motion, that that would be carefully reviewed by Chervon, that there would be a meet and confer between the parties if the declaration I've ordered to be supplied leaves any question about whether this is, as I said, harmless inadvertence or lack of a good faith search. And then if Chervon believes

36

reasonably that there's a basis for moving ahead, it has leave to file a rule 37 motion, but I prefer it to be briefed in accordance with my standard discovery dispute procedures. I'm not going to authorize at this time, you know, the 20 page, 20 page, 10 page or whatever briefing under the local rules. So that is my order with respect to this issue.

At this time I would like to stay with the issues raised by the plaintiffs and move on next to the motion to compel complete sales, finance, marketing and advertising related production from One World. First, let me ask, who will be addressing that on behalf of Chervon, because we've already spent quite a bit of time on this call with respect to the e-mail issue and I think I can move this issue along a bit more quickly if I find out who is addressing it and ask my questions at the outset.

MR. LEVINSTEIN: Thank you, Your Honor, this is Matthew Levinstein for Chervon. I will be addressing these issues.

THE COURT: All right. So Mr. Levinstein, you've obviously read Chervon's --