

Benjamin Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

December 8, 2021

**VIA CM-ECF**

The Honorable Leonard P. Stark
USDC for the District of Delaware
J. Caleb Boggs Federal Building, 844 N. King Street
Wilmington, DE 19801

> Re:   *Chervon (HK) Limited et al. v. One World Technologies, Inc. et al.*, Case No. 19-cv-1293 (D. Del.): Chervon's Rule 12(f) Motion to Strike Defendants' Inequitable Conduct Affirmative Defense (D.I. 171, ¶¶ 141-147)

Dear Judge Stark:

Pursuant to Rule 12(f) and the Court's Revised Procedures for Managing Patent Cases, Chervon respectfully requests that the Court grant its motion to strike Defendants' Ninth Affirmative Defense of Inequitable Conduct ("IC Defense," D.I. 171, ¶¶ 141-147).[1]  The Court should strike Defendants' IC Defense because Defendants cannot plead or prove materiality under *Therasense, Inc. v. Becton, Dickinson &Co*., 649 F.3d 1276, 1291-92 (Fed. Cir. 2011).  Defendants base their entire IC Defense on the applicant's failure to disclose Figure 10 of the Outils reference[2] during prosecution of three Patents-in-Suit and Defendants' related mischaracterization of statements from the Patent and Trial Appeal Board's (the "Board's") preliminary institution decisions in the *inter partes* reviews of those patents about Outils.[3]  But the Board recently issued Final Written Decisions holding all asserted claims allowable, patentable, and valid over Outils.  Outils (and its Figure 10) is therefore not but-for material to the patentability of the asserted patents and claims as a matter of law.  The Board's Final Written Decisions concluding that the claims of the three Patents-in-Suit are allowable over Outils (and its Figure 10) means that Defendants' entire IC Defense and the allegations contained therein regarding Outils' Figure 10 are insufficient, contradicted by the public record, and self-evidently false.  The Court should grant Chervon's motion to strike.

### I.   FACTUAL BACKGROUND

Defendants' IC Defense alleges that applicant committed inequitable conduct during prosecution by failing to disclose, or by omitting, an allegedly material Figure 10 from Outils with an intent to deceive the patent office.  (*See generally*, D.I. No. 171, ¶¶ 141-147; *see also id*., ¶ 144 ("***withheld*** material information" and "a 'key' figure that was ***withheld***"), ¶ 145

---

[1] Chervon filed objections to the Magistrate's 1/28/21 Oral Report and Recommendation ("R&R") granting Defendants leave to amend their answer to add the IC Defense.  (*See* D.I. 191; *see also* D.I. 238.)  Chervon's objections remain pending but because Defendants have refused to withdraw their IC Defense in light of the Board's Final Written Decisions, Chervon is now requesting that the Court strike Defendants' IC Defense.

[2] Defendants do not dispute that the entire Outils specification and a translation was before the examiner during the original prosecution.  (*See* D.I. No. 171, ¶ 146.)

[3] *i.e.*,  IPR2020-00884 (U.S. Patent Nos. 9,596,806); IPR2020-00886 (U.S. Patent No. 9,826,686); and IPR2020-00888 (U.S. Patent No. 10,070,588) (collectively, the "IPRs").

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

* OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
∞ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
** STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM

The Honorable Leonard P. Stark
December 8, 2021
Page 2

---

("the *withheld* material information from Outils meets the 'but for' materiality standard."), ¶ 146 ("that information from Outils was *withheld*" and "*omissions* deprived the examiner of the opportunity to fully consider Outils before granting the patents") (emphases added).)

The Board issued Final Written Decisions confirming the patentability of the relevant Patents-in-Suit and their asserted claims over Outils (and Outils' Figure 10) and holding that Outils (and Outils' Figure 10) fails to disclose, teach, or suggest numerous claimed limitations. (*See, e.g.,* D.I. 237 at 1-2; *see also id.* at Ex. A at 31-33, 39; Ex. B at 47, 49, 56; Ex. D at 44-45, 53.)

## II. ARGUMENT

### A. Legal Standards.

#### 1. A Rule 12(f) Motion To Strike.

"Rule 12(b)(6) does not offer a mechanism for dismissing an affirmative defense." *Diebold Nixdorf, Inc. v. Hyosung TNS, Inc.*, Case No. 19-1695-LPS, 2021 U.S. Dist. Lexis 42646, at *4 (D. Del. Mar. 4, 2021) (quotation omitted). "[T]he Court may strike from a pleading any insufficient defense." *Id.* (quotation omitted); *see also* Fed. R. Civ. P. 12(f). "The court is not obligated to accept as true 'bald assertions,' [] 'unsupported conclusions and unwarranted inferences,' [] or allegations that are 'self evidently false.'" *Pac. Biosciences of Cal., Inc. v. Oxford Nanopore Techs. Inc.*, Case Nos. 17-275-LPS, 17-1353-LPS, 2019 U.S. Dist. Lexis 25578, at *4 (D. Del. Feb. 19, 2019) (citations and quotations omitted). The Court may rely upon, and take judicial notice of, publicly available information in deciding a motion to dismiss or strike. *Senju Pharm. Co. v. Apotex, Inc.*, 921 F.Supp.2d 297, 304 (D. Del. 2013) (holding that a court may rely upon the patent office's reexamination file in deciding a motion to dismiss); *Citrix Sys. v. AVI Networks, Inc.*, 363 F. Supp. 3d 511, 520 (D. Del. 2019) (quoting *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1372 (Fed. Cir. 2018)) ("[I]n ruling on a 12(b)(6) motion, a court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").[4]

#### 2. Inequitable Conduct And *Therasense's* But-For Materiality.

Defendants agree that "[i]nequitable conduct . . . is proven 'by clear and convincing evidence that the patent applicant (1) misrepresented or omitted information material to patentability, and (2) did so with specific intent to mislead or deceive the PTO." *Ohio Willow Wood Co. v. Alps S., LLC,* 735 F.3d 1333, 1344 (Fed Cir. 2013) (citations omitted). Intent and materiality

---

[4] *See also L. A. Biomedical Research Inst. at Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.*, 849 F.3d 1049, 1062 n.6 (Fed. Cir. 2017) (taking judicial notice of related court proceedings, including a Final Written Decision in a related IPR proceeding); *Function Media, LLC v. Google Inc.*, 708 F.3d 1310, 1316 n.4 (Fed. Cir. 2013) ("It is proper to take judicial notice of a decision from another court or agency at any stage of the proceeding."); *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d. Cir. 2004) (a court may consider any document that forms the basis of a claim or is "integral to or explicitly relied upon in the complaint").

The Honorable Leonard P. Stark
December 8, 2021
Page 3

must be separately established. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011)." (D.I. 171, ¶ 143.) *Therasense* requires **but-for materiality**:

> This court holds that, as a general matter, the materiality required to establish inequitable conduct is but-for materiality. ***When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art.*** Hence, in assessing the materiality of a withheld reference, the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference.

*Therasense*, 649 F.3d at 1291-92; *see also Diebold*, 2021 U.S. Dist. Lexis at *5 ("With regard to materiality, the party making the inequitable conduct claim must show but for an omission or misrepresentation by the patent applicant, the PTO would not have allowed a patent claim to issue.") (citing *Therasense*, 649 F.3d at 1290).

        **B.**    **The Court Should Strike Defendants' IC Defense As Insufficient, And Self-Evidently False In View Of The Board's Final Written Decisions Allowing The Asserted Claims Over Outils.**

The Court should strike Defendants' IC Defense because it relies on a reference that is not material as a matter of law. *Therasense*, 649 F.3d at 1290-92 (requiring but-for materiality). Courts routinely strike inequitable conduct defenses based on a reference that the patent office has considered and then allowed a patent to issue over that reference. *See, e.g., Diebold*, 2021 U.S. Dist. Lexis at * 10 (granting plaintiffs' motion to strike part of an inequitable conduct defense because the examiner considered a reference during prosecution but allowed the patent, and thus the reference was not but-for material); *Jaguar Land Rover v. Bentley Motors*, Case No. 18-cv-320, 2020 U.S. Dist. Lexis 205788, at * 10-14 (E.D. Va. Apr. 30, 2020) (denying motion to add an inequitable conduct claim/defense as futile because the movant could not meet the "but-for materiality prong" where the prior art was before the Board in an IPR petition but the Board refused to institute the IPR based on the art); *see also Scripps Clinic & Research Found. v. Genentech, Inc.*, 927 F.2d 1565, 1582 (Fed. Cir. 1991) ("When a reference was before the examiner . . . it cannot be deemed to have been withheld from the examiner").[5] Defendants cannot plead or prove the required materiality element of Defendants' IC Defense in view of the Board's Final Written Decisions in the IPRs. Defendants' IC Defense alleges that applicant committed inequitable conduct during prosecution by failing to disclose an allegedly material Figure 10 from Outils. The Board has now considered Outils (and Outils' Figure 10) in the IPRs and has allowed all asserted claims over Outils. Accordingly, the Court should take judicial notice of the Board's Final Written Decisions, conclude that Outils is not but-for material as a matter of law, and strike Defendants' IC Defense.

---

[5] *See also Polaris Indus. v. Artic Cat Inc.*, Case No. 13-cv-3579, 2014 U.S. Dist. Lexis 149375, at *64 (D. Minn. Oct. 20, 2014) ("Despite this disclosure [of Vista] during prosecution, the PTO issued the '125 and '405 Patents, demonstrating that the Vista was not material prior art to those patents, because the PTO allowed the claims even after it had been made aware of the Vista.").

The Honorable Leonard P. Stark
December 8, 2021
Page 4

_____

                                              Sincerely,

                                              */s/ Benjamin J. Schladweiler*
                                              Benjamin J. Schladweiler (#4601)