

Benjamin Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

January 25, 2022

**VIA CM-ECF**
The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

>       *Re:*      *Chervon (HK) Limited v. One World Technologies, Inc.*, No. 19-cv-1293

Dear Magistrate Judge Fallon:

A privileged and confidential invention record was inadvertently unsealed and Chervon respectfully requests that the Court seal the document. ***Chervon specifically requests that Exhibit D of Exhibit 13 of D.I. 239 be sealed.***

By way of background, Defendants attached the document at issue as ***an exhibit to an exhibit*** to a discovery dispute letter filed on November 22, 2021.  (D.I. 239.)  Defendants filed a redacted version of their discovery dispute letter that redacted Exhibits 1, 2, 3, and 13.  (D.I. 241.)  On November 23, 2021, Chervon clawed back that document as privileged.  On November 30, 2021, the Court ordered the parties to jointly submit a letter to the Court explaining why Exhibits 1, 2, 3, and 13 should remain under seal.  (11/30/2021 Oral Order.)  Upon review of Exhibits 1, 2, 3, and 13 attached to D.I. 239, the exhibits attached to Exhibit 13 of D.I. 239 were inadvertently not considered.  One of those exhibits, namely, Exhibit D, is a privileged, confidential invention record that is currently the subject of a privilege dispute between the parties.  (*See* D.I. 257 ("Whether Plaintiffs are withholding invention records documents under an improper claim of attorney-client privilege….").)  Defendants' counsel advised Chervon yesterday evening that Exhibit D of Exhibit 13 of D.I. 239 remains in the public record.  Chervon has diligently advised the Court of the situation through this letter.

Disclosure of Chervon's (i) privileged and (ii) confidential invention record would "work a clearly defined and serious injury to" Chervon.  *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).  Privileged information is not discoverable.  Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any ***nonprivileged*** matter…." (emphasis added)).  "[I]t generally is acknowledged that the attorney-client privilege is so sacred and so compellingly important that the courts must, within their limits, guard it jealously." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) (citations and quotations omitted); *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000) ("We therefore hold that an invention record constitutes a privilege communication, as long as it is provided to an attorney 'for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding.'").[1]

---

[1] Defendants have challenged the privileged nature of Chervon's invention records, and the parties briefing on that issue (among others) is due to be filed on 1/27-28.

Greenberg Traurig, LLP  ■  Attorneys at Law  ■  WWW.GTLAW.COM
The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801 ■ Tel: 302.661.7000 ■ Fax 302.661.7360

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN~
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME~
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

*  OPERATES AS GREENBERG
   TRAURIG MAHER LLP
+  OPERATES AS
   GREENBERG TRAURIG, S.C.
∆  A BRANCH OF
   GREENBERG TRAURIG, P.A.
   FLORIDA, USA
~  OPERATES AS
   GREENBERG TRAURIG GRZESIAK sp.k.
∞  OPERATES AS
   GREENBERG TRAURIG LLP
   FOREIGN LEGAL CONSULTANT
   OFFICE
^  STRATEGIC ALLIANCE

The Honorable Sherry R. Fallon
January 25, 2022
Page 2


The harms associated with disclosure of Chervon's privileged and confidential invention record is self-evident: it would give the public access to the inner workings of Chervon's invention and patent prosecution process and access to privileged requests for, and reflections, of legal advice.  (*See* Declaration of Matthew Levinstein attached hereto). Chervon's invention record also details specific product features for which Chervon may seek (or may have sought) patent protection.  Placing Chervon's privileged invention record in the public's hands, including Chervon's competitor, would jeopardize Chervon's patent eligibility, Chervon's first to market advantages, and the confidentiality of Chervon's internal processes and standard practices that contribute to Chervon's overall value and ability to compete in the market, etc.   (*Id*.)  For these reasons, Chervon requests that the Court seal Exhibit D of Exhibit 13 of D.I. 239 because it is privileged and because it contains confidential information that would harm Chervon if it remains publicly available.


Sincerely,

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)