

Benjamin Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

February 4, 2022

**VIA CM-ECF**

The Honorable Leonard P. Stark
USDC for the District of Delaware

> Re: *Chervon (HK) Ltd. v. One World Techs., Inc.*, Case No. 19-cv-1293 (D. Del.): Chervon's Motion to Strike Undisclosed and Uncharted Invalidity Theories

Dear Judge Stark:

Pursuant to Fed. R. Civ. P. 16 and 37 and the Court's Revised Procedures for Managing Patent Cases, Chervon requests that the Court strike all new prior art invalidity theories in Defendants' Narrowed Final Invalidity Contentions ("NIC") that were not disclosed or charted in Defendants' Final Invalidity Contentions ("FIC") because they are legally deficient, untimely-served in willful disregard of the schedule, and highly prejudicial.

## I.   FACTUAL BACKGROUND

The Court issued its *Markman* order on November 9, 2020. (D.I. 109.) On December 17, 2020, Defendants served their FIC in accordance with the Court's Scheduling Order. (FIC, **Ex. 1**.) Defendants have not moved to amend their FIC.[1] On October 26, 2021, the parties filed a joint stipulation requiring Defendants to narrow the number of invalidity grounds from their FIC to no more than three grounds per asserted claim. (D.I. 234 at 1-2.) On January 21, 2022—after the close of fact discovery—Defendants served their NIC on Chervon. (NIC, **Ex. 2** ("Defendants provide below their *reduction* to three grounds per asserted claim.").)

## II.   LEGAL STANDARDS

Pursuant to Rules 16(f) and 37(c)(1), the Court may strike or exclude untimely invalidity theories. *See Veh. IP, LLC v. Werner Enterprises, Inc.*, 10-cv-503, 2013 WL 4786119, at **2-3 (D. Del. Sept. 9, 2013); *see also* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(c)(1); *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1283 (Fed. Cir. 2012). In this District, the defendant's prior art invalidity theories must be charted. *British Telecomm. PLC v. IAC/InterActiveCorp*, 18-cv-366, 2020 WL 3047989, at *6 (D. Del. June 8, 2020). In determining whether a failure to disclose was substantially justified or harmless, courts consider the *Pennypack* factors (discussed and identified as "*PP__*" below).[2] *Intellectual Ventures I LLC v. AT&T Mobility LLC*, No. 13-cv-1668-LPS, 2017 U.S. Dist. LEXIS 182511, at *7 (D. Del. Feb. 14, 2017) (striking legally deficient and untimely contentions).

## III.   ARGUMENT

The Court should strike the new invalidity theories identified below that Defendants did not disclose or chart in their FIC and asserted for the first time in their NIC in violation of the Court's Scheduling Order (D.I. 37). Applying the *Pennypack* factors, Defendants' belated disclosure of their new theories is neither substantially justified nor harmless because: (i) the

---

[1] Defendants have not sought leave to amend because they cannot demonstrate good cause.
[2] *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir.1977).

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN··
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME··
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

* OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
∞ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
·· STRATEGIC ALLIANCE

new theories are legally deficient as Chervon does not know which claim elements Defendants contend are disclosed in which reference or how the new theories apply the Court's claim constructions (*PP2*); (ii) it constitutes a series of new theories disclosed for the first time after the close of fact discovery and more than one year after Defendants served their FIC (*PP2*); (iii) the belated disclosure attempts to circumvent the IPR estoppel provisions in bad faith by adding more product-based invalidity grounds for the patents subject to IPR estoppel (*see* D.I. 275) (*PP2, 6*); (iv) Defendants were aware of all the references in their new obviousness combinations at the time they served their FIC (*PP5, 6*); (v) Chervon would need additional fact discovery to formulate a proper response (*PP2, 4*); (vi) Defendants are improperly using the PTAB's Institution Decisions (not instituting IPRs on five asserted patents) and Final Decisions (upholding the validity of all challenged claims from four asserted patents) from the IPRs as a roadmap to attempt to fill in the gaps in their invalidity case after forcing Chervon to spend hundreds of thousands of dollars to (successfully) defend its patents in the IPRs (*PP2, 4, 5, 6*); and (vii) Defendants have other invalidity grounds available to them such that granting Chervon's motion will not cripple Defendants' invalidity case (*PP1*).

| UNDISCLOSED AND UNCHARTED THEORY | THE BASIS FOR STRIKING DEFENDANTS' NEW, UNDISCLOSED, AND UNCHARTED INVALIDITY THEORY |
|---|---|
| **U.S. Patent No. 9,060,463** ||
| Akiba with Nakano [1] | Defendants do not identify a Nakano ground for the '463 patent in their FIC (Ex. 1, at 8) and do not cite to or rely upon Nakano in the Akiba claim chart (FIC Chart A-1, **Ex. 3**). |
| **U.S. Patent No. 9,596,806** ||
| Gardena 34A with Nakano, Outils, and Matsunaga [1, 3, 6, 8] | Defendants do not identify a Gardena 34A or Matsunaga ground for the '806 patent in their FIC. (Ex. 1, at 8-9.) |
| Outils with Nakano and Langdon [1, 6] | Defendants do not cite to or rely upon Nakano or Langdon for claims 1 or 6 in the relevant claim chart. (FIC Chart B-3, **Ex. 4**, at 1-7.) |
| Ryobi BMM2400 with Outils, Nakano, and Langdon [1, 6] | Defendants do not identify this ground in their FIC (Ex. 1, at 8-9) and do not cite to or rely upon Nakano or Langdon for claims 1 or 6 in the BMM2400 chart (FIC Chart B-7, **Ex. 5**, at 1-13). |
| Outils with Matsunaga, Langdon, and Nakano [3, 8] | Defendants do not identify a Matsunaga ground for the '806 patent in their FIC (Ex. 1, at 8-9) and do not cite to or rely upon Matsunaga in the Outils with Nakano and Langdon claim chart (FIC Chart B-1, **Ex.** 6). |
| **U.S. Patent No. 9,648,805** ||
| Langdon with Idota and Wu [1] | Defendants do not identify this ground in their FIC. (Ex. 1, at 9.) |
| **U.S. Patent No. 9,826,686** ||
| Gardena 34A with Nakano, Outils, Matsunaga, and CN'817 [1, 8, 11, 18] | Defendants do not identify a Gardena 34A ground for the '26686 patent in their FIC. (Ex. 1, at 9.) |
| Ryobi BMM2400 with Outils, Matsunaga, Nakano, and CN'817 [1, 8, 11, 18] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and do not cite to or rely upon CN'817 in the BMM2400 claim chart (FIC Chart C-3, **Ex. 7**). |
| Outils with Roelle, Matsunaga, Langdon, and Nakano [1, 11] | Defendants do not cite to or rely on Langdon or Nakano for claims 1 or 11 in the relevant claim chart. (FIC Chart C-2, **Ex. 8**, at 1-14.) |

Page 3

| | |
|---|---|
| **U.S. Patent No. 9,986,686** | |
| Gardena 34A with Nakano, Outils, and Matsunaga [1, 8, 11, 18] | Defendants do not identify a Gardena 34A ground for the '86686 patent in their FIC (Ex. 1, at 9.) |
| Ryobi BMM2400 with Nakano, Outils, and Matsunaga [1, 8, 11, 18] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and do not cite to or rely upon Matsunaga for claims 1, 8, 11, or 18 in the BMM2400 claim chart (FIC Chart D-3, **Ex. 9**, at 1-47, 52-56, 60-61). |
| Langdon with Nakano, Outils, and Matsunaga [1, 8, 11, 18] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and do not cite to or rely upon Matsunaga for claims 1, 8, 11, or 18 in the Langdon claim chart (FIC Chart D-2, **Ex. 10**, at 1-19, 24-27, 31-23). |
| **U.S. Patent No. 10,070,588** | |
| Gardena 34A with Nakano, Outils, and Matsunaga [1, 6, 10] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and do not cite to or rely upon Outils or Matsunaga for claims 1, 6, or 10 in the Gardena 34A claim chart (FIC Chart E-5, **Ex. 11**, at 1-9, 25, 27-29). |
| CN'363 with Outils [1, 6, 10, 11, 12, 15, 16] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and do not cite to or rely upon Outils in the CN'363 claim chart (FIC Chart E-4, **Ex. 12**). |
| Kober with Outils and Nakano[1, 6, 10, 11, 12,15 16] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and do not cite to or rely upon Outils in the Kober claim chart (FIC Chart E-3, **Ex. 13**). |
| **U.S. Patent No. 10,477,772** | |
| Reichart with Nakano, Matsunaga, and 16 CFR 1205 [1, 6] | Defendants do not identify this ground in their FIC (Ex. 1, at 9) and did not chart claims 1 or 6 for this combination (FIC Chart G-3, **Ex. 14**). |
| **U.S. Patent No. 10,485,176** | |
| Reichart with Nakano, Outils, Roelle, Milcoy, Matsunaga, and 16 CFR 1205 [1, 12, 13, 15, 19, 25] | Defendants do not cite to or rely upon Outils for claims 1 or 12; Roelle for claims 1, 12, 13, 15, 19, or 25; Milcoy for claims 1, 13, 15, 19, or 25; or Matsunaga for claims 1, 12, 13, 15, 19, or 25 in the relevant claim chart. (*See generally* FIC Chart H-2, **Ex. 15**.) |
| Nakano with Stiles and Milcoy [1] | Defendants do not identify this ground in their FIC (Ex. 1, at 10) and do not cite to or rely upon Milcoy for claim 1 in the Nakano claim chart (FIC Chart H-3, **Ex. 16**, at 1-18). |
| Stiles with Akiba and Outils [1, 12] | Defendants do not identify this ground in their FIC (Ex. 1, at 10) and do not cite to or rely upon Outils for claims 1 or 12 in the Stiles claim chart (FIC Chart H-4, **Ex. 17**, at 1-14, 17). |
| Reichart with Nakano, Outils, Roelle, Milcoy, Matsunaga, CN'817, and 16 CFR 1205 [23] | Defendants do not identify this ground in their FIC (Ex. 1, at 10) and do not cite to or rely upon CN'817 in the Reichart claim chart (FIC Chart H-2, Ex. 15). |
| Langdon with Nakano, Outils, Roelle, Milcoy, Matsunaga, and 16 CFR 1205 [13, 15, 19, 23, 25] | Defendants do not cite to or rely upon Roelle for claims 13, 15, 19, or 25; Milcoy for claims 13, 15, 19, 23, or 25; or Matsunaga for claims 13, 15, 19, 23, or 25 in the relevant claim chart. (*See generally* FIC Chart H-5, **Ex. 18**.) |
| **U.S. Patent No. 10,524,420** | |
| Reichart with Nakano, Outils, Matsunaga, and 16 CFR 1205 [1, 9, 10, 14, 15] | Defendants do not identify this ground in their FIC (Ex. 1, at 10) and do not cite to or rely upon Nakano or Outils in the Reichart claim chart (FIC Chart I-1, **Ex. 19**). |

Page 4

        Sincerely,

        */s/ Benjamin J. Schladweiler*

        Benjamin J. Schladweiler (#4601)