

Benjamin Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

February 14, 2022

**VIA CM-ECF**
The Honorable Leonard P. Stark
USDC for the District of Delaware

Re:   *Chervon v. One World*, Case No. 19-cv-1293 (D. Del.): Chervon's Reply In Support Of Its Motion to Strike Undisclosed and Uncharted Invalidity Theories

Dear Judge Stark:

Defendants' Response (D.I. 283) confirms that there is no dispute that Defendants ***violated two of the Court's Orders*** (*i.e.*, the Court's March 11, 2020 Scheduling Order requiring Defendants to serve their final invalidity contentions and the Court's October 26, 2021 Order requiring Defendants to reduce the number of asserted invalidity grounds from their final invalidity contentions) when Defendants added numerous new invalidity theories to their Narrowed Final Invalidity Contentions ("NIC") that were neither disclosed nor charted in their Final Invalidity Contentions ("FIC").  Because the *Pennypack* factors overwhelmingly weigh in Chervon's favor, the Court should strike the new prior art invalidity theories in Defendants' NIC pursuant to Fed. R. Civ. P. 16, 37 and the Court's inherent power.

**A.    There Is No Dispute That Defendants Violated Two Of The Court's Orders.**

There is no dispute that Defendants asserted new prior art invalidity theories in their NIC that were not disclosed or charted in their FIC, in violation of two of the Court's Orders.  (D.I. 283 at 2-3 (Defendants conceding that each of their new grounds either applies a prior art combination to new claims or mixes and matches prior art to form completely new combinations, and that none of their new theories have been charted against the claims they are now being asserted against); *see also id*. at 5 ("Defendants simply combined [the prior art] in different ways").)

***First***, there is no dispute that Defendants' assertion of their new and uncharted prior art invalidity theories in their NIC without seeking leave to amend their FIC is in violation of the Court's Scheduling Order, which required Defendants to serve their ***final*** invalidity contentions by December 17, 2020—over one year before Defendants served their NIC.  (D.I. 37 at 4.)  ***Second***, there is no dispute that Defendants' attempt to ***add*** prior art invalidity theories to their NIC that were neither disclosed nor charted in their FIC is in violation of the Court's October 26, 2021 Order requiring Defendants to ***reduce*** the number of asserted invalidity grounds from their FIC to no more than three grounds per asserted claim.  (*See* 10/26/21 Order (granting D.I. 234).)

Defendants are wrong that "charting specific combinations is not required so long as the prior art references in those combinations have been disclosed." (D.I. 283 at 1-2, 4.)  In *Realtime Data, LLC v. Packeteer, Inc*. (one of Defendants' cited cases), the court struck the defendant's new invalidity theories that were not charted on a "claim-by-claim and element-by element" basis and stated that "reserving the right to combine any charted prior art references" is not

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON⁺
LOS ANGELES
MEXICO CITY⁺
MIAMI
MILAN⁺⁺
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME⁺⁺
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

* OPERATES AS GREENBERG TRAURIG MAHER LLP
⁺ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
∞ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
⁺⁺ STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP   ▪   ATTORNEYS AT LAW   ▪   WWW.GTLAW.COM

"sufficient notice." 08-cv-144, 2009 WL 4782062, at *3 (E.D. Tex. Dec. 8, 2009).[1] Prior art invalidity theories must be disclosed and charted on a claim-by-claim basis. *See EON Corp. IP Holdings, LLC v. FLO TV Inc.*, 10-cv-812, 2013 WL 5890571, at *2 (D. Del. Aug. 28, 2013); *British Telecomm. PLC v. IAC/InterActiveCorp*, 18-cv-366, 2020 WL 3047989, at *6 (D. Del. June 8, 2020). "Claims are not interchangeable." *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, 06-cv-151, 2009 WL 5842062, at *3 (E.D. Tex. Mar. 30, 2009) (excluding prior art combinations that were not disclosed with respect to a particular asserted claim). "Each claim in a patent defines a separate invention, and has a different scope." *Id*. Thus, Defendants "cannot rely on prior art asserted against one claim in [their] invalidity contentions to support [a new] invalidity theory against a different claim"—let alone mix and match references to create completely new combinations. *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 16-cv-7160, 2018 WL 4945316, at *3 (N.D. Cal. Oct. 11, 2018).

**B.    The *Pennypack* Factors Overwhelmingly Weigh In Chervon's Favor.**

The *Pennypack* factors overwhelmingly weigh in Chervon's favor, and thus Defendants' belated assertion of their new invalidity theories is neither substantially justified nor harmless. There is **no dispute** that: (i) Defendants' new theories are uncharted against the claims they are being asserted against, and thus Chervon does not know which claim elements Defendants contend are disclosed in which reference and where those elements are allegedly disclosed, or how the new theories apply the Court's claim constructions (*PP2*); (ii) Defendants' new theories were disclosed for the first time after the close of fact discovery and more than one year after service of their FIC (*PP2*); (iii) Defendants are attempting to circumvent the IPR estoppel provisions by adding more product-based invalidity grounds for the patents subject to IPR estoppel, which is clear evidence of bad faith (*see* D.I. 281) (*PP2, 6*); (iv) Defendants were aware of all the references in their new obviousness combinations at the time they served their FIC (*PP5, 6*); (v) Chervon would need additional fact discovery to formulate a proper response (*PP2, 4*); (vi) Defendants are using the PTAB's Institution Decisions and Final Decisions from the IPRs as a roadmap to attempt to fill in the gaps in their invalidity case after forcing Chervon to spend hundreds of thousands of dollars to (successfully) defend its patents in the IPRs (*see* D.I. 283 at 5 (Defendants admitting that their new prior art combinations are based on the PTAB's Final Written Decisions)) (*PP2, 4, 5, 6*); and (vii) Defendants have other invalidity grounds available to them such that granting Chervon's motion will not cripple Defendants' invalidity case (*PP1*).[2] The prejudice and harm to Chervon is real and substantial. (*See* D.I. 277.) Chervon complied with the Court's Order to **reduce** the number of asserted claims from approximately 120 claims to 40 to streamline the case. Defendants responded by **adding** new invalidity grounds and enlarging the case. Defendants' attempt to broaden their invalidity defenses after receiving a reduction in Chervon's infringement claims is the definition of prejudice. The Court should grant Chervon's motion to strike.

---

[1] *Acceleration Bay LLC v. Activision Blizzard, Inc.* is inapposite because the alleged new invalidity arguments were disclosed in discovery and were added in response to the plaintiff's new infringement positions. 16-cv-453, 2017 WL 11517421, at *6 (D. Del. Nov. 7, 2017). Here, Defendants have not disclosed their new theories during discovery and Chervon has not changed its infringement positions.

[2] Defendants assert that Chervon seeks to strike every asserted ground for the '26686, '86686, and '588 patents (D.I. 283 at 5), but these patents are subject to IPR estoppel and should be independently stricken on that basis. (D.I. 275.)

Page 3

                                                Sincerely,

                                                */s/ Benjamin J. Schladweiler*

                                                Benjamin J. Schladweiler (#4601)