# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERVON (HK) LIMITED, ) <br> CHERVON NORTH AMERICA, INC. ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ONE WORLD TECHNOLOGIES, INC., ) <br> TECHTRONIC INDUSTRIES CO. LTD., ) <br> HOMELITE CONSUMER PRODUCTS ) <br> INC., ) <br> ) <br> *Defendants*. ) | C.A. No. 19-1293-LPS <br><br> JURY TRIAL DEMANDED |

## CHERVON'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
## FEBRUARY 2, 2022 ORAL ORDER

*Of Counsel*:

Michael A. Nicodema
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone:  973.360.7900
nicodemam@gtlaw.com

James J. Lukas, Jr.
Matthew S. Levinstein
Callie J. Sand
Benjamin P. Gilford
Erik Bokar
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL  60601
Telephone:  312.456.8400
lukasj@gtlaw.com
levinsteinm@gtlaw.com
sandc@gtlaw.com
gilfordb@gtlaw.com
bokare@gtlaw.com

Benjamin J. Schladweiler (#4601)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
Telephone:  302.661.7352
schladweilerb@gtlaw.com

*Attorneys for Plaintiffs Chervon (HK) Limited and Chervon North America, Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. BACKGROUND ................................................................................................................... 1

    A. The Invention Records. ............................................................................................ 1

    B. Chervon's Inadvertent Disclosure Of The Invention Records. ................................ 2

    C. The Magistrate's Oral Order. ................................................................................... 3

III. LEGAL STANDARDS ........................................................................................................ 4

IV. ARGUMENT ........................................................................................................................ 4

    A. The Order Is Contrary To Law Because It Fails To Apply Federal Circuit Precedent That Protects Invention Records From Disclosure. ................................ 4

    B. The Order Is Contrary To Law Because It Fails To Apply Federal Law Adapting The Attorney-Client Privilege To Patent Agents. ..................................................... 5

        1. The Attorney-Client Privilege Extends To Patent Agents Based On A Shared Practice Of Law. ........................................................................... 5

        2. The Federal Circuit Agrees With Decades Of Case Law And Regulations That Acknowledge That The Protections Of The Attorney-Client Privilege Extend To Patent Agents. ................................. 7

    C. The Order Is Clearly Erroneous Because It Failed To Assess Whether Chervon's Log And Declaration Support A Patent Agent-Privilege Claim. .......... 8

    D. The Order Elevates Form Over Substance To Destroy Privilege. .......................... 9

    E. The Order's Finding That Chervon Waived Privilege Over CHERVON0237687-693 Is Clearly Erroneous. ..................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Align Tech., Inc. v. 3Shape A/S*,
 17-cv-1646, 2020 U.S. Dist. LEXIS 66275 (D. Del. Apr. 15, 2020) ......................................... 8

*Allergan Inc. v. Barr Labs. Inc.*,
 09-cv-333-SLR-LPS, 2010 U.S. Dist. Lexis 94899 (D. Del. Aug. 18, 2010) ........................... 4

*In re Ampicillin Antitrust Litig.*,
 81 F.R.D. 377 (D.D.C. 1978) .................................................................................................... 6

*Buyer's Direct Inc. v. Belk, Inc.*,
 2012 WL 1416639 (C.D. Cal. April 24, 2012) ......................................................................... 6

*Degussa v. Materia Inc.*,
 C.A. No. 09-cv-636, 2011 WL 370767 (D. Del. Aug. 24, 2011) ............................................. 4

*Dow Chem. Co. v. Atl. Richfield Co.*,
 No. 83-cv-3763, 1985 WL 71991 (E.D. Mich. Apr. 23, 1985) ................................................ 6

*Haines v. Liggett Group, Inc.*,
 975 F.2d 81 (3d Cir. 1992) ....................................................................................................... 4

*Hercules Inc. v. Exxon Corp.*,
 434 F. Supp. 136 (D. Del. 1977) .............................................................................................. 6

*In re Spalding Sports Worldwide, Inc.*,
 203 F.3d 800, 805 (Fed. Cir. 2000) ...................................................................................... 4, 5

*Knauf Insulation, LLC v. Johns Manville Corp.*,
 15-cv-111, 2019 WL 4832205 (S.D. Ind. Oct. 1, 2019) ........................................................... 8

*Polyvision Corp. v. Smart Techs. Inc.*,
 No. 03-476, 2006 U.S. Dist. LEXIS 12688, 2006 WL 581037 (W.D. Mich.
 Mar. 7, 2006) ............................................................................................................................ 7

*In re Queens Univ. at Kingston*,
 820 F.3d 1287 (Fed. Cir. 2016) ........................................................................................ 5, 7, 8

*Sperry v. Florida*,
 373 U.S. 379 (1963) .................................................................................................................. 6

*United States v. United States Gypsum Co.*,
 333 U.S. 364 (1948) .................................................................................................................. 4

*Vernitron Medical Products, Inc. v. Baxter Laboratories, Inc.*,
  No. 616-73, 1975 WL 21161 (D.N.J. Apr. 29, 1975)..................................................................7

**Federal Statutes**

28 U.S.C. § 636(b)(1)(A)..................................................................................................................4

35 U.S.C. § 2(b)(2)(D) (2012) ........................................................................................................6

**Rules**

FRCP 26(b)(5)(B) ................................................................................................................2, 9, 10

FRCP 72(a) .....................................................................................................................................4

FRE 502(b).............................................................................................................................2, 9, 10

L.R. 72(b).........................................................................................................................................4

**Regulations**

37 C.F.R § 11.5 (2018) ...................................................................................................................6

37 C.F.R. § 42.57 .........................................................................................................................7, 8

I.  **INTRODUCTION**

The Magistrate's Oral Order (the "Order") misapplied federal law and elevated form over substance to breach the sacred privilege between Chervon and its patent agents. The Order requires Chervon to turn over its invention records to its competitor. The Federal Circuit has concluded that invention records are privileged, and the Federal Circuit, Congress, and the USPTO have determined that communications with foreign patent agents are protected from disclosure as an extension of the attorney-client privilege. Ignoring controlling legal precedent and federal regulations, the Order concludes that Chervon's failure to invoke the exact words "patent agent privilege" on Chervon's log renders all of Chervon's invention records discoverable despite Chervon's log and declaration showing that Chervon claimed privilege for its patent agent-drafted invention records. Any patent agent privilege flows from the attorney-client privilege, and federal law prohibits the exact type of disparate treatment of patent agents that the Order causes. The Order also erroneously concludes that Chervon's inadvertent disclosure of an invention record constitutes a waiver. The Order is contrary to law because it:

- ignored that the Federal Circuit applies privilege to invention records;
- misapplied and ignored Federal law and regulations that apply the attorney-client privilege to foreign patent agents;
- ignored that Chervon identified numerous registered Chinese patent agents and established its privilege claims in its privilege log and supporting declaration;
- elevated form over substance by ignoring Chervon's privilege argument over its invention records because Chervon did not use the exact words "patent agent privilege;" and
- held that Chervon's inadvertent production and unsealing waived Chervon's privilege with respect to one invention record in violation of the Protective Order, the FED. R. EVID., and the FED. R. CIV. P., that expressly protect against inadvertent disclosures.

II.  **BACKGROUND**

    A.  **The Invention Records.**

Chervon's log and supporting declaration demonstrate that the privilege applies to

1

Chervon's invention records.  (*See* Chervon's 7th Amended Privilege Log, at Entry Nos. 353-372, **Ex. 1**, (excerpted).)  The invention records are Chinese-language documents that involve Chervon's foreign patent agents and relate to patent prosecution.  (*See* Ex. 1, D.I. 267-8 ("Lukas Decl."), **Ex. 2**.)  Chervon's declaration substantiated that its privilege claims were based on communications with patent agents: "Chervon's patent department, including Fei Wang and ***certified and registered patent agents*** Jing Xu and Ruofei Wang, then ***provided legal advice*** by drafting, revising, and approving the remainder of the invention record." (Ex. 2, Lukas Decl., ¶ 14; *see also id.*, ¶¶ 15-22.)  Chervon's log also substantiated the nature of the legal advice subject to the privilege claim: "Invention record submitted to, revised and maintained by, Chervon's patent department, requesting and/or reflecting legal advice, services, and opinions concerning ***the patentability of an invention to aid in the completion and prosecution of patent applications directed to lawn mower features***."  (*See, e.g.,* Entry No. 361, Ex. 1.)

### B. Chervon's Inadvertent Disclosure Of The Invention Records.

Chervon inadvertently produced the invention records on or around August 25, 2021.  It was not until Defendants attached an exemplary invention record (CHERVON 0237687-93) as ***an exhibit to an exhibit*** to a discovery letter filed on November 22, 2021 (D.I. 239) that Chervon learned of the disclosure.  On November 23, 2021, Chervon promptly clawed back that document (and the other invention records) pursuant to Paragraph 6 of the Protective Order (D.I. 27), FRE 502(b), and FRCP 26(b)(5)(B).  (*See* 11/23/2021 Letter Lukas to Defendants' Counsel, **Ex. 3**.)  One World returned or destroyed the invention records. (11/24/2021 Email Lewis to Lukas, **Ex. 4**.)  On November 30, 2021, the Court ordered the parties to submit a letter explaining why the exhibits to D.I. 239 (Defendants' filing), should remain under seal. (11/30/2021 Order.)  The ***exhibits to Ex. 13***, however, were inadvertently not considered.  Ex. D to Ex. 13 is a privileged invention record that is the subject of this dispute between the parties.

Defendants' counsel advised Chervon on January 24, 2022 that Ex. D of Ex. 13 of D.I. 239 remained on the public record. Chervon immediately and successfully requested that the Court seal that document to prevent its public disclosure. (*See* D.I. 262; 263.)

      **C.**      **The Magistrate's Oral Order.**

The Magistrate issued an Order granting Defendants' motion to compel Chervon to produce the invention records identified on its log as Entry Nos. 353-372. (2/2/2022 Order, **Ex. 5**; 2/2/22 Hr. Tr. at 65:7-67:25, **Ex. 6**.) The Magistrate found that Chervon did not assert the patent agent privilege over the invention records because Chervon's privilege log used the term "attorney-client privilege." The Magistrate stated "the patent agent privilege is a privilege independent from the attorney-client privilege. And if it's going to be asserted, it should be asserted as an independent privilege." (2/2/22 Hr. Tr. at 67:9-13, Ex. 6.) The Magistrate also found that Chervon "waived any privilege at least as to CHERVON 0237687-693 by disclosing the invention records to One World on August 25, 2021 and by submitting its December 7, 2021 letter to the Court requesting that one of those invention records be unsealed." (*See generally* Order, Ex. 5; *see also* 2/2/22 Hr. Tr. at 65:7-16, Ex. 6.) The Magistrate did not conclude that Chervon's waiver was intentional. Rather, the Magistrate concluded that "[i]t may have been that it was Chervon's intent to keep this as privileged, but its actions waive the privilege for the reasons and the chronology that I've just stated." (2/2/22 Hr. Tr. at 66:18-21, Ex. 6; *see also id.* at 49:20-50:21, 51:10-13, 52:16-53:11, 55:6-56:4 (noting that the alleged waiver resulted from a "disconnect" about sealing documents versus preserving a privilege).)[1] The Magistrate also adopted the rulings made in the November 30, 2021, Oral Orders as applicable. (*Id.*)[2]

---

[1] The Magistrate questioned whether counsel has access to under seal documents (it does not). It appears that the Magistrate may have found that a waiver occurred due to this incorrect belief. (*Id.* at 54:1-4.)

[2] Chervon incorporates its objections to the Magistrate's 11/30/21, Oral Orders. (*See* D.I. 249.)

3

### III. LEGAL STANDARDS

The Court may overturn an order if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FRCP 72(a), L.R. 72(b). A ruling is contrary to law if "the magistrate judge has misinterpreted or misapplied applicable law." *Degussa v. Materia Inc.*, C.A. No. 09-cv-636, 2011 WL 370767, at *2 (D. Del. Aug. 24, 2011). "[T]he phrase 'contrary to law' indicates plenary review as to matters of law." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). The Court may vacate a magistrate's findings as clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

### IV. ARGUMENT

#### A. The Order Is Contrary To Law Because It Fails To Apply Federal Circuit Precedent That Protects Invention Records From Disclosure.

"[A]n invention record constitutes a privilege communication, as long as it is provided to an attorney "for the purpose of securing primarily legal opinion, or legal services, or assistance in a legal proceeding." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000); *see also id.* ("We agree with Spalding that its invention record is protected by the attorney-client privilege."). The Federal Circuit has held that as long as an invention record is "prepared and submitted primarily for the purpose of obtaining legal advice on patentability and legal services in preparing a patent application, we conclude that it is privileged in its entirety." *Id.* at 806 ("Finally, to the extent that Spalding's invention record may contain technical information does not render the document discoverable because requests for legal advice on patentability or for legal services in preparing a patent application necessarily require the evaluation of technical information such as prior art."); *see also Allergan Inc. v. Barr Labs. Inc.*,

4

09-cv-333-SLR-LPS, 2010 U.S. Dist. Lexis 94899, at *2-*3 (D. Del. Aug. 18, 2010) ("Each of these exhibits is a record of invention, provided to an attorney for purposes of securing primarily legal opinion, legal services, or assistance in a legal proceeding. … Accordingly, these exhibits are privileged." (quoting *In re Spalding*, 203 F.3d at 805)). The Order is contrary to law because it did not consider whether the invention records are protected from disclosure under Federal Circuit law. Had the Magistrate analyzed the invention records under *Spalding*, it would have concluded that each invention record was submitted to, and maintained by, Chervon's patent department for the purposes of obtaining legal advice from Chervon's patent department (and its patent agents) relating to the patentability of the described invention and obtaining legal services relating to the preparation of a patent application. (Chervon Log, Ex. 1 (excerpted); Lukas Decl., ¶¶ 13-21, Ex. 2.) The Order's failure to apply *Spalding* is contrary to law.

### B. The Order Is Contrary To Law Because It Fails To Apply Federal Law Adapting The Attorney-Client Privilege To Patent Agents.

The Order incorrectly focused on whether the patent agent privilege is an extension of the attorney-client privilege or an independent privilege. It does not matter. What matters is that the protections provided under the attorney-client privilege apply to patent agent communications. Attorneys and patent agents share a need for privilege protection based on their mutual practice of law. That need, described by the Supreme Court, various other courts, Congress, and the USPTO, has culminated in the Federal Circuit and the USPTO determining that a privilege exists to protect communications between a client and its patent agent from disclosure. The Order is contrary to law because it ignores the substance of the *In re Queens* holding, among numerous other holdings, rules, and regulations.

#### 1. The Attorney-Client Privilege Extends To Patent Agents Based On A Shared Practice Of Law.

The U.S. Supreme Court upheld "the [Florida Supreme Court's] determination that under

5

Florida law the preparation and prosecution of patent applications for others constitutes the practice of law." *Sperry v. Florida*, 373 U.S. 379, 383 (1963). The Supreme Court held that a state could not prohibit a registered patent agent from advising clients on patent prosecution activities in which he was ***authorized*** to engage under federal law. *Id.* at 388. From the foundation of the patent bar, the Court found congressional and regulatory intent to permit technically skilled laypersons to engage in patent prosecution on an ***equal footing with attorneys***. *Id.*; *see also In re Ampicillin Antitrust Litig.*, 81 F.R.D. 377, 393 (D.D.C. 1978) ("[I]n appearance and fact, the registered patent agent stands on the same footing as an attorney…"). The historical regulation of patent practice, the Court concluded, shows "congressional (and administrative) recognition that registration in the Patent Office confers a right to practice before the Office" that may not be defeated by state restrictions on the practice of law. *Id.* at 388.

Congress has authorized the USPTO to adopt Federal rules and regulations permitting patent agents to engage in the limited practice of law before it. *See* 35 U.S.C. § 2(b)(2)(D) (2012); 37 C.F.R § 11.5 (2018). Because patent agents are permitted to engage in the limited practice of law, restricting the privilege protecting the provision of legal advice regarding patent prosecution to communications with licensed attorneys would defeat the right of patent agents to practice on equal footing with attorneys as authorized under *Sperry*. *See, e.g.*, *Ampicillin*, 81 F.R.D. at 393 (finding that failing to protect communications with patent agents would result in significantly unequal treatment of patent agents and patent attorneys). For this reason, numerous Federal courts have acknowledged that the attorney client privilege extends to patent agents. *See, e.g.*, *Hercules Inc. v. Exxon Corp.*, 434 F. Supp. 136, 146-47 (D. Del. 1977) (attorney-client privilege extends to patent agents); *Dow Chem. Co. v. Atl. Richfield Co.*, No. 83-cv-3763, 1985 WL 71991, at *5-*7 (E.D. Mich. Apr. 23, 1985) (same); *Buyer's Direct Inc. v. Belk, Inc.*, 2012

6

WL 1416639 (C.D. Cal. April 24, 2012) (same).³

The USPTO also extended privilege to patent agents' (including foreign patent agents') activities to the same degree as attorneys.  *See* 37 C.F.R. § 42.57(a) (communications with patent agents "shall receive ***the same protections of privilege*** under Federal law ***as if that communication were between a client and an attorney*** authorized to practice in the United States" (emphasis added)); *id*., at § 42.57(c) ("Scope of Coverage: USPTO patent practitioners and foreign jurisdiction patent practitioners **shall receive the same treatment as attorneys** on all issues affecting privilege or waiver…" (emphasis added)).

> 2. **The Federal Circuit Agrees With Decades Of Case Law And Regulations That Acknowledge That The Protections Of The Attorney-Client Privilege Extend To Patent Agents.**

The issue presented to the Federal Circuit in *In re Queens* was straightforward—"whether a patent-agent privilege exists."  *In re Queens Univ. at Kingston,* 820 F.3d 1287, 1292 (Fed. Cir. 2016).  The Federal Circuit answered "yes."  "We recognize a patent-agent privilege extending to communications with non-attorney patent agents when those agents are acting within the agent's authorized practice of law before the Patent Office."  *Id.* at 1302.  That holding was the culmination of decades of jurisprudence holding that the protections of the attorney-client privilege extend to patent agents based on *Sperry*'s holding that patent agents practice law.  The USPTO followed suit.  During the public notice and comment period while the USPTO was considering adopting 37 C.F.R. 42.57, which expressly acknowledges a foreign and domestic patent agent privilege, the USPTO expressly addressed the ruling in *In re Queens*.  (*See* Federal

---

³ *See also Polyvision Corp. v. Smart Techs. Inc.*, No. 03-476, 2006 U.S. Dist. LEXIS 12688, 2006 WL 581037, at *3 (W.D. Mich. Mar. 7, 2006) (recognizing attorney-client privilege applies to registered non-attorney patent agents); *Vernitron Medical Products, Inc. v. Baxter Laboratories, Inc.*, No. 616-73, 1975 WL 21161, at *1-*2 (D.N.J. Apr. 29, 1975) (holding attorney-client privilege extends to "the representative engaged to handle the matter for [the inventor], whether he be a 'patent attorney' or a 'patent agent,' so long as he is registered by the Patent Office.").

7

Register, Vol. 82, No. 214, at 51570-73 (Nov. 7, 2017).)  The USPTO confirmed that the source of a patent agent's privilege is irrelevant and agents are the same as attorneys vis-à-vis privilege:

> [T]he USPTO rule applies regardless of the source of privilege for agents. *Whether there is a separate agent-client privilege or agents are afforded attorney-client privilege on the basis of practicing patent law does not matter for purposes of this rule. The rule simply recognizes that privilege issues will be treated the same for agents as for attorneys within their scope of authorized practice*.

(*Id.* at 51573.)  The Order erred by ignoring what the Federal Circuit, decades of jurisprudence, and the USPTO have made clear: client communications with patent agents are privileged to the same extent as those with patent attorneys (with respect to patent prosecution activities).  As the USPTO succinctly stated, it does not matter whether the privilege is independent from or an extension of the attorney client privilege.  What matters is that the substance of the attorney-client privilege also protects patent agent communications.  The Order's disregard of the *In re Queens* holding, other holdings[4], and federal regulations renders the Order contrary to law.

### C. The Order Is Clearly Erroneous Because It Failed To Assess Whether Chervon's Log And Declaration Support A Patent Agent-Privilege Claim.

The only competent and relevant evidence before the Magistrate was Chervon's log and supporting declaration, and they overwhelmingly support Chervon's privilege claims.  Chervon's log describes the nature of the legal advice requested and provided (*i.e.,* patentability of an invention in furtherance of patent prosecution) and the general subject matter of the document (*i.e.,* lawn mower features).  (*See, e.g.,* Chervon Log (excerpted), Ex. 1, at Entry No. 361 (describing "*[i]nvention record* submitted to, revised and maintained by, **Chervon's patent department**, requesting and/or reflecting legal advice, services, and opinions concerning ***the***

---

[4] *See, e.g., Align Tech., Inc. v. 3Shape A/S*, 17-cv-1646, 2020 U.S. Dist. LEXIS 66275, at *7-8 (D. Del. Apr. 15, 2020) (holding that *In re Queen's* test would apply to foreign patent agents); *see also Knauf Insulation, LLC v. Johns Manville Corp.*, 15-cv-111, 2019 WL 4832205, at *6 (S.D. Ind. Oct. 1, 2019) (same); 37 C.F.R. §42.57.

*patentability of an invention to aid in the completion and prosecution of patent applications directed to lawn mower features*." (emphasis added)).)  The Lukas Decl. further establishes that patent agents provided the legal advice.  (*See* Lukas Decl., Ex. 2, ¶ 14 ("Chervon's patent department, including Fei Wang and *certified and registered patent agents* Jing Xu and Ruofei Wang, then *provided legal advice* by drafting, revising, and approving the remainder of the invention record." (emphasis added)); *see also id.*, ¶¶ 15-22.)  The Order did not explain why it failed to credit the Lukas Decl. or Chervon's log.  (*See* Order.)  The Order did not identify any confusion by Defendants as to the nature of the privilege asserted. The Order's failure to consider Chervon's log and Lukas Decl. renders the Order clearly erroneous.

        **D.**  **The Order Elevates Form Over Substance To Destroy Privilege.**

The Order ignored Chervon's record evidence in the form of its log and declaration establishing privilege.  Instead, the Order compelling disclosure of Chervon's privileged invention records rested on semantics, *i.e.*, that Chervon identified the invention records on its privilege log as protected by the attorney-client privilege instead of the patent agent privilege. The Order's elevation of form over substance in direct violation of Federal Circuit precedent and federal law is contrary to law and clearly erroneous.

        **E.**  **The Order's Finding That Chervon Waived Privilege Over CHERVON0237687-693 Is Clearly Erroneous.**

The Order ignored the numerous safeguards in place that preserve privilege, including the Protective Order (D.I. 27), FRE 502(b), and FRCP 26(b)(5)(B).  The disclosure of privileged information does not operate as a waiver if the disclosure was inadvertent, the holder of the privilege took reasonable steps to prevent disclosure, and the holder of the privilege took reasonable steps to rectify the error.  (FRE 502(b); *see also* D.I. 27 ¶ 6 (expressly prohibiting a waiver of privilege due to an inadvertent production); FRCP 26(b)(5)(B).)  Chervon did not

9

waive privilege and the Order is clearly erroneous.

Here, the Order clearly erred by finding a waiver with respect to CHERVON0237687-693 because Chervon's disclosure was inadvertent, Chervon took reasonable steps to prevent disclosure, and Chervon promptly rectified its errors under Paragraph 6 of the Protective Order (D.I. 27), FRE 502(b), and FRCP 26(b)(5)(B).  (*See* 11/23/2021 Lukas Letter to Defendants' Counsel, Ex. 3.)  **_Chervon's disclosure was inadvertent_**: Chervon has produced over 50,000 documents in this litigation.  Chervon made its inadvertent production as part of its ongoing obligation to produce responsive documents.  The production of its invention records was a clerical error in a document heavy litigation involving nine patents, dozens of accused products, foreign language documents, etc.  Similarly, Chervon's counsel's oversight of *an exhibit to an exhibit* in a court filing made by Defendants was inadvertent.  The Magistrate's own statements during the hearing confirm that Chervon's disclosure was inadvertent: "[i]t may have been that it was Chervon's intent to keep this as privileged…."  (2/2/22 Hr. Tr. at 66:18-21.)  **_Chervon took reasonable steps to prevent disclosure_:**  Chervon took at least the following reasonable steps to prevent the inadvertent disclosure of documents in this litigation: (i) entering into a formal clawback agreement with opposing counsel, which the Court approved (D.I. 27, ¶ 6); (ii) engaging attorneys to spend many days to review responsive documents for privilege; (iii) conducting a final review of documents flagged as privileged following the initial review.  **_Chervon promptly rectified its errors_**: Chervon promptly clawed back the invention records pursuant to the Protective Order within days of discovering the inadvertent disclosure.  Chervon alerted the Court to the unsealing of CHERVON0237687-693 within a day.  (*See* D.I. 262, 263.)  The Order clearly erred by concluding that Chervon waived privilege.

| | |
|---|---|
| Dated:  February 16, 2022 | GREENBERG TRAURIG, LLP |
| *Of Counsel*: | */s/ Benjamin J. Schladweiler* |
| | Benjamin J. Schladweiler (DE Bar No. 4601) |
| Michael A. Nicodema | The Nemours Building |
| GREENBERG TRAURIG, LLP | 1007 North Orange Street, Suite 1200 |
| 500 Campus Drive, Suite 400 | Wilmington, DE 19801 |
| Florham Park, NJ 07932 | Telephone:  302.661.7352 |
| Telephone:  973.360.7900 | Facsimile:  302.661.7360 |
| Facsimile:  973.301.8410 | schladweilerb@gtlaw.com |
| nicodemam@gtlaw.com | |
| | *Attorneys for Plaintiffs Chervon (HK) Limited and Chervon North America, Inc.* |
| James J. Lukas, Jr. | |
| Matthew J. Levinstein | |
| Callie J. Sand | |
| Benjamin P. Gilford | |
| Erik Bokar | |
| GREENBERG TRAURIG, LLP | |
| 77 West Wacker Drive, Suite 3100 | |
| Chicago, IL 60601 | |
| Telephone:  312.456.8400 | |
| Facsimile:  312.456.8435 | |
| lukasj@gtlaw.com | |
| levinsteinm@gtlaw.com | |
| sandc@gtlaw.com | |
| gilfordb@gtlaw.com | |
| bokare@gtlaw.com | |

*Attorneys for Plaintiffs Chervon (HK) Limited and Chervon North America, Inc.*

11

## **CERTIFICATION**

Pursuant to the Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Plaintiffs Chervon (HK) Limited and Chervon North America, Inc. herby certify that the forgoing Objections do not raise new issues.

> */s/ Benjamin J. Schladweiler*
> Benjamin J. Schladweiler (#4601)
> GREENBERG TRAURIG, LLP
> The Nemours Building
> 1007 North Orange Street, Suite 1200
> Wilmington, DE 19801
> (302) 661-7000
> schladweilerb@gtlaw.com
>
> *Counsel for Plaintiffs*