

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Brian Biggs
Brian.Biggs@dlapiper.com
T   302.468.5661
F   302.778.7813

February 11, 2022

PUBLIC VERSION OF D.I. 281
FILED: FEBRUARY 18, 2022

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      Re:    *Chervon (HK) Limited et al. v. One World Technologies, Inc. et al.*,
            C.A. No. 19-1293-LPS

Dear Judge Stark:

      Defendants One World Technologies, Inc., Techtronic Industries Co. Ltd., and Homelite Consumer Products, Inc. ("Defendants") respectfully oppose the motion to strike Defendants' prior art §§ 102 and 103 invalidity grounds based on IPR estoppel filed by Plaintiffs Chervon (HK) Limited and Chervon North America Inc. ("Plaintiffs") (D.I. 275). For at least three reasons, the Court should deny Plaintiffs' motion. <u>First</u>, the motion is premature. The scope of IPR estoppel is a fact-intensive inquiry that is inappropriate for a motion to strike during fact discovery particularly where, as here, a patent owner seeks to exclude system prior art. <u>Second</u>, Plaintiffs do not offer evidence to demonstrate that the prior art systems are "materially identical" or "cumulative" of any patent or printed publication that could have been raised in the IPR petitions. <u>Third</u>, as to invalidity grounds based on patents and printed publications, Defendants should be permitted to develop the record so they may preserve those issues for Defendants' appeals of the PTAB's Final Written Decisions and for any appeal of this case.

**I.    BACKGROUND**

      Fact discovery is set to close on April 4, 2022, with expert discovery to follow and conclude on August 15, 2022. *See* D.I. 260. Defendants filed IPR petitions for the '806, '26686, '86686, and '588 patents on May 1, 2020. In the IPR petition for the '806 patent, Defendants asserted the Outils, Matsunaga, Langdon, Nakano, Meldahl, Milcoy, and Hilchey references. *See* D.I. 275, Ex. 2 at 8-9. In the '26686 IPR petition, Defendants asserted the Outils, Roelle, Matsunaga, Langdon, and Nakano references. *Id.*, Ex. 4 at 11. In the '86686 IPR petition, Defendants asserted the Reichart, Nakano, Outils, Matsunaga, and 16 CFR 1205 references. *Id.*, Ex. 5 at 12. In the '588 IPR petition, Defendants asserted the Reichart, Nakano, Outils, Matsunaga, Langdon, Milcoy, and Hilchey references. *Id.*, Ex. 6 at 12. On November 3, 2021 the PTAB issued Final Written Decisions ("FWDs") on the IPR petitions, finding the challenged

1

claims were not shown to be unpatentable over the challenged grounds. *Id.*, Exs. 2, 4, 5, 6. On January 3, 2022, Defendants appealed each of the FWDs, and the appeals remain pending.

On January 21, 2022, Defendants disclosed their reduced grounds of invalidity for each asserted patent. *See* D.I. 275, Ex. 7. For the '806, '26686, '86686, and '588 patents, Defendants disclosed either one or two grounds based primarily on prior art products, the Ryobi BMM2400 and Gardena 34A mowers, which could not have been raised in the IPR petitions because they are not patents or printed publications. *Id.* Defendants' invalidity chart for the Ryobi BMM2400 cites several references, such as manuals, parts lists, and patents that describe certain aspects of the system, and the Gardena 34A chart cites a user manual. *Id.*, Ex. 8-10 (Ryobi BMM2400); Ex. 14 (Gardena 34A). For each of these patents, Defendants also disclosed one or, in the case of the '588 patent, two grounds based on combinations of patents or printed publications. *Id.*

During the parties' meet and confer, Defendants informed Plaintiffs that (1) the scope of IPR estoppel is a fact-specific inquiry that should be resolved on summary judgment; and (2) Defendants raised grounds based on patents because they are entitled to preserve invalidity grounds pending the appeal of the FWDs and for a potential appeal of this case. Ex. A, Feb. 5, 2022 Email. Defendants said that the parties should discuss a potential resolution of this dispute, including a potential stipulation of judgment as to certain art to preserve Defendants' rights for appeal, but Plaintiffs refused any further discussion and filed its motion to strike less than two hours after the meet and confer.[1]

II.   **ARGUMENT**

    A.   **Plaintiffs' Motion Is Premature and Should Be Resolved After Fact and Expert Discovery.**

Plaintiffs prematurely seek to bar Defendants from pursuing and preserving meritorious invalidity grounds while fact discovery is ongoing and before expert discovery. As a threshold matter, Plaintiffs have not identified under what rule or standard they are moving to strike, whether under Fed. R. Civ. P. 12(f) or under the *Pennypack* factors. Regardless of what standard Plaintiffs apply, they ignore the Third Circuit's high bar for striking admissible evidence, which alone warrants denial of this motion. "Courts in the Third Circuit favor resolution of disputes on their merits, particularly with respect to patent validity issues, which raise public interest concerns extending beyond the immediate dispute between the parties." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 93 (D. Del. 2016). Exclusion of "critical evidence" is an "extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994). Here, Plaintiffs seek the extreme sanction of barring Defendants' invalidity grounds before depositions have been taken, before expert discovery has begun, and before the parties have the opportunity to develop a complete record.

Plaintiffs cite no cases in which a court in the Third Circuit struck invalidity contentions based on IPR estoppel during fact discovery. Plaintiffs once again misrepresent the law. *See* Ex. B, Feb. 2, 2022 Hr'g Tr. at 43:11-45:10; 45:22-46:3. Plaintiffs cite *In re Verinata Health, Inc.*,

---

[1] Defendants do not believe Plaintiffs made a good faith effort to meet and confer and resolve this dispute before filing its motion in violation of L.R. 7.1.1, which is alone grounds for denial.

2017 WL 1422489 (Fed. Cir. Mar. 9, 2017) and claim the Federal Circuit held "the district court did not abuse its discretion in striking portions of defendant's invalidity contentions based on IPR estoppel." D.I. 275 at 2. But the Federal Circuit made no such finding. In *Verinata*, the Patent Owner petitioned for a writ of mandamus asking the Federal Circuit to direct the district court to strike invalidity grounds that were not explicitly decided in the PTAB's final written decision, and the Federal Circuit denied Patent Owner's petition because the district court did not abuse its discretion in denying this relief. 2017 WL 1422489, at *1-2. And while the district court struck the grounds actually raised in the IPR petitions and decided in the FWDs, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2017 WL 235048, at *3-*6 (N.D. Cal. Jan. 19, 2017), Plaintiffs seek far more here. Also, in *Praxair*, Judge Robinson struck prior art she found to be untimely disclosed, not based on IPR estoppel. *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 464 (D. Del. 2005), *rev'd on other grounds*, 543 F.3d 1306 (Fed. Cir. 2008).

Plaintiffs bear the burden to prove the scope of IPR estoppel, which is a highly fact-intensive question informed by expert testimony. *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 453-55 (D. Del. 2020) (granting summary judgment where patent owner met its burden to show estoppel applies). Indeed, Plaintiffs' motion raises a highly fact-specific question about whether Defendants' asserted prior art products—which could not have been raised in the IPR petitions—are within the scope of IPR estoppel. This question is fact-dependent, will be informed by expert testimony, and requires far more to demonstrate the prior art systems are "materially identical" to grounds that could have been raised in the IPR. *Id.* at 455. Because this question should be answered after the parties have developed a complete record informed by expert opinion, the scope of IPR estoppel is best addressed on a motion for summary judgment or at the pretrial conference. *See id.* at 453-55 (deciding IPR estoppel on motion for summary judgment); *Microchip Tech. Inc. v. Aptiv Servs. US LLC*, 2020 WL 4335519, at *3-4 (D. Del. July 28, 2020) (same). The Court should "decline[] [Plaintiffs'] invitation to engage in an impromptu summary adjudication." *Pavo Sols. LLC v. Kingston Tech. Co., Inc.*, No. 8:14-cv-01352-JLS-KES, 2020 WL 1049911, at *4 (C.D. Cal. Feb. 18, 2020) (denying motion *in limine* based on IPR estoppel). And Plaintiffs' request for leave to file an early summary judgement motion regarding IPR estoppel should be similarly denied, at least until after expert discovery.

### B. Plaintiffs Have Not Met Their Burden To Show Defendants Could Have Raised The Prior Art Products In The IPRs.

Turning to the substance, Plaintiffs have not met their burden to demonstrate that the challenged references are materially identical or cumulative to the Ryobi BMM2400 and Gardena 34A products. *Novartis Pharm. Corp. v. Par Pharm. Inc.*, No. 14-1289-RGA, 2019 WL 9343055, at *1 (D. Del. Apr. 11, 2019) ("Plaintiff bears the burden of demonstrating that estoppel applies under 35 U.S.C. § 315(e)(2)").

First, there is generally no estoppel where a party cannot raise a ground in an IPR, such as one based on a prior art system or a combination with such a system. *Microchip Tech. Inc.*, 2020 WL 4335519, at *4 (Section 315 "does not estop references based on physical prior art, whether standing alone or in combination with a printed reference"); *Zitovault, LLC v. Int'l Bus. Mach. Corp.*, No. 3:16-cv-0962-M, 2018 WL 2971178, at *4 (N.D. Tex. Apr. 4, 2018) ("Defendants therefore could not have raised prior art systems, such as products and software, during IPR proceedings."); *Princeton Digit. Image Corp. v. Konami Digit. Ent. Inc.*, No. 12-

1461-LPS-CJB, 2017 WL 6290637, at *2 (D. Del. Dec. 11, 2017) (defendant "would still be able to raise … [invalidity defenses] not based on patents or printed publications"). Here, Defendants' invalidity defenses for the '806, '26686, '86686, and '588 patents include two prior art systems—Ryobi BMM2400 and Gardena 34A—that are not fully described in any patent or printed publication, much less any patent or printed publication identified by Plaintiffs (*see* D.I. 275 at 2-3). *SPEX Techs. Inc. v. Kingston Tech. Corp.*, No. 16-01790 JVS (AGRx), 2020 WL 4342254, at *15 (C.D. Cal. June 16, 2020) ("reliance on some printed publications in an overall collection of documents being used to describe a system invalidity theory should not lead to estoppel of the overall system invalidity theory itself, nor piecemeal exclusion of the printed publications underlying that system invalidity theory"). Plaintiffs do not argue in this motion that the Ryobi BMM2400 and Gardena 34A are systems that were available in the prior art period, and thus standing alone these systems are not subject to estoppel.

Second, Plaintiffs' claim that the Ryobi BMM2400 and Gardena 34A mowers are "materially identical to and/or cumulative of several patents and printed publications" (D.I. 275 at 2-3) is not supported by any evidence or expert analysis and relies on a misstatement of the law. Plaintiffs contend that, because Defendants cited manuals for the Ryobi BMM2400 and Gardena 34A in their invalidity contentions, this amounts to the mowers being fully disclosed in these manuals. This is not true. Defendants cited to different manuals and references in their invalidity contentions for the Ryobi BMM2400 mower because no single reference is identical to or cumulative of the system art. *See, e.g.,* D.I. 275, Ex. 8 at 3 (citing BMM2400 Service Manual), 5 (citing BMM2400 Operator's Manual). Thus, Defendants could not have relied on any one of these printed publications alone during the IPR proceedings. *See In re Koninklijke Philips Patent Litig.*, No. 18-cv-01885-HSG, 2020 WL 7392868, at *26 (N.D. Cal. Apr. 13, 2020) (defendant did not "raise" invalidity grounds during IPR because other evidence, including physical testing of product, supplied limitations that were missing from a printed publication); *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861 JGB (DFMx), 2015 WL 4744394, at *4 (C.D. Cal. Jan. 29, 2015) ("the physical machine itself discloses features claimed in the '808 Patent that are not included in the instruction manual"). Further, by identifying certain manuals as describing the Ryobi BMM2400 and Gardena 34A products, Defendants do not allege that the printed publications fully describe the features of the product. Plaintiffs have not demonstrated any one manual is materially identical to either system, and thus Plaintiffs have not met their burden to show IPR estoppel should apply.

Third, Plaintiffs' contention that Defendants' expert testified the Gardena 34A mower "is cumulative of the Reichart patent" is flat wrong. D.I. 275 at 3. Mr. Smith testified that his review of the Reichart patent prompted him to explore further, which led him to the Gardena 34A mower. *Id.*, Ex. 13 at 19:16-21:10. Mr. Smith did not testify that the patent is cumulative of the product; to the contrary, Mr. Smith testified that (1) he resorted to other sources to learn more about the product, and (2) the mower is a small, "34-centimeter mower," which is distinct from the larger size disclosed in Reichart because size provides different motivation to a person of skill in the art designing the claimed safety features. *Id.* Indeed, the Gardena 34A mower is not cumulative of the Reichart patent, as Plaintiffs claim (D.I. 275 at 3), and the Gardena 34A mower discloses certain limitations that are not disclosed in Reichart. For example, the Gardena 34A mower uses a safety key 12 to activate the mower recited in limitation 1[b], while Reichart does not. *Compare id.*, Ex. 14 at 4-5 (limitation 1[b]) *with id.*, Ex. 15 at 3-4 (limitation 1[b]). With the benefit of expert discovery, the Court will have more information to make a factual determination of whether these references are cumulative or materially identical.

Fourth, Plaintiffs try to improperly shift the burden to Defendants to prove the negative. Plaintiffs point to Defendants' interrogatory response in which Plaintiffs asked Defendants to identify "any differences between the Commercial Embodiments and the identified patents and printed publications that are relevant to determining the invalidity of the Asserted Claims," *see id.*, Ex. 11 at 3-4 (citing TTI1293_00007789, TTI1293_00009419, and TTI1293_00009404). Yet Plaintiffs (which bear the burden) have not set forth contentions to demonstrate that any patent or printed publication is "materially identical" or "cumulative." Any such contention necessarily requires expert opinion, and expert discovery has not begun. That said, Defendants intend to supplement their interrogatory response as fact discovery continues, including after the deposition of Keith Long (currently scheduled for February 18), who has knowledge relevant to the Ryobi BMM2400 mower.

Fifth, even if the Ryobi BMM2400 Service Manual were materially identical to the product itself (it is not), Plaintiffs have not demonstrated that Defendants reasonably could have raised that manual in their IPRs. Defendants did not have possession of that manual until after the IPRs were filed, which is why the manual and BMM2400 chart were disclosed in Defendants' final invalidity contentions, and not the initial contentions. *Compare id.*, Ex. 1 at 4-5 *with id.*, Ex. 3 at 5. "[T]he question of whether a skilled searcher, conducting a diligent search, reasonably could have been expected to discover these prior art references, is a question of fact." *Pavo Sols.*, 2020 WL 1049911, at *4 (citing *Palomar Techs., Inc. v. MRSI Sys., LLC*, 373 F. Supp. 3d 322, 331 (D. Mass. 2019)). Because Plaintiffs bear this burden, they were required to present evidence that a skilled searcher's diligent search would have found the prior art reference, which "likely [requires] expert testimony." *Id.* (citing *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *9 (N.D. Ill. Mar. 18, 2016). Plaintiffs have not done so.

### C. Defendants Are Entitled To Preserve Their Invalidity Challenges for Appeal.

Defendants have included certain patents and printed publications in their reduced invalidity contentions[2] to preserve these invalidity challenges pending appeal of the FWDs and for any appeal of this case. Defendants do not intend to raise these grounds at trial if the Court finds that Defendants are estopped from raising them. On the February 4 meet-and-confer, Defendants explained their position and offered to "discuss some mechanism that would preserve our rights for appeal." Ex. A, Feb. 5, 2022 Email. Plaintiffs refused to engage.

Striking these grounds during fact discovery is premature where the parties have not yet engaged in expert discovery and the Court has not yet decided the scope of IPR estoppel. But, more substantively, Defendants contend that dropping any such grounds at this time should include a mechanism to preserve the issues (1) if the Federal Circuit vacates the FWDs such that Defendants can raise at trial those grounds that would otherwise be subject to IPR estoppel, and (2) for an appeal of this case, including appeals as to the validity of the patents, inequitable conduct, or the scope of IPR estoppel. To preserve these issues for appeal, Defendants contend it is appropriate to include these references in their expert report on invalidity. Doing so will not markedly increase the burden on the parties because Defendants have significantly reduced their invalidity grounds, and each of the references Plaintiffs seek to strike are asserted prior art against other claims that are not subject to IPR estoppel. *See* D.I. 275 at Ex. 7.

---

[2] These patents and printed publications are Nakano, Outils, Matsunaga, Langdon, CN '817, Roelle, Nie, and Kober.

Respectfully submitted,

*/s/ Brian A. Biggs*

Brian A. Biggs (DE Bar No. 5591)