# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERVON (HK) LIMITED, <br> CHERVON NORTH AMERICA INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> ONE WORLD TECHNOLOGIES, INC., <br> TECHTRONIC INDUSTRIES CO. LTD., <br> HOMELITE CONSUMER PRODUCTS, INC. <br><br> *Defendants*. | C.A. No. 19-1293-LPS |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE FALLON'S FEBRUARY 2, 2022 ORDER

## I.     INTRODUCTION

Magistrate Judge Fallon has twice found as a factual matter that Plaintiffs failed to meet their burden to demonstrate any valid basis for claiming privilege over approximately 150 documents Plaintiffs have withheld.  Before issuing her February 2, 2022 Order, Judge Fallon reviewed detailed briefing, privilege logs, and declarations and ruled that: (1) the "confusing mess" that led to Plaintiffs publicly docketing one disputed document constituted a waiver of privilege; (2) Plaintiffs did not demonstrate that the attorney-client privilege applied to communications involving foreign patent agents, and Plaintiffs' inconsistent "back and forth flip-flopping on positions" abrogated the privilege even if one existed; and (3) Plaintiffs' privilege claims as to patent agents failed for the same reasons as in her November 30, 2021 Order.

Plaintiffs' Objection is the latest in their ongoing campaign to withhold invention-related documents critical to Defendants' defenses, including their inequitable conduct defense.  In this installment of delay, Plaintiffs ask this Court to reweigh the facts that prompted Judge Fallon to rule that Plaintiffs waived privilege and failed to demonstrate "protection for non-attorney individual patents agents" under a correct reading of the law.  Judge Fallon was in the best position to weigh these facts, so her Order should be given great deference.

In arguing that the Order is "contrary to law," Plaintiffs continue to misrepresent the law, despite having been corrected by Judge Fallon at the February 2 hearing.  *See* D.I. 287, Ex. 6 at 44:10-47:16.  Plaintiffs' position is contrary to the *In re Queen's* and *Align Tech*. decisions, which Judge Fallon expressly considered in her Order.  Plaintiffs did not properly raise the patent agent privilege before Judge Fallon, but even if they had, that privilege would not apply to Plaintiffs' patent agents in China under *Align Tech*.  As Judge Fallon correctly found, China does not recognize any form of attorney-client privilege, so the patent agent privilege would not apply either.  Judge Fallon's February 2, 2022 Order is neither clearly erroneous nor contrary to law.

1

## II. BACKGROUND

For more than two years, Plaintiffs have been withholding nonprivileged documents exchanged among Chinese patent agents—documents Plaintiffs did not even identify until 18 months after Defendants requested them—and continue to withhold them despite two orders by Judge Fallon compelling their production.  On November 30, 2021, Judge Fallon ordered the production of 131 communications involving Plaintiffs' Chinese personnel after Plaintiffs failed to establish that any privilege would apply to those communications.  Judge Fallon correctly ruled that Plaintiffs failed to meet their burden to establish privilege because they "made only conclusory arguments that a blanket privilege applies to all documents in issue based on in-house counsel's oversight of Plaintiffs' patent agents, and that the attorney-client privilege should extend to internal communications of patent agents."  D.I. 249, Ex. B at 1-2.

On November 23, 2021, Plaintiffs clawed back 20 invention records involving the same Chinese patent agents and same Chinese patent department, and thus Judge Fallon's November 30 Order should also have applied to those documents.  Rather than withdraw their improper privilege claims, Plaintiffs filed their Objection to the November 30, 2021 Order (D.I. 249), demanded that Defendants file a new discovery dispute on the clawed-back document, and forced Defendants and the Court to expend further judicial resources on this issue.

In the time between Judge Fallon's November 30 Order and her February 2 Order, Plaintiffs asked Judge Fallon to unseal one of the invention records and allowed it to remain on the public docket for more than six weeks.  The chain of events is undisputed: In briefing the first dispute, Defendants filed an exemplary invention record under seal as an exhibit to their brief (*see* D.I. 239, Ex. D at Ex. 13), and Plaintiffs subsequently clawed back that document, among several others (*see* D.I. 243).  When the parties proposed redacting that invention record in its entirety, the Court asked the parties to demonstrate good cause for the requested sealing.

2

*See* November 30, 2021 Oral Order. In response, Plaintiffs told the Court that they "no longer [sought] to maintain confidentiality over [that] exhibit." D.I. 245. The Court unsealed the document on December 8, 2021, and it remained publicly available until <u>Defendants</u> alerted Plaintiffs that it was on the public docket, who then requested it be resealed. *See* D.I. 262.

Between December 8, 2021 and January 25, 2022, Plaintiffs served three supplemental privilege logs that withheld the disputed invention records based solely on the attorney-client privilege, and with each turn Plaintiffs changed the individuals involved. *See* D.I. 265 at 1-2. Plaintiffs' seventh supplemental log (served two days before the parties were due to brief this issue) only identified Chinese individuals and identified no attorneys. *See* D.I. 265, Ex. 4 at 93-99. In her February 2, 2022 Order, Judge Fallon again found that Plaintiffs failed to demonstrate that a privilege applies to these Chinese records, because Plaintiffs did not claim patent-agent privilege in their logs <u>and</u> because Plaintiffs did not demonstrate that the documents deserved protection in any event. *See* D.I. 287, Ex. 6 at 67:20-25 (the two rulings are "one and the same, and for many of the reasons I stated on November 30th, they would apply here as to the lack of protection for non-attorney individual patents agents here").

The February 2 Order also properly found Plaintiffs waived privilege as to the invention record that Plaintiffs asked the Court to unseal. Judge Fallon found Plaintiffs' actions were "a confusing jumble of filings clawed back, publicly available, then under seal, so it's not been very carefully managed in terms of the invention record." D.I. 287, Ex. 6 at 55:25-56:4, 65:7-66:21.

### III. ARGUMENT

Because Judge Fallon's February 2 Order is not case dispositive, the Court reviews the rulings under the "clearly erroneous and contrary to law" standard. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Masimo Corp. v. Philips Elec. N.A. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014). Under this standard, the reviewing court will only set aside factual findings when it

is "left with the definite and firm conviction that a mistake has been committed." *Id*. (citing *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007)). Discovery decisions of a magistrate judge are given great deference and will be reversed only for an abuse of discretion. *See Norguard Ins. Co. v. Serveon Inc.,* No. 08-900 (JBS/AMD), 2011 WL 344076, at *2 (D. Del. Jan. 28, 2011). Thus, "it is 'the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Massimo*, 62 F. Supp. 3d at 388 (citation omitted). Judge Fallon's order is contrary to law only if she "has misinterpreted or misapplied the applicable law." *Id.*

### A. Judge Fallon Correctly Ruled That Plaintiffs Waived Privilege Through Their "Confusing Mess" And Public Filing Of An Invention Record.

Judge Fallon's finding of waiver was and is unquestionably correct. Plaintiffs fail to accept that their own actions resulted in a privilege waiver for the document Bates labeled CHERVON0237687-693 (the "Waived Document"). Plaintiffs did not "inadvertently" disclose the Waived Document (*see* D.I. 287 at 9-10)—on the contrary, Plaintiffs voluntarily produced the Waived Document to Defendants on August 25, 2021. Only after Defendants wrote to explain how the Waived Document supported their inequitable conduct defense, Plaintiffs improperly clawed it back on November 23, 2021, three months after producing it. But after clawing it back, Plaintiffs told Judge Fallon they "no longer [sought] to maintain confidentiality" over the Waived Document and allowed it to sit on the public docket for <u>six weeks</u> until Defendants brought it to Plaintiffs' attention. D.I. 245. On this record, Judge Fallon's waiver determination for the Waived Document was unquestionably correct. *See Genentech, Inc. v. U.S. Int'l Trade Commc'n*, 122 F.3d 1409, 1415-16 (Fed. Cir. 1997) (affirming ITC's reliance on district court's waiver finding where party did not adequately prevent disclosure).

The Court should decline to reweigh the evidence that Judge Fallon already considered. Judge Fallon's finding is neither "completely devoid of minimum evidentiary support displaying some hue of credibility" nor does it "bear[] no rational relationship to the supportive evidentiary data.'" *Massimo*, 62 F. Supp. 3d at 388. Rather, Judge Fallon determined that Plaintiffs' multiple disclosures of the Waived Document were not inadvertent. Judge Fallon also was correct that Plaintiffs did not take reasonable steps to prevent disclosure after Plaintiffs affirmatively told the Court that the Waived Document could be unsealed. Plaintiffs' claim of "oversight" (D.I. 287 at 10) is not credible, and at least indicates Plaintiffs do not consider these communications to be particularly sensitive.

Plaintiffs try to blame Judge Fallon's waiver decision on a "disconnect" about whether sealing the document would maintain privilege (Plaintiffs' position) or whether such a document should be removed from the docket entirely, as would be the case with *in camera* review. *See* D.I. 287 at 3. Plaintiffs' "disconnect" is a red herring because Judge Fallon did not order waiver solely on one action. The entire chronology demonstrated the Waived Document was "not … very carefully managed" and Plaintiffs' handling of it was a "mess." D.I. 287, Ex. 5 at 2, Ex. 6 at 55:6-56:4, 65:7-66:21. On these facts, Judge Fallon's ruling was not clearly erroneous.

### B. Judge Fallon's Ruling That Plaintiffs Failed To Properly Assert The Patent Agent Privilege Was Not Clearly Erroneous.

Judge Fallon also correctly found that Plaintiffs failed to assert the patent agent privilege. Through seven supplements to their privilege log, Plaintiffs only asserted the attorney-client privilege over the disputed documents, and Plaintiffs never identified any attorneys who sent, received, or were copied on those documents. On this undisputed record, Judge Fallon correctly found that Plaintiffs did not meet their burden to establish the attorney-client privilege, and she correctly found that Plaintiffs never invoked the separate patent agent privilege. *See* D.I. 287,

5

Ex. 6 at 66:21-67:25. Analyzing the *In re Queen's* and *Align Tech.* cases, Judge Fallon ruled that the "patent agent privilege is a privilege independent from the attorney-client privilege. And if it's going to be asserted, it should be asserted as an independent privilege." *Id.* at 67:9-13. Because Plaintiffs' seventh supplemental privilege log did not assert the patent agent privilege, Judge Fallon was well within her discretion to rule that Plaintiffs had not asserted that privilege. Plaintiffs' waiver is particularly pronounced here where Judge Fallon found Plaintiffs' privilege logs deficient in her November 30, 2021 Order, yet Plaintiffs made no effort to cure the deficiencies by identifying the patent agent privilege in any subsequent logs.

Plaintiffs seek to blame Magistrate Judge Fallon for their failure to assert the patent agent privilege, claiming the February 2 Order "elevates form over substance." D.I. 287 at 9. But it was Plaintiffs' burden to (1) assert the proper grounds for claiming privilege on their privilege log, and (2) provide the required support to demonstrate that each ground of privilege would apply on a document-by-document basis. Plaintiffs did neither, so Judge Fallon was correct in ruling that Plaintiffs did not assert the patent-agent privilege, thereby waiving this ground, and that the challenged communications were between non-attorneys, rendering the privilege inapplicable in any event. *See* D.I. 287, Ex. 6 at 67:4-25.

### C. Judge Fallon Correctly Ruled That Plaintiffs Did Not Satisfy Their Burden Of Proving The Challenged Documents Are Protected By Privilege.

In addition to ruling that Plaintiffs had indisputably failed to raise the patent agent privilege as a separate ground of privilege, Judge Fallon also correctly ruled that Plaintiffs did not demonstrate any "protection for non-attorney individual patent agents here." D.I. 287, Ex. 6 at 67:4-25. Plaintiffs argue that the February 2 Order "failed to credit the Lukas Decl. or Chervon's log" (D.I. 287 at 9), but that is not true. Judge Fallon stated she "read all of the submissions," (D.I. 287, Ex. 6 at 3:10-12), exhibited a clear understanding of the record, and

6

found that Plaintiffs' log failed to demonstrate any privilege for many of the same reasons set forth in her November 30, 2021 Order (*id.* at 67:20-25). This is unsurprising where Plaintiffs failed to demonstrate any of the requirements of the "foreign patent agent test" outlined in *Align Tech*. and in Magistrate Judge Burke's February 3, 2020 Memorandum Opinion adopted by the Court in that case. *See Align Tech., Inc. v. 3Shape A/S*, No. 17-1646-LPS, 2020 WL 1873026 (D. Del. Apr. 15, 2020); *see also Align Tech.*, D.I. 337, attached as Ex. A to this brief. Although Judge Fallon did not explicitly recite Plaintiffs' many failures of proof, that alone does not constitute error, particularly because Plaintiffs' Objection fails for the same reasons. *In re Radnor Holdings Corp.*, 629 F. App'x 277, 280 (3d Cir. 2015) (finding opinion was not clearly erroneous because court "noted that it had considered the entire record before approving the fee application, and Kennedy is unable to identify any particular evidence that was omitted").

Under the legal test set forth in *In re Queen's* and *Align Tech*., Plaintiffs failed to support their claims of privilege. *See In re Queen's Univ. at Kingston*, 820 F.3d 1287, 1295 (Fed. Cir. 2016); *Align Tech.*, 2020 WL 1873026, at *2. The threshold question—which Plaintiffs continue to ignore—is whether the communications "touch base" with the United States or with a foreign country. *See* D.I. 287 at 2; *see also Tulip Comput. Int'l, B.V. v. Dell Comput. Corp*., 210 F.R.D. 100, 104 (D. Del. 2002) ("[C]ommunications that relate to activity in a foreign country are governed by that country's privilege law … ."). Here, the disputed invention records "touch base" with China because they are written in Chinese and relate to <u>Chinese</u> patent applications filed by Plaintiffs in China. *See* D.I. 287 at 2. Plaintiffs cannot claim privilege over these documents "[b]ecause Chinese law does not recognize the attorney-client privilege." *Wultz v. Bank of China Ltd.*, 979 F. Supp. 2d 479, 493 (S.D.N.Y. 2013) (compelling production of documents touching base with China). Judge Burke's decision in *Align Tech*. confirms that the

7

"touch base" test remains a threshold question for the "foreign patent agent test" too, because the Federal Circuit would "apply foreign privilege law to determine whether the communications at issue were protected" should there be a conflict between the privilege law of the United States and China. *See* Ex. A at 16. Here, Defendants submitted a declaration from a Chinese lawyer and former Chinese judge who opined that China does not recognize the attorney-client privilege. *See* D.I. 239 at 3, Ex. 10, Bisheng Shi Decl. at ¶¶ 8-9. Plaintiffs submitted no declaration to demonstrate that Chinese law would recognize any privilege over the communications of Plaintiffs' Chinese in-house patent agents. Plaintiffs ignored the "touch base" analysis in their briefing to Judge Fallon and continue to ignore it in their Objection.

*Align Tech*. is instructive. There, the defendants sought to protect 61 communications between the defendants' companies, defendants' in-house European patent attorneys based in Denmark, and defendants' Denmark-based patent agents. *See* Ex. A at 5-6. The defendants submitted two declarations, one from a Danish law expert explaining whether Danish law recognizes privilege over the legal advice of European patent attorneys (*id*. at 19) and a second declaration from one of the European patent attorneys demonstrating their credentials and functions (*id*. at 5-6). Despite this, Judge Burke found that the defendants had not supported their claims of privilege because (1) they failed to demonstrate that one of alleged European patent attorneys was licensed at the time the communications were made, and (2) the declarations did not make clear which legal functions European patent attorneys are authorized to engage in under Danish law. *Id*. at 19-20.

Here, Plaintiffs did not do anything like what the defendants did in *Align Tech*. Plaintiffs submitted a single declaration from their United States outside counsel, Mr. Lukas, who concludes without any factual support that three individuals are "qualified as Chinese patent

8

agents." D.I. 267, Ex. 8 ("Lukas Decl.") at ¶ 7. Mr. Lukas does not say when those individuals became agents, what board certified their license (if any), whether their licenses are active, or any other indicia that would allow Defendants to explore their credentials. *Id*. Mr. Lukas provides a single citation to "China's Patent Agency Regulations" that merely states that a patent agent may perform certain functions. *Id*. at ¶ 8. But Mr. Lukas does not claim to be an expert on Chinese law, nor does he claim that these functions somehow cause the patent agent's communications to be protected by the attorney-client privilege or the patent agent privilege. *See* Ex. A at 21 (defendants failed to "demonstrate the extent to which the law of Denmark authorizes EPAs to take certain actions that amount to the practice of law, or whether Danish law otherwise recognizes a patent-agent privilege broader than or in conflict with that set out in U.S. law."). Plaintiffs submitted no declaration of an expert on Chinese law at all. Therefore, Plaintiffs have not carried their burden to satisfy the foreign patent agent test.

Trying to excuse their obvious failure of proof, Plaintiffs argue that Judge Fallon misconstrued the law of privilege. D.I. 287 at 1, 7-8 (objecting that Judge Fallon "[i]gnored" and "[f]ailed to assess" that the "Federal Circuit, Congress, and the USPTO have determined that communications with foreign patent agents are protected from disclosure as an extension of the attorney-client privilege"). But it is Plaintiffs, not Judge Fallon, who continue to misconstrue the law, even after Judge Fallon corrected Plaintiffs' counsel during the February 2 hearing. D.I. 287, Ex. 6 at 44:13-45:1 (instructing Plaintiffs' counsel that *In re Queen's* recognizes the patent agent privilege "is not a subcategory of an attorney-client privilege. It's an independent privilege, and that's not what you've argued."). Judge Fallon correctly applied the Federal Circuit's holding in *In Re Queen's* that an "independent patent-agent privilege" exists separate and apart from the attorney-client privilege. *In re Queen's*, 820 F.3d at 1295; *see also* D.I. 287,

9

Ex. 6 at 44:13-45:1 ("[I]n the *In re Queens University at Kingston* case that you cited by the Fed Circuit, doesn't the Court specifically state that we find that the unique roles of patent agents, the congressional recognition of their authority to act, the Supreme Court's characterization of their activities of the practice of law, and the current realities of patent litigation counsel -- counsel in favor of recognizing an independent, independent, patent agent privilege?").

Undeterred, Plaintiffs argue that "the substance of the attorney-client privilege also protects patent agent communications." D.I. 287 at 8. Plaintiffs' argument is both wrong and unsupported by any precedent. The cases Plaintiffs cite (*see* D.I. 287 at 6-7) were decided before *In re Queen's* and are distinguishable. For example, *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 146 (D. Del. 1977) found that a document sent to or received by a patent agent was privileged because the document "concern[ed] a request for legal research to be performed by the agent, for the benefit of the attorney." As the court found, the patent agent's work was "performed under the direct supervision of the attorney." *Id.* (emphasis added). *In re Queen's* removed all doubt about the independent patent agent privilege based on, as Judge Fallon succinctly summarized, "the unique roles of patent agents, the congressional recognition of their authority to act, the Supreme Court's characterization of their activities of the practice of law, and the current realities of patent litigation counsel." *See* D.I. 287 at Ex. 6, 44:13-24; *In re Queen's*, 820 F.3d at 1295. Judge Fallon was correct on the law, and she was correct that Plaintiffs failed to sustain their burden to demonstrate protection by a recognized privilege.

## IV.     CONCLUSION

As the finder of fact, Judge Fallon's rulings about Plaintiffs' improper privilege claims are entitled to great deference. Plaintiffs have not demonstrated that Judge Fallon's February 2, 2022 Order is clearly erroneous or contrary to law. The Court should overrule Plaintiffs' Objection and order that the withheld documents be produced without further delay.

| | |
|---|---|
| Dated: March 2, 2022 | **DLA PIPER LLP (US)** |
| **Of Counsel**: | */s/ Brian A. Biggs* |
| | Brian A. Biggs (DE Bar No. 5591) |
| Sean C. Cunningham (admitted *Pro Hac Vice*) | Stephanie O'Byrne (DE Bar No. 4446) |
| Erin P. Gibson (admitted *Pro Hac Vice*) | Erin E. Larson (DE Bar No 6616) |
| David R. Knudson (admitted *Pro Hac Vice*) | 1201 North Market Street, Suite 2100 |
| **DLA Piper LLP (US)** | Wilmington, DE 19801-1147 |
| 401 B. Street, Suite 1700 | Telephone: 302.468.5700 |
| San Diego, CA 92101-4297 | Facsimile: 302.394.2341 |
| Telephone: 619.699.2900 | brian.biggs@dlapiper.com |
| Facsimile: 619.764.6600 | stephanie.obyrne@us.dlapiper.com |
| sean.cunningham@dlapiper.com | erin.larson@dlapiper.com |
| erin.gibson@dlapiper.com | |
| david.knudson@dlapiper.com | ***Attorneys for Defendants One World*** |
| | ***Technologies, Inc., Techtronic Industries Co. Ltd.*** |
| Damon M. Lewis (admitted *Pro Hac Vice*) | ***and Homelite Consumer Products, Inc.*** |
| **DLA Piper LLP (US)** | |
| 500 Eighth Street NW | |
| Washington, DC 20004 | |
| Telephone: 202.799.4573 | |
| Facsimile: 202.799.5362 | |
| damon.lewis@dlapiper.com | |