

Benjamin Schladweiler
Tel 302.661.7352
Fax 302.661.7163
schladweilerb@gtlaw.com

September 14, 2022

**VIA CM-ECF**

The Honorable Gregory B. Williams
USDC for the District of Delaware

> Re:  *Chervon (HK) Ltd. v. One World Techs., Inc.*, Case No. 19-cv-1293 (GBW) (D. Del.)
> Chervon's Motions for an Order to Show Cause and to Strike

Dear Judge Williams:

Defendants served their Amended Final Invalidity Contentions ("AFIC") on July 27, 2022, nearly two years after the Court's deadline (*i.e.*, December 17, 2020), in violation of the Court's Scheduling Order.  Chervon asked Defendants why they did not move the Court to modify the Scheduling Order and/or for leave to amend their Final Invalidity Contentions ("FIC").  Defendants responded that it was not necessary for them to move the Court. Chervon respectfully requests that the Court issue an Order: (i) requiring Defendants to show cause why Defendants have not violated the Court's Scheduling Order by serving their AFIC without moving for leave to amend their FIC and/or to extend the Court's deadline; and (ii) striking Defendants' untimely served AFIC for lack of good cause and diligence.

## I. FACTUAL BACKGROUND

On December 17, 2020, Defendants served their FIC in accordance with the Scheduling Order.  (FIC, D.I. 277-1; *see also* D.I. 129, D.I. 37 at 4 (7(f)).)   On October 26, 2021, the Court granted a joint stipulation requiring Chervon to narrow its asserted claims and requiring Defendants to narrow the invalidity grounds from their FIC to three grounds per asserted claim.  (D.I. 234 at 1-2.)  On December 6, 2021, Chervon served its narrowed list of asserted claims.  (12/6/21 Email, **Ex. 1**.)  On January 21, 2022, Defendants served a broadened—not narrowed—list of invalidity contentions ("NIC") that expanded Defendants' invalidity grounds with new theories that were not disclosed or charted in the FIC.  (NIC, D.I. 277-2.)[1]

On July 27, 2022, Defendants served their AFIC with new invalidity theories and new claim charts that Defendants did not provide in their FIC.  (AFIC, **Ex. 2**; *see also* 7/27/22 Ltr., **Ex. 3**.)   Defendants were aware of all of the prior art references included in their AFIC when they served their FIC nearly two years before.  (*See* D.I. 283; 7/27/22 Ltr. Ex 3; 7/27-9/8/22 Email Chain, **Ex. 4**.)  Defendants' AFIC included: (i) six (6) entirely new charts of prior art combinations that were not included in the FIC (*see* Ex. 2 at B-8, B-9, C-4, D-4, F-3, I-4); and (ii) five (5) new and amended charts (*id*. at A-1, C-3, E-3, E-4, H-2).  Defendants' AFIC charts also applied certain prior art combinations against patents and claims that Defendants had not asserted the combinations against in their FIC.  ***Despite having served their AFIC almost two years after the deadline, Defendants have not moved for leave to amend their FIC or to extend the December 17, 2020 final invalidity contentions deadline.***

---

[1] Chervon moved to strike the NIC because Defendants chose to broaden their invalidity grounds in violation of the Court's Scheduling Order (D.I. 37) and joint stipulation (D.I. 234). Chervon's motion to strike Defendants' NIC remains pending. (*See* D.I. 276-77, 283, 285.)

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL∞
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

* OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
∞ OPERATES AS GREENBERG TRAURIG LLP FOREIGN LEGAL CONSULTANT OFFICE
** STRATEGIC ALLIANCE

## II. ARGUMENT

### A. The Court Should Issue An Order Requiring Defendants To Show Cause Why They Have Not Disobeyed The Court's Orders By Belatedly Serving Their AFIC Without Moving Under Rule 16.

Once a scheduling order is set it may be modified only by leave of court upon a showing of good cause. Fed. R. Civ. P. 16(b). The burden is on the moving party to "demonstrate good cause and due diligence." *Race Ties Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010) (Rule 16 "focuses on the moving party's burden to show due diligence"); *see also Vaxcel Int'l Co., Ltd. v. HealthCo LLC,* C.A. No. 1:20-cv-00224-GBW, D.I. 226 (D. Del. June 28, 2022) (**Ex. 6**) ("The good cause standard hinges on the diligence of the moving party; in order to show good cause, a movant must first meet the threshold requirement that it demonstrate that, despite diligence, the proposed new filing could not have been reasonably been made in a timely manner"). "Diligence has two aspects to it. One is whether the moving party acted diligently to discover that an amendment was appropriate. The second aspect is whether the moving party has promptly moved to amend its contentions after it learned an amendment was necessary." *Bayer Cropscience AG v. Dow Agrosciences LLC*, C.A. No. 1:10-cv-01045-RMB-JS, D.I. 332 at 3 (D. Del. June 7, 2012) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1365-67 (Fed. Cir. 2006)); *see also British Telecomms. PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2020 U.S. Dist. Lexis 99888, at * 5 (D. Del. Sept. 28, 2020) (same); *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, C.A. No. 12-3289 (PGS) (LHG), 2014 U.S. Dist. Lexis 52548, at *20-36 (D.N.J. Apr. 16, 2014) (sustaining decision granting plaintiff's motion to strike new invalidity theories in expert report after magistrate previously denied defendant's motion to amend its invalidity contentions).

Here, Defendants served their AFIC nearly two years after the deadline set by the Court, without seeking leave to amend their FIC or to extend the deadline for service of final invalidity contentions. Defendants' belated service of their AFIC violated multiple Court Orders: the Court's Scheduling Order setting December 17, 2020 as the deadline for Defendants' FIC (D.I. 37 at 4 (7(f)) and the Court's Order requiring Defendants to narrow the number of invalidity grounds from their FIC by January 21, 2022 (D.I. 234 at 1-2). Defendants have refused to discuss their failure to seek leave to avoid addressing whether they had good cause to serve their AFIC after the Court's deadline (they did not). (*See, e.g.,* Ex. 4.) [2,3] The Court should issue an Order in the form attached hereto requiring Defendants to show cause why they have

---

[2] Defendants have also stated it was not necessary for them to move the Court. (Ex. 4 at 1.)

[3] Defendants knew they needed to seek leave from the Court to extend the FIC deadline because, when seeking to serve their initial invalidity contentions two days late, Defendants stated that "[s]ince this is a court ordered deadline, we felt it appropriate to file a stipulation memorializing our agreement to a 2-day extension." (3/18/20 Email, **Ex. 5.**) Similarly, Defendants knew they must show good cause for their belated AFIC because they successfully argued that Chervon could not show good cause and diligence to amend its complaint almost a year after the deadline. (*See* D.I. 138 at 1; *see also* 1/28/21 Oral Order.)

Page 3

not violated the Court's Orders.[4]

### B. The Court Should Reject Defendants' Attempt To Avoid Rule 16's Good Cause And Diligence Requirements And Should Strike Defendants' AFIC Because Defendants Cannot Meet Their Burden Of Showing Good Cause And Diligence.

Defendants cannot show good cause and diligence under Rule 16 to extend the Scheduling Order and/or to amend their FIC because Defendants did not act diligently. Defendants were aware of the references contained in their AFIC at the time they filed their FIC nearly two years earlier. (*See, e.g.,* D.I. 277-1; Exs. 2-4; D.I. 283.) Nothing prevented Defendants from including the AFIC's new and amended charts in their FIC.[5] Defendants did not have good cause to serve their AFIC without the Court's permission almost two years after the deadline, and the Court should strike the AFIC under Rules 16 and 37 and the Court's inherent power.

Defendants served their AFIC without seeking the Court's leave to avoid their burden of showing good cause and diligence under Rule 16—which Defendants know they cannot meet. Other courts within this District have already considered and rejected Defendants' calculated attempt to bypass their Rule 16 burden and to convert the Rule 16 good cause and diligence analysis into a prejudice inquiry, and this Court should too. *See, e.g., Vaxcel*, C.A. No. 1:20-cv-224-GBW, D.I. 226, Ex. 6 (denying a motion to extend the deadline to serve infringement contentions by one month and holding that Rule 16's good cause standard applied and that *Pennypack* could not be used to save plaintiff's belated infringement contentions);[6] *Pharm. Corp. of Am./Askari Consol. Litig.*, C.A. 16-1123-RGA, 2020 U.S. Dist. Lexis 101476, at *7 (D. Del. June 9, 2020) ("In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on the prejudice to the non-moving party"); *Merck*, 2014 U.S. Dist. Lexis 52548, at *9 ("The Court will only consider prejudice to the non-moving party if the moving party has made the requisite showing of diligence"); *Finjan, Inc. v. Rapid7, Inc.*, C.A. No. 18-1519-MN, 2020 U.S. Dist. Lexis 178523, at * 16-*17 (D. Del. Sept. 29, 2020) (granting motion to strike plaintiff's supplemental final infringement contentions because plaintiff violated the scheduling order and could not show good cause as plaintiff cited to the same infringing capability in a final infringement chart for a different patent).[7] Defendants cannot meet their burden of showing good cause here. As the Third Circuit explained, "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility would be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986). Indeed, "[i]f the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement would be virtually meaningless as a mechanism for shaping the conduct of discovery." *Id*.

---

[4] *See Roe v. Operation Rescue*, 54 F.3d 133, 137 (3d. Cir. 1995) (contempt requires: (1) a valid order; (2) knowledge of the order; and (3) disobeying the order).

[5] *See British Telecomms.*, 2020 U.S. Dist. Lexis 99888, at *10-11 ("a new strategic assessment of the importance of a particular prior art reference does not constitute good cause for an untimely amendment of a party's invalidity contentions.").

[6] *See also id.* ("And because the good cause standard is applicable here, Plaintiff cannot turn to the *Pennypack* factors to try to save its belatedly-filed contentions.").

[7] *See also Faiella v. Sunbelt Rentals, Inc.*, C.A. No. 18-11383 (RMB/AMD), 2022 U.S. Dist. Lexis 48932, at * 9 (D.N.J. Mar. 18, 2022) (same).

Respectfully,

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)