IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHERVON (HK) LTD., CHERVON NORTH
AMERICA, INC.,

               Plaintiffs,

           v.

ONE WORLD TECHNOLOGIES, INC.,
TECHTRONIC INDUSTRIES CO. LTD.,
HOMELITE CONSUMER PRODUCTS,
INC.,

               Defendants.

Civil Action No. 19-1293-GBW

---

## MEMORANDUM ORDER

At Wilmington, Delaware this 26th day of October 2022.

Having reviewed the parties' letter briefing and other materials filed with respect to Plaintiffs Chervon (HK) Limited and Chervon North America, Inc.'s (collectively, "Chervon") motion to strike Defendants One World Technologies, Inc., Techtronic Industries Co. Ltd., and Homelite Consumer Products, Inc.'s (collectively, "Defendants") Ninth Affirmative Defense of Inequitable Conduct (D.I. 246; D.I. 247; D.I. 251; D.I. 253), IT IS HEREBY ORDERED that Chervon's Motion to Strike Defendants' Inequitable Conduct Affirmative Defense (D.I. 246) is DENIED, for the reasons stated below.

### I.    Background

On December 30, 2020, Defendants filed a Motion for Leave to Amend their Answer and Affirmative Defenses to Chervon's Second Amended Complaint to add "an affirmative defense that six of the nine asserted patents are unenforceable due to inequitable conduct." D.I. 134 at 1. Defendants allege that, during the prosecution of some of the

asserted patents, the patent applicants and the prosecuting attorneys withheld a material figure from a prior art publication with an intent to deceive the patent office. *See generally* D.I. 171 at ¶¶141-47.[1]  On January 28, 2021, Magistrate Judge Fallon issued an Oral Order granting Defendants' Motion to Leave to Amend their Answer and Affirmative Defenses. *See* Jan. 28, 2021 Oral Order.  On February 11, 2021, Chervon filed its objections to Magistrate Judge Fallon's January 28, 2021 Oral Order. *See generally* D.I. 191.  On February 25, 2021, Defendants responded to Chervon's rejections. *See generally* D.I. 197. The Court overruled Chervon's objections.  D.I. 250.

On December 8, 2021, Chervon filed its Motion to Strike Defendants' Inequitable Conduct Affirmative Defense.  D.I. 246.

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  Motions to strike are generally "disfavored." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 356 (D. Del. Mar. 30, 2009) (citing *Seidel v. Lee*, 954 F. Supp. 810, 812 (D. Del. Dec. 30, 1996)).  "When ruling on a motion to strike, the [c]ourt must construe all facts in favor of the nonmoving party

---

[1] In the Patent Trial and Appeal Board's ("PTAB") preliminary institution decisions in the *inter partes* review of some of the asserted patents, the PTAB noted that the withheld figure in the prior art publication was "particularly relevant." *See* D.I. 171, Ex. 1, IPR2020-00884, Decision Granting Institution of Inter Partes Review (Paper No. 20) at 31; Ex. 2, IPR2020-00886, Decision Granting Institution of Inter Partes Review (Paper No. 21) at 29; Ex. 3, IPR2020-00888, Decision Granting Institution of Inter Partes Review (Paper No. 20) at 25.  In the PTAB's final written decision opinion, the PTAB found the patents valid.  D.I. 247 at 1; D.I. 251 at 3.

and deny the motion if the defense is sufficient under law." *Symbol Techs.*, 609 F. Supp.

2d at 356 (quoting *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362

(D. Del. Oct. 21, 1988)) (internal quotations omitted). "[A] court should not grant a motion

to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *Cipollone*

*v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir. 1986), *rev'd on other grounds*, 505 U.S.

504, 112 (1992) (citations omitted).

### III.    Discussion

Chervon's motion to strike is untimely under Rule 12(f)(2) and the Court declines

to consider Chervon's motion to strike "on its own" under Rule 12(f)(1).  Rule 12(f)(2)

states that a motion to strike a pleading must be filed "within 21 days after being served

with the pleading."  Chervon argues that its motion is not untimely because its motion to

strike "is based on the [the PTAB's Final Written Decision]."[2]  D.I. 253 at 2.  The relevant

pleading is not the PTAB's Final Written Decision.  The relevant pleading is Defendants'

Amended Answer to Chervon's Second Amended Complaint, which was filed on January

28, 2021.  D.I. 171.  Chervon did not file its motion to strike until December 8, 2021—314

days after Defendants filed their Amended Answer.  D.I. 246.  Thus, Defendants' motion

to strike is untimely under Rule 12(f)(2).

Under Rule 12(f)(1), the Court *may* act *sua sponte* on Defendants' motion to strike.

The Court sees no reason to do so here.  "Motions to strike affirmative defenses are

disfavored by courts."  *Procter & Gamble Co.*, 697 F. Supp. at 1362 (citation omitted).

The Court agrees with Defendants that Chervon's motion to strike is an attempt to "re-

---

[2] Chervon relies on the PTAB's Final Written Decision that the patents under review were "allowable, patentable, and valid over [the withheld reference and] . . . is therefore not but-for material to the patentability of the asserted patents and claims as a matter of law."  D.I. 247 at 1.

litigate Defendants' successful motion to amend." D.I. 251 at 2. When deciding Defendants' Motion for Leave to Amend their Answer and Affirmative Defenses to Chervon's Second Amended Complaint, this Court held "Defendants' proposed amended pleading adequately alleges that Plaintiffs omitted a figure from a prior art reference disclosed in the [Information Disclosure Statement ("IDS")] that was material to the patentability of the invention, and the selective disclosure of the prior art reference without inclusion of the figure gives rise to a reasonable inference that the omission was made with the specific intent to deceive the [United States Patent and Trademark Office ("PTO")]." Jan. 28, 2021 Oral Order; *see also* D.I. 250. Thus, this Court previously found that Defendants' inequitable conduct defense was sufficient and granted their Motion for Leave to Amend their Answer and Affirmative Defenses. *See* D.I. 250. For these reasons, Defendants' inequitable conduct defense cannot be "insufficient" under Rule 12(f). The Federal Rules of Civil Procedure provide that "the court may order stricken from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous allegations may be stricken if the matter alleged bears no possible relation to the controversy or may cause the objecting party prejudice." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291-92 (D. Del. June 30, 1995) (internal quotations and citations omitted). Chervon never argued that Defendants' inequitable conduct defense is "redundant, immaterial, impertinent, or scandalous." *See generally* D.I. 247; D.I. 253.

The Court also rejects Chervon's requests that "the Court treat its Motion as, or convert it to, a Rule 12(c) motion." D.I. 253 at 2. Chervon raises this request for the first time, in one sentence, at the end of its reply letter in support of its motion to strike. "[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *Samsung Elecs. Co. v. Netlist, Inc.*, No. 21-1453-RGA, 2022 WL 3027312, at *5 (D. Del. Aug. 1, 2022) (quoting *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076, n.6 (3d Cir. 1997)). Chervon's request also violates Delaware Local Rule 7.1.3(c)(2), which provides, in relevant part, that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." D. Del. LR 7.1.3(c)(2). "This provision exists, in part, to prevent litigants from engaging in impermissible 'sandbagging,' reserving crucial arguments for a reply brief to which an opponent cannot respond." *Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520-GMS, 2013 WL 3063461, at *1 (D. Del. June 19, 2013) (citing *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, No. 00-589-GMS, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002)). Arguments and evidence submitted in violation of this rule may be excluded. *See Bos. Sci. Scimed, Inc. v. Cordis Corp.*, 434 F. Supp. 2d 308, 314 (D. Del. June 15, 2006), *rev'd in part on other grounds*, 554 F.3d 982 (Fed. Cir. 2009). Chervon's request that the Court convert its motion to strike under Rule 12(f) to a Rule 12(c) motion violates Delaware Local Rule 7.1.3(c)(2). Thus, the Court will not consider Chervon's request to convert its Rule 12(f) motion to a Rule 12(c) motion.

## IV.    Conclusion

For the above reasons, Chervon's Motion to Strike Defendants' Inequitable

Conduct Affirmative Defense (D.I. 246) is DENIED.

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE