IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERVON (HK) LTD., CHERVON NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ONE WORLD TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES CO. LTD., HOMELITE CONSUMER PRODUCTS, INC., <br><br> Defendants. | Civil Action No. 19-1293-GBW |

## MEMORANDUM ORDER

Pending before the Court are Plaintiffs Chervon (HK) Ltd.'s and Chervon North America, Inc.'s (collectively, "Chervon") objections (D.I. 249; D.I. 287) to the Magistrate Judge's November 30, 2021 Oral Orders[1] and February 2, 2022 Oral Order compelling Chervon to produce certain documents listed in its privilege logs. The Court has reviewed all relevant briefings including but not limited to the November 30, 2021 Oral Orders, the February 2, 2022 Oral Order, Chervon's objections (D.I. 249; D.I. 287), and Defendants One World Technologies, Inc.'s, Techtronic Industries Co. Ltd.'s, and Homelite Consumer Products, Inc.'s (collectively, "Defendants") responses to Chervon's objections (D.I. 256; D.I. 292). For the following reasons, both of Chervon's objections are overruled and the Court will adopt the Magistrate Judge's November 30, 2021 Oral Orders and February 2, 2022 Oral Order.

---

[1] There were two Oral Orders that issued on November 30, 2021 related to the discovery dispute.

1

I.  **BACKGROUND**[2]

On November 22, 2021, Defendants moved to compel the production of 131 documents identified on Chervon's privilege logs that are being withheld under an improper claim of privilege. D.I. 239. On November 30, 2021, the Magistrate Judge held Chervon had not met its burden "to show that the challenged communications by and among patent managers, patent engineers, patent assistants, general counsel, and IP counsel are subject to the attorney-client privilege." D.I. 249, Ex. B (citing *Reckitt Benckiser Pharms., Inc. v. Dr. Reddys Labs. SA*, C.A. No. 14-1451-RGA, 2016 WL 11694169, at *1 (D. Del. Nov. 4, 2016)). The Magistrate Judge explained, "Plaintiffs have made only conclusory arguments that a blanket privilege applies to all documents in issue based on in-house counsel's oversight of Plaintiffs' patent agents, and that the attorney-client privilege should extend to internal communications of patent agents." D.I. 249, Ex. B. The Magistrate Judge granted Defendants' motion to compel Chervon to produce the 131 documents improperly listed on Chervon's privilege log. *See* D.I. 249, Ex. B

Chervon then filed a letter requesting the Court to issue a clarification Order "stating that the Oral Order does not apply to the work product entries identified on Chervon's privilege log." D.I. 242. The Magistrate Judge issued a second Oral Order stating "the Court's ruling extends to work product entries on the privilege log" because "Plaintiffs asserted only blanket privilege arguments and did not present any argument regarding work product protection in their November 23, 2021 letter submission." D.I. 249, Ex. C. On December 14, 2021, Chervon filed its objections to the November 30, 2021 Oral Orders (D.I. 249) and Defendants filed their response on December 28, 2021 (D.I. 256).

---

[2] The Court writes for the benefit of the parties and assumes their familiarity with this action.

2

On February 2, 2022, the Magistrate Judge held another discovery teleconference to resolve the parties' various discovery disputes. The Magistrate Judge issued an Oral Order granting Defendants' motion to compel Chervon to produce the invention records identified on Chervon's privilege log as to entry numbers 353-372. D.I. 287, Ex. 5. The Magistrate Judge found that Chervon had waived "any privilege at least as to CHERVON 0237687-693 by disclosing the invention records to One World on August 25, 2021 (D.I. 239, Ex. 13 at 2) and by submitting its December 7, 2021 letter to the Court requesting that one of those invention records be unsealed (D.I. 245)." D.I. 287, Ex. 5. The Magistrate Judge also found Chervon failed to assert the patent-agent privilege. D.I. 287, Ex. 5. Lastly, the Magistrate Judge adopted the rulings made in the November 30, 2021 Oral Orders (*see* D.I. 249, Exs. B & C), as applicable. D.I. 287, Ex. 6 at 69:12-18. On February 16, 2022, Chervon filed its objections to the February 2, 2022 Oral Order (D.I. 287) and Defendants filed their response on March 2, 2022 (D.I. 292).

## II. LEGAL STANDARD

The Court reviews objections to a magistrate judge's non-dispositive rulings under a "clearly erroneous or contrary to law" standard of review. *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Id.* (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (citations omitted)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, C.A. No. 16-56-SLR/SRF, 2016 WL 6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

## III. DISCUSSION

For the reasons discussed below, the Court finds the Magistrate Judge's two November 30, 2021 Oral Orders (D.I. 249, Exs. B & C) and February 2, 2022 Oral Order (D.I. 287, Ex. 5) are not clearly erroneous or contrary to law. Thus, the Court overrules Chervon's objections and adopts these Oral Orders.

### a. November 30, 2021 Oral Orders

With respect to the November 30, 2021 Oral Orders, the Court finds that they are not clearly erroneous or contrary to law.

First, Chervon argues that the Magistrate Judge's reliance on the Declaration of Bisheng Shi is contrary to the law and clearly erroneous because it is "irrelevant" and because Defendants failed to provide Federal Rule of Civil Procedure 44.1 notice. D.I. 249 at 6-7. Chervon, however, did not object to the Declaration of Bisheng Shi or raise a Rule 44.1 objection in any of its briefing to the Magistrate Judge. Thus, Chervon's objection is waived. *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) ("with limited (if any) exception, parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge.").

Second, Chervon argues that the November 30, 2021 Oral Orders are contrary to the law and clearly erroneous because they failed to extend privilege to communications between Chervon and a licensed Chinese lawyer—Emma Li—and/or subordinates of that lawyer. D.I. 249 at 8-9. According to *Reckett Benckiser*, which the Magistrate Judge cites to in the first November 30, 2021 Oral Order, the attorney-client privilege applies only if:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney

4

> was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

2016 WL 11694169, at *1 (D. Del. Nov. 4, 2016). The Magistrate Judge found Chervon did not meet its burden to shown that Ms. Li is a member of the bar of a Court. *See* D.I. 249, Ex. B (citing *Reckett Benckiser*, 2016 WL 11694169, at *1). Because the Magistrate Judge found the attorney-client privilege did not apply to communications with Ms. Li, it therefore cannot extend to communications with her subordinates. The Court does not find the Magistrate Judge's findings clearly erroneous or contrary to the law.

Third, Chervon argues that the Magistrate Judge "clearly erred by failing to rely on Chervon's privilege log and declaration to establish privilege." D.I. 249 at 7-8. The Court disagrees. The Magistrate Judge considered Chervon's privilege log and the Declaration of James J. Lukas, Jr. when making her ruling. *See, e.g.*, D.I. 249, Ex. B ("Plaintiffs have made only conclusory arguments that a blanket privilege applies to all documents in issue . . ."); *see also id.* ("Moreover, the Declaration of James J. Lukas, Jr. submitted by Plaintiffs does not counter the Shi Declaration's representations regarding the qualifications of a 'lawyer' in China as they apply to Plaintiffs' in-house counsel.").

Fourth, Chervon argues that the November 30, 2021 Oral Order "is contrary to the law and clearly erroneous because it ignored Federal Circuit law that extends the privilege to communications between Chervon and registered foreign patent agents." D.I. 249 at 4. The Federal Circuit in *In re Queen's University at Kingston* created a patent-agent privilege, which is independent from the attorney-client privilege, to protect communications between agents and their clients regarding the preparation and prosecution of patent applications or other proceedings

5

at the United States Patent and Trademark Office. 820 F.3d 1287, 1295, 1301 (Fed. Cir. 2016). The Magistrate Judge properly applied Federal Circuit law and concluded Chervon's patent-agent privilege argument was unsupported. *See* D.I. 249, Ex. B ("Plaintiffs have made only conclusory arguments that a blanket privilege applies to all documents in issue based on in-house counsel's *oversight of Plaintiffs' patent agents*, and that the attorney-client privilege should extend to internal communications of *patent agents*.") (emphasis added). In fact, in Chervon's privilege logs, it merely states that the challenged documents are protected under the attorney-client privilege, not the patent-agent privilege.

Fifth, Chervon argues that the Magistrate Judge's second Oral Order on November 30, 2021 is contrary to the law, clearly erroneous, and exceeds the scope of the party's discovery dispute. D.I. 249 at 9-10. The Court disagrees. In Defendants' motion to compel brief to the Magistrate Judge, they argued "Chinese law does not recognize the attorney-client privilege or the attorney work product" over the challenged documents. D.I. 239 at 2-3. Chervon, however, made no arguments to support its attorney work product claims. *See* D.I. 240. In response to Chervon's letter regarding clarification of the first November 30, 2021 Oral Order, the Magistrate Judge stated that Chervon "asserted only blanket privilege arguments and did not present any argument regarding work product protection in their November 23, 2021 letter submission." D.I. 249, Ex. C. As correctly noted by the Magistrate Judge, the "party claiming work product bears the burden of demonstrating that the documents were prepared by or for counsel in preparation for trial or in anticipation of litigation." *Id.* (citing *Novartis Pharm. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001) (citing Fed. R. Civ. P. 26(b)(3))). Thus, the Court concludes the Magistrate Judge's second Oral Order on November 2021 is not contrary to the law, clearly erroneous, or exceeds the scope of the party's discovery dispute.

### b. February 2, 2022 Oral Order

For similar reasons discussed above, the Court finds that the February 2, 2022 Oral Order is not clearly erroneous or contrary to law.

Chervon objects to the February 2, 2022 Oral Order because it:

- ignored that the Federal Circuit applies privilege to invention records;
- misapplied and ignored Federal law and regulations that apply the attorney-client privilege to foreign patent agents;
- ignored that Chervon identified numerous registered Chinese patent agents and established its privilege claims in its privilege log and supporting declaration;
- elevated form over substance by ignoring Chervon's privilege argument over its invention records because Chervon did not use the exact words "patent agent privilege;" and
- held that Chervon's inadvertent production and unsealing waived Chervon's privilege with respect to one invention record in violation of the Protective Order, the FED. R. EVID., and the FED. R. CIV. P., that expressly protect against inadvertent disclosures.

D.I. 287 at 1. The Court disagrees with all of Chervon's objections. First, the Magistrate Judge correctly applied the patent-agent privilege and correctly found that Chervon failed to assert that privilege. The Magistrate Judge stated in the February 2, 2022 Oral Order that "the Federal Circuit recognized 'an independent patent-agent privilege' when confronted with a request to either 'expand the scope of the attorney-client privilege []or recognize an independent patent-agent privilege to protect such communications from discovery.'" D.I. 287, Ex. 5 (citing *In re Queen's Univ. at Kingston*, 820 F.3d at 1295). The Magistrate Judge's summary of *In re Queen's University at Kingston* is correct. In *In re Queen's Univresity at Kingston*, the Federal Circuit stated: "we find that the unique roles of patent agents, the congressional recognition of their authority to act, the Supreme Court's characterization of their activities as the practice of law, and the current realities of patent litigation counsel in favor of recognizing an *independent patent-agent privilege*." *Id.* (emphasis added). The Magistrate Judge also properly applied the holding from *In*

*re Queen's University at Kingston* to conclude that Chervon failed to meet its burden to prove the invention records were protected by the patent-agent privilege for nearly identical reasons outlined in the November 30, 2021 Oral Orders. *See* D.I. 287, Ex. 6 at 66:21-67:25. The Magistrate Judge correctly found that Chervon never invoked the separate patent-agent privilege in its privilege log. D.I. 287, Ex. 6 at 66:21-67:25. For similar reasons discussed above with respect to the November 30, 2021 Oral Orders, the Court cannot find a clear error of law or fact in the Magistrate Judge's application of the patent-agent privilege.

The Court also finds no clear error of law or fact with respect to the Magistrate Judge's ruling that Chervon waived privilege. On August 25, 2021, Chervon produced a document with Bates numbers CHREVON0237687-693 (the "Waived Document") to Defendants. Three months after producing the Waived Document and after Defendants attached it as an Exhibit to a discovery dispute letter (D.I. 239, Ex. 13), Chervon filed a letter to the Court seeking to claw back the Waived Document. D.I. 292 at 4; *see also* D.I. 287, Ex. 6 at 66:1-5. Two weeks later and after the Waived Document was clawed back, Chervon filed a letter notifying the Court that it could unseal the exhibit which contained the clawed back Waived Document. D.I. 245; *see also* D.I. 287, Ex. 6 at 66:6-10. The Waived document was available to the public for six weeks until Defendants brought it to Chervon's attention. D.I. 262. In light of these facts, the Magistrate Judge found Chervon's actions waived its privilege and Chervon did not "inadvertently" disclose the Waived Documents. D.I. 287 at 9-10; *see also* D.I. 287, Ex. 5.[3]

---

[3] Chervon's remaining arguments not explicitly addressed in this Memorandum Order have failed to establish that the Magistrate Judge's November 30, 2021 Oral Orders and February 2, 2022 Oral Order are clearly erroneous or contrary to law. *See* D.I. 249; D.I. 287.

8

## IV. CONCLUSION

For the reasons stated above, Chervon's objections (D.I. 249; D.I. 287) are OVERRULED. Chervon has failed to identify any clear error of law or fact, as would be required for the Court to overturn the November 30, 2021 Oral Orders or the February 2, 2022 Oral Order. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Therefore, at Wilmington this 13th day of January 2023, **IT IS HEREBY ORDERED** that Chervon's objections (D.I. 249; D.I. 287) are OVERRULED and the November 30, 2021 Oral Orders and the February 2, 2022 Oral Order are ADOPTED. **IT IS ALSO HEREBY ORDERED** that Chervon shall comply with the November 30, 2021 Oral Orders and the February 2, 2022 Oral Order and the instant Memorandum Order and produce the disputed documents to Defendants on or before February 3, 2023.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE