IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERVON (HK) LTD., CHERVON NORTH AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES CO. LTD., HOMELITE CONSUMER PRODUCTS, INC.,<br><br>Defendants. | Civil Action No. 19-1293-GBW |

## MEMORANDUM ORDER

Plaintiffs Chervon (HK) Ltd. and Chervon North America, Inc. (collectively, "Chervon") move to strike new invalidity theories that were not disclosed and charted in Defendants One World Technologies, Inc.'s, Techtronic Industries Co. Ltd.'s, and Homelite Consumer Products, Inc.'s (collectively, "Defendants") Final Invalidity Contentions (the "Motion to Strike"). *See* D.I. 276. Chervon also moves for an Order "(i) requiring Defendants to show cause why Defendants have not violated the Court's Scheduling Order by serving their [Amended Final Invalidity Contentions] without moving for leave to amend their [Final Invalidity Contentions] and/or to extend the Court's deadline; and (ii) striking Defendants' untimely served [Amended Final Invalidity Contentions] for lack of good cause and diligence" (the "Second Motion to Strike"). *See* D.I. 316 at 1. The Court has reviewed the parties' briefing, D.I. 276, 277, 283, 285, 318, 315, 316, 319, 320, and no hearing is necessary.

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information

1

... to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Defendants' invalidity contentions are disclosures subject to Rule 26(a).[1] This Court has applied the so-called *Pennypack* factors to "determine whether a failure to make timely disclosure of information required to be disclosed by court order or rule should lead to sanctions or should be regarded as harmless." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4794576, at *9 n.4 (D. Del. Aug. 18, 2020); *see id.* (declining to apply the *Pennypack* factors because the disclosure of "final invalidity contentions was not untimely"). The *Pennypack* factors are as follows:

> (1) the prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence.

*LabMD Inc. v. Boback*, 47 F.4th 164, 189 (3d Cir. 2022).

On December 17, 2020, Defendants served their Final Invalidity Contentions in accordance with the Court's Scheduling Order. *See* D.I. 277, Ex. 1. On October 26, 2021, the parties filed a joint stipulation for the reduction of Chervon's asserted patent claims and Defendants' asserted prior art. D.I. 234. The joint stipulation states in relevant part:

> Defendants will reduce the number of invalidity grounds to no more than three grounds per asserted claim no later than January 18, 2022, where each "ground" for purposes of this joint stipulation is either a single prior art reference (anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103) or a specific combination of prior art references (obviousness under 35 U.S.C. § 103)[.]

---

[1] *See Intell. Ventures I LLC v. AT&T Mobility LLC*, 2017 WL 658469, at *1 (D. Del. Feb. 14, 2017) (applying Rule 26(a) to initial infringement contentions); D.I. 37 ¶ 1 (incorporating "the Court's Default Standard for Discovery"); *Default Standard for Discovery, Including Discovery of Electronically Stored Information*, U.S. Dist. Ct. for Dist. of Del., at 4–5 (Accessed Oct. 11, 2022), https://www.ded.uscourts.gov/sites/ded/files/pages/Electronic%20Discovery%20Default%20Standard_0.pdf (requiring initial invalidity and infringement contentions).

*Id.* at 2. On January 21, 2022, Defendants emailed Chervon their Narrowed Invalidity Contentions, which identified three combinations of prior art references for each of the asserted patents or claim sets. D.I. 275, Ex. 7.

Chervon argues that Defendants' Narrowed Invalidity Contentions asserts 22 new invalidity grounds not disclosed or charted in Defendants' Final Invalidity Contentions. *See* D.I. 277 at 2-3 (table charting 22 purportedly undisclosed and uncharted invalidity theories). Defendants respond that they (1) "properly disclosed each of their invalidity grounds in their final invalidity contentions," and (2) "none of the six *Pennypack* factors favor striking" any of the invalidity grounds disclosed in the Narrowed Invalidity Contentions. D.I. 283 at 1.

For ease of analyzing the purportedly 22 new invalidity grounds, the Court groups these invalidity grounds into two categories: (1) prior art combinations that were explicitly charted, and (2) prior art combinations that were not explicitly charted but mentioned in Defendants' Invalidity Contentions. With respect to the first category, the Court finds that Defendants have explicitly charted 11 of the prior art combinations Chervon seeks to strike. Thus, Chervon's Motion to Strike as to those prior art combinations is denied.[2] The Court summarizes those 11 prior art combinations below with citations to Defendants' Final Invalidity Contentions where those prior art combinations were charted.

| Asserted Patent | Prior Art Combination | Final Invalidity Contentions Citation |
|---|---|---|
| U.S. Patent No. 9,596,806 | French Patent No. 2,768,300 ("Outils") in view of WO 2013/122266 ("Nakano") and | D.I. 277, Ex. 4 |

---

[2] *See also EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 93 (D. Del. 2016) ("Courts in the Third Circuit favor resolution of disputes on their merits, particularly with respect to patent validity issues, which raise public interest concerns extending beyond the immediate dispute between the parties.").

3

|  | US Patent No. 5,209,051 ("Langdon") |  |
|---|---|---|
|  | Ryobi Cordless Mulching Mower Model BMM2400 ("Ryobi BMM2400") in view Outils, in further view of Nakano and Langdon | D.I. 277, Ex. 5 |
| U.S. Patent No. 9,826,686 | Outils in view of US Patent 4,753,062 ("Roelle"), US Patent 8,098,036 ("Matsunaga"), Langdon and Nakano | D.I. 277, Ex. 8 |
| U.S. Patent No. 9,986,686 | Ryobi BMM2400 in view of Nakano, Outils, and Matsunaga | D.I. 277, Ex. 9 |
|  | Langdon in view of Nakano, Outils, and Matsunaga | D.I. 277, Ex. 10 |
| U.S. Patent No. 10,070,588 | Gardena 34 A easyMove Accu-Flexible Steerable Lawnmower ("Gardena 34A") in view of Nakano or Outils and Matsunaga | D.I. 277, Ex. 11 |
| U.S. Patent No. 10,477,772 | Great Britain Patent No. 2,386,813 ("Reichart") in view of Nakano and Matsunaga and 16 C.F.R. § 1205 (2012) | D.I. 277, Ex. 14 |
| U.S. Patent No. 10,485,176 | Reichart in view of Nakano, Outils, Roelle, U.S. Patent No. 3,823,291 ("Milcoy"), Matsunaga and/or 16 C.F.R. § 1205 (2012) | D.I. 277, Ex. 15 |
|  | Nakano in view of U.S. Patent No. 2,867,960 ("Stiles") and Milcoy | D.I. 277, Ex. 16 |
|  | Stiles in view of U.S. Patent No. 4,899,446 ("Akiba") and Outils | D.I. 277, Ex. 17 |
|  | Langdon in view of Nakano, Outils, Roelle, Milcoy, Matsunaga and/or 16 C.F.R. § 1205 (2012) | D.I. 277, Ex. 18 |

4

As to the second category, Defendants admit that they "simply combined [the prior art references] in different ways for some of the patents, which are related to one another and recite similar claims." D.I. 283 at 5. In essence, Defendants "mix[ed] and match[ed] references to create completely new combinations." D.I. 285 at 2. The Court finds the prior art combinations in this category were not disclosed in Defendants' Final Invalidity Contentions.

The Court next turns to the *Pennyback* factors to determine whether to strike Defendants' new invalidity grounds. The Court finds the *Pennyback* factors weigh in Chervon's favor. Defendants "mix and match" approach to prior art combinations is prejudicial to Chervon, and thus Chervon was not on notice which prior art combinations Defendants plan to assert. The Court also agrees with Chervon that "Defendants are improperly using" the pending *inter partes* review decisions "as a roadmap to attempt to fill in the gaps in their invalidity case." D.I. 277 at 2. Lastly, Defendants have 29 other invalidity grounds available to them and at least one invalidity ground for each asserted patent. *See* D.I. 275, Ex. 7.

Finally, the Court will address Chervon's Second Motion to Strike. D.I. 315. According to the Court's Scheduling Order, Defendants must serve their Final Invalidity Contentions to Chervon by December 17, 2020, which they did so. D.I. 37 ¶ 7(f). On July 27, 2022, Defendants served their Amended Final Invalidity Contentions. D.I. 316 at 1; D.I. 319 at 1. Defendants did not request leave from the Court to amend their Final Invalidity Contentions or extend the Court's deadline for final invalidity contentions. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *See also Lipocine*, 2020 WL 4794576, at *3. Thus, Defendants were required to seek leave of the Court before

serving their Amended Final Invalidity Contentions.³ Because Defendants failed to seek leave of the Court, their Amended Final Invalidity Contentions are stricken.

WHEREFORE, at Wilmington this 6th day of March, 2023, **IT IS HEREBY ORDERED** that Chervon's Motion to Strike (D.I. 276) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The following prior art combinations are **STRIKEN**:

1. Akiba with Nakano (U.S. Patent No. 9,060,463, claim 1);

---

³ Defendants argue that Chervon's "failure to address the *Pennyback* factors alone warrants denial of their motion." D.I. 319 at 4. This is incorrect. Magistrate Judge Burke recently opined on this issue:

> [B]ecause the good cause standard is applicable here, Plaintiff cannot turn to the Pennypack factors to try to save its belatedly-filed contentions. See Lipocine Inc., 2020 WL 4794576, at * 9 n.4 (noting that because an issue of untimeliness before the court related to a motion to file an amended answer after a related scheduling order deadline had passed, the Pennypack factors did not apply and the good cause standard controlled instead); Finjan, Inc. v. Rapid7, Inc., C.A. No. 18-1519-MN, 2020 WL 5798545, at *5-6 (D. Del. Sept. 29, 2020) (recognizing that if a motion is one that relates to a scheduling order violation, then the good cause standard would apply, and resort to the Pennypack factors would not be proper); see also Faiella v. Sunbelt Rentals, Inc., --- F. Supp. 3d ---, 2022 WL 827146, at *3 (D.N.J. Mar. 18, 2022) (same); Otsuka Pharm. Co. v. Aurobindo Pharma Ltd., Civil Action No. 14-3306 (JBS/KMW), 2017 WL 11463663, at *4 (D.N.J. Sept. 15, 2017) (same). This result might seem harsh in light of the facts here, since Plaintiff submitted the belated contentions at issue only about a month after the filing deadline called for by the Scheduling Order. But more broadly, the United States Court of Appeals for the Third Circuit has explained why it makes sense that the good cause standard (and its threshold requirement of a showing of diligence) should control, even in such circumstances: if courts allowed scheduling orders to be "disregarded without a specific showing of good cause, their utility would be severely impaired." Compagnie des Grands Hotels dAfrique S.A. v. Starwood Cap. Grp. Global I LLC, Civil Action No. 18-654-RGA, 2019 WL 4740083, at *1 (D. Del. Sept. 27, 2019) (quoting Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)); see also Faiella, 2022 WL 827146, at *3 ("[I]f a court only considers the Pennypack factors when a party obtains discovery in contravention of a scheduling order [instead of utilizing the good cause standard], a party may strategically not seek an extension of time in order to evade the scheduling order and evade the good cause standard").

*Vaxel Int'l Co., Ltd. v. HealthCo LLC*, C.A. No. 20-224, D.I. 226 (D. Del. June 28, 2022).

2. Gardena 34A with Nakano, Outils, and Matsunaga (U.S. Patent No. 9,596,806, claims 1, 3, 6, and 8);

3. Outils with Matsunaga, Langdon, and Nakano (U.S. Patent No. 9,596,806, claims 3 and 8);

4. Langdon with Idota and Wu (U.S. Patent No. 9,648,805, claim 1);

5. Gardena 34A with Nakano, Outils, Matsunaga, and CN'817 (U.S. Patent No. 9,826,686, claims 1, 8, 11, and 18);

6. Ryobi BMM2400 with Outils, Matsunaga, Nakano, and CN'817 (U.S. Patent No. 9,826,686, claims 1, 8, 11, and 18);

7. Gardena 34A with Nakano, Outils, and Matsunaga (U.S. Patent No. 9,986,686, claims 1, 8, 11, and 18);

8. CN'363 with Outils (U.S. Patent No. 10,070,588, claims 1, 6, 10, 11, 12, 15, and 16);

9. Kober with Outils and Nakano (U.S. Patent No. 10,070,588, claims 1, 6, 10, 11, 12, 15, and 16);

10. Reichart with Nakano, Outils, Roelle, Milcoy, Matsunaga, CN'817, and 16 C.F.R. § 1205 (2012) (U.S. Patent No. 10,485,176, claims 1, 12, 13, 15, 19, and 25); and

11. Reichart with Nakano, Outils, Matsunaga, and 16 C.F.R. § 1205 (2012) (U.S. Patent No. 10,524,420, claims 1, 9, 10, 14, and 15).

**IT IS ALSO HEREBY ORDERED** that Defendants' Amended Final Invalidity Contentions are **STRICKEN**. *See* D.I. 315.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE